**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

———————————————

**Appeal No.  24-12038-HH**

———————————————

**UNITED STATES,**

**Appellee**

**v.**

**GREGORY ALLEN WILLIAMSON,**

**Appellant**

————————————————————————————————————

**A DIRECT APPEAL OF A CRIMINAL CASE**
**FROM THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**DISTRICT COURT CASE NO.  8:21-cr-00355-WFJ-CPT**

————————————————————————————————————

**APPENDIX OF APPELLANT – VOLUME I**

————————————————————————————————————

BJORN E. BRUNVAND, ESQ.
Brunvand & Wise Law Group
615 Turner Street
Clearwater, Florida 33756
Florida Bar # 0831077
Telephone: 727-446-7505
Facsimile: 727-446-8147
E-Mail: bjorn@acquitter.com
CJA Counsel for Appellant

## Appeal No.  24-12038-H

### *United States v. Williamson*

| **Document** | **Docket Number** |
|---|---|
| District Court Docket | DKT |
| Indictment | 1 |
| Motion to Suppress | 44 |
| Response to Motion to Suppress | 48 |
| Transcript of Evidentiary Hearing held on October 11, 2022 | 99 |
| Report and Recommendation as to Motion to Suppress | 114 |
| Second Motion to Suppress | 134 |
| Response to Second Motion to Suppress | 138 |
| Report and Recommendation as to Second Motion to Suppress | 173 |
| Judgment | 273 |
| Notice of Appeal | 276 |
| Certificate of Service | CERT |

# DKT

**U.S. District Court**
**Middle District of Florida (Tampa)**
**CRIMINAL DOCKET FOR CASE #: 8:21-cr-00355-WFJ-CPT-1**

---

Case title: USA v. Williamson

Date Filed: 11/03/2021

Date Terminated: 06/20/2024

---

Assigned to: Judge William F. Jung
Referred to: Magistrate Judge Christopher P. Tuite

Appeals court case number: 24-12038-D Eleventh Circuit

### Defendant (1)

| | |
|---|---|
| **Gregory Allen Williamson**<br>*TERMINATED: 06/20/2024*<br>*also known as*<br>Vlad Vlad<br>*TERMINATED: 06/20/2024* | represented by **Gregory Allen Williamson**<br>75211-509<br>Pekin<br>Federal Correctional Institution<br>P.O. Box 5000<br>Pekin, IL 61555<br>PRO SE<br><br>**Bjorn Erik Brunvand**<br>Brunvand & Wise Law Group<br>615 Turner Street<br>Clearwater, FL 33756<br>727-446-7505<br>Fax: 727-446-8147<br>Email: bjorn@acquitter.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br><br>**Gus M. Centrone**<br>Gus M. Centrone, P.A.<br>PO Box 340925<br>Tampa, FL 33694<br>540-460-1051<br>Email: gus@guscentrone.com<br>*TERMINATED: 09/07/2023*<br>*Designation: CJA Appointment*<br><br>**Percy King**<br>Federal Public Defender<br>400 N. Tampa St., Suite 2700<br>Tampa, FL 33602<br>Email: Percy_King@fd.org<br>*TERMINATED: 01/31/2022*<br>*Designation: Public Defender or Community Defender Appointment*<br><br>**Raudel Vitier**<br>Federal Public Defender's Office<br>400 N Tampa St Ste 2700<br>Tampa, FL 33602-4726<br>813/228-2715<br>Email: del_vitier@fd.org<br>*TERMINATED: 11/30/2021*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment* |

**Pending Counts**                                                    **Disposition**

COERCION OR ENTICEMENT OF MINOR
(1)

Imprisonment: LIFE. This term consists of a Life term as to Count One, a 360-month term as to Counts Two, Three, and Four, a 240-month term as to Counts, Five, Six, and Seven and a 120-month term as to Count Eight, all such terms to run concurrently; Supervised Release: LIFE. This term consists of a Life term as to Counts One through Eight, all such terms to run concurrently; Special Assessment: $800.00; Restitution: TBD.

SEXUAL EXPLOITATION OF CHILDREN
(2)

Imprisonment: LIFE. This term consists of a Life term as to Count One, a 360-month term as to Counts Two, Three, and Four, a 240-month term as to Counts, Five, Six, and Seven and a 120-month term as to Count Eight, all such terms to run concurrently; Supervised Release: LIFE. This term consists of a Life term as to Counts One through Eight, all such terms to run concurrently; Special Assessment: $800.00; Restitution: TBD.

SEXUAL EXPLOITATION OF CHILDREN
(3)

Imprisonment: LIFE. This term consists of a Life term as to Count One, a 360-month term as to Counts Two, Three, and Four, a 240-month term as to Counts, Five, Six, and Seven and a 120-month term as to Count Eight, all such terms to run concurrently; Supervised Release: LIFE. This term consists of a Life term as to Counts One through Eight, all such terms to run concurrently; Special Assessment: $800.00; Restitution: TBD.

SEXUAL EXPLOITATION OF CHILDREN
(4)

Imprisonment: LIFE. This term consists of a Life term as to Count One, a 360-month term as to Counts Two, Three, and Four, a 240-month term as to Counts, Five, Six, and Seven and a 120-month term as to Count Eight, all such terms to run concurrently; Supervised Release: LIFE. This term consists of a Life term as to Counts One through Eight, all such terms to run concurrently; Special Assessment: $800.00; Restitution: TBD.

SEXUAL EXPLOITATION OF MINORS
(5)

Imprisonment: LIFE. This term consists of a Life term as to Count One, a 360-month term as to Counts Two, Three, and Four, a 240-month term as to Counts, Five, Six, and Seven and a 120-month term as to Count Eight, all such terms to run concurrently; Supervised Release: LIFE. This term consists of a Life term as to Counts One through Eight, all such terms to run concurrently; Special Assessment: $800.00; Restitution: TBD.

SEXUAL EXPLOITATION OF MINORS
(6)

Imprisonment: LIFE. This term consists of a Life term as to Count One, a 360-month term as to Counts Two, Three, and Four, a 240-month term as to Counts, Five, Six, and Seven and a 120-month term as to Count Eight, all such terms to run concurrently; Supervised Release: LIFE. This term consists of a Life term as to Counts One through Eight, all such terms to run concurrently; Special Assessment: $800.00; Restitution: TBD.

SEXUAL EXPLOITATION OF MINORS
(7)

Imprisonment: LIFE. This term consists of a Life term as to Count One, a 360-month term as to Counts Two, Three, and Four, a 240-month term as to Counts, Five, Six, and Seven and a 120-month term as to Count Eight, all such terms to run concurrently; Supervised Release: LIFE. This term consists of a Life term as to Counts One through Eight, all such terms to run concurrently; Special Assessment: $800.00; Restitution: TBD.

SEXUAL EXPLOITATION OF MINORS
(8)

Imprisonment: LIFE. This term consists of a Life term as to Count One, a 360-month term as to Counts Two, Three, and Four, a 240-month term as to Counts, Five, Six, and Seven and a 120-month term as to Count Eight, all such terms to run concurrently; Supervised Release: LIFE. This term consists of a Life term as to Counts One through Eight, all such terms to run concurrently; Special Assessment: $800.00; Restitution: TBD.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

USA                                    represented by   **Erin Claire Favorit**
DOJ-USAO
400 N. Tampa Ave.
Suite 3200
Tampa, FL 33602
813-274-6259
Email: erin.favorit@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Abigail King**
DOJ-USAO
Tampa Division
400 North Tampa Street
Ste 3200
Tampa, FL 33602
813-274-6000
Email: abigail.king@usdoj.gov
*TERMINATED: 02/28/2024*
*Designation: Retained*

**Francis D. Murray**
US Attorney's Office - FLM
Suite 3200
400 N Tampa St
Tampa, FL 33602-4798
813-274-6000
Fax: 813-274-6102
Email: francis.murray2@usdoj.gov
*TERMINATED: 01/24/2022*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Lindsey Nicole Schmidt**
DOJ-USAO
Tampa Division
400 North Tampa Street
Suite 3200
Tampa, FL 33602
813-274-6067
Email: lindsey.schmidt@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Suzanne C. Nebesky**
US Attorney's Office - FLM
Suite 3200
400 N Tampa St
Tampa, FL 33602-4798

| Date Filed | # | Docket Text |
|---|---|---|
| 11/03/2021 | 1 | INDICTMENT returned in open court as to Gregory Allen Williamson (1) count(s) 1, 2-4, 5-8. (MCB) (Additional attachment(s) added on 11/4/2021: # 1 Restricted Unredacted Indictment) (MCB). (Entered: 11/04/2021) |
| 11/04/2021 | 4 | **ORDER as to Gregory Allen Williamson: Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny and orders the United States to do so. Failing to do so in a timely manner may result in consequences, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, and sanctions. Signed by Judge Timothy J. Corrigan on 12/1/2020. (MCB)** (Entered: 11/04/2021) |
| 11/08/2021 | 5 | NOTICE OF ATTORNEY APPEARANCE Suzanne C. Nebesky appearing for USA. (Nebesky, Suzanne) (Entered: 11/08/2021) |
| 11/17/2021 | | Arrest of Gregory Allen Williamson on 11/17/2021. (KR) (Entered: 11/19/2021) |
| 11/19/2021 | 6 | ***CJA 23 Financial Affidavit by Gregory Allen Williamson. (KR) (Entered: 11/19/2021) |
| 11/19/2021 | 7 | ORAL MOTION to Appoint Counsel by Gregory Allen Williamson. (KR) (Entered: 11/19/2021) |
| 11/19/2021 | 8 | ORAL MOTION for Discovery by Gregory Allen Williamson. (KR) (Entered: 11/19/2021) |
| 11/19/2021 | 9 | ORAL MOTION for Detention by USA as to Gregory Allen Williamson. (KR) (Entered: 11/19/2021) |
| 11/19/2021 | 10 | ORAL MOTION for Reciprocal Discovery by USA as to Gregory Allen Williamson. (KR) (Entered: 11/19/2021) |
| 11/19/2021 | 11 | **ORAL ORDER as to Gregory Allen Williamson: Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny and orders the United States to do so. Failing to do so in a timely manner may result in consequences, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, and sanctions. Signed by Magistrate Judge Elizabeth A. Jenkins on 11/19/2021. (KR)** (Entered: 11/19/2021) |
| 11/19/2021 | 12 | Minute Entry for In Person proceedings held before Magistrate Judge Elizabeth A. Jenkins: granting 7 Motion to Appoint Counsel as to Gregory Allen Williamson (1); granting 8 Motion for Discovery as to Gregory Allen Williamson (1); granting 9 Motion for Detention as to Gregory Allen Williamson (1); granting 10 Motion for Discovery as to Gregory Allen Williamson (1); Initial Appearance as to Gregory Allen Williamson held on 11/19/2021; ARRAIGNMENT as to Gregory Allen Williamson (1) Count 1, 2-4, 5-8 held on 11/19/2021 Defendant(s) pled not guilty; Detention Hearing as to Gregory Allen Williamson held on 11/19/2021. (DIGITAL) (Interpreter/Language: n/a) (KR) (Entered: 11/19/2021) |
| 11/19/2021 | 13 | Arrest Warrant Returned Executed on 11/17/2021 as to Gregory Allen Williamson. (MCB) (Entered: 11/19/2021) |
| 11/19/2021 | 15 | **ORDER OF DETENTION PENDING TRIAL as to Gregory Allen Williamson. Signed by Magistrate Judge Elizabeth A. Jenkins on 11/19/2021. (KR)** (Entered: 11/19/2021) |
| 11/22/2021 | 16 | PRETRIAL discovery order and notice as to Gregory Allen Williamson. Jury Trial set for the JANUARY 2022 trial term commencing on 1/3/2022 before Judge William F. Jung. Status Conference set for 12/9/2021 at 11:00 AM via telephone before Judge William F. Jung. Signed by Magistrate Judge Christopher P. Tuite on 11/22/2021. (AMS) (Entered: 11/22/2021) |
| 11/23/2021 | 17 | MOTION to Substitute Attorney by Gregory Allen Williamson. (King, Percy) Modified text on 11/24/2021 (LNR). (Entered: 11/23/2021) |
| 11/30/2021 | 18 | **ENDORSED ORDER granting 17 MOTION to Substitute Attorney as to Gregory Allen Williamson (1). Signed by Judge William F. Jung on 11/30/2021. (CAH)** (Entered: 11/30/2021) |
| 12/07/2021 | 19 | Unopposed MOTION to Continue trial by Gregory Allen Williamson. (King, Percy) (Entered: 12/07/2021) |
| 12/07/2021 | 20 | **ENDORSED ORDER granting 19 Motion to Continue as to Gregory Allen Williamson (1). Pursuant to 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial; this time is, therefore, deemed EXCLUDABLE until trial. Jury Trial set for the FEBRUARY 2022 Trial Term commencing 2/7/2022 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Status Conference set for 1/13/2022 at 11:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Signed by Judge William F. Jung on 12/7/2021. (CAH)** (Entered: 12/07/2021) |
| 12/14/2021 | 21 | Unopposed MOTION to Extend Time to Motion filing deadline by Gregory Allen Williamson. (King, Percy) (Entered: 12/14/2021) |
| 12/17/2021 | 22 | **ENDORSED ORDER granting 21 Motion to Extend Time as to Gregory Allen Williamson (1). Date now 1/17/2022. Signed by Judge William F. Jung on 12/17/2021. (Jung, William)** (Entered: 12/17/2021) |

| 01/11/2022 | [23](#) | Second MOTION to Extend Time to Motion filing deadline *(Unopposed)* by Gregory Allen Williamson. (King, Percy) (Entered: 01/11/2022) |
| 01/12/2022 | 24 | NOTICE re: TELEPHONIC STATUS CONFERENCE SCHEDULED FOR 1/13/2022 as to Gregory Allen Williamson : Counsel are directed to call the reserved conference toll-free number at 1-888-557-8511. Enter the access code: 4744914 followed by the # (pound) key. You will be prompted to enter the security code: 0113 followed by the # (pound) key. Please call in at least 10 minutes before the scheduled hearing. (CAH) (Entered: 01/12/2022) |
| 01/13/2022 | [25](#) | Minute Entry for Telephonic proceedings held before Judge William F. Jung: STATUS Conference as to Gregory Allen Williamson held on 1/13/2022. Court Reporter: Melissa Pierson (CAH) (CAH). (Entered: 01/14/2022) |
| 01/13/2022 | 26 | ORAL MOTION to Continue trial by Gregory Allen Williamson. (CAH) (Entered: 01/14/2022) |
| 01/13/2022 | 27 | **ENDORSED ORDER granting 26 Motion to Continue as to Gregory Allen Williamson (1). Pursuant to 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by such continuance outweigh the best interest of the public and the defendant in a speedy trial; this time is, therefore, deemed EXCLUDABLE until trial. Jury Trial set for the MARCH 2022 Trial Term commencing on 3/7/2022 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Status Conference set for 2/10/2022 at 08:30 AM in Tampa Courtroom 15 B before Judge William F. Jung. Signed by Judge William F. Jung on 1/13/2022. (CAH)** (Entered: 01/14/2022) |
| 01/13/2022 | 29 | FILED IN ERROR (CAH). (Entered: 01/14/2022) |
| 01/14/2022 | 28 | **ENDORSED ORDER granting [23](#) Motion to Extend Time as to Gregory Allen Williamson (1). Date now 2/20/2022. Signed by Judge William F. Jung on 1/14/2022. (CAH)** (Entered: 01/14/2022) |
| 01/14/2022 | | Set/Reset Deadlines/Hearings as to Gregory Allen Williamson: Status Conference set for 2/10/2022 at 08:30 AM in Tampa Courtroom 15 B before Judge William F. Jung (CAH) (Entered: 01/14/2022) |
| 01/19/2022 | [30](#) | First MOTION to Withdraw as Attorney *Unopposed* by Percy King. by Gregory Allen Williamson. (King, Percy) Motions referred to Magistrate Judge Christopher P. Tuite. (Entered: 01/19/2022) |
| 01/24/2022 | 31 | NOTICE OF HEARING ON MOTION in case as to Gregory Allen Williamson: [30](#) First MOTION to Withdraw as Attorney *Unopposed* by Percy King.. Motion Hearing set for 1/26/2022 at 03:30 PM in Tampa Courtroom 12 B before Magistrate Judge Christopher P. Tuite. (AMS) (Entered: 01/24/2022) |
| 01/24/2022 | [32](#) | Notice of substitution of AUSA. Erin Claire Favorit substituting for Francis D. Murray. (Favorit, Erin) (Entered: 01/24/2022) |
| 01/26/2022 | [33](#) | Minute Entry for In Person proceedings held before Magistrate Judge Christopher P. Tuite: MOTION hearing as to Gregory Allen Williamson held on 1/26/2022 re [30](#) First MOTION to Withdraw as Attorney *Unopposed* by Percy King. filed by Gregory Allen Williamson. (Digital) (AMS) (Entered: 01/27/2022) |
| 01/31/2022 | 34 | **ENDORSED ORDER Attorney Percy King's [30](#) Unopposed Motion to Withdraw as Counsel. The Clerk of Court is directed to terminate Mr. King as counsel of record for Defendant Gregory Allen Williamson. CJA counsel will be appointed by separate notice. Signed by Magistrate Judge Christopher P. Tuite on 1/31/2022. (AMS)** (Entered: 01/31/2022) |
| 01/31/2022 | 35 | **ENDORSED ORDER of Appointment of CJA Counsel as to Gregory Allen Williamson: Appointment of Attorney Gus M. Centrone for Gregory Allen Williamson. Signed by Magistrate Judge Christopher P. Tuite on 1/31/2022. (AMS)** (Entered: 01/31/2022) |
| 01/31/2022 | 36 | NOTICE re TELEPHONIC STATUS CONFERENCE SCHEDULED FOR 2/10/2022 as to Gregory Allen Williamson: Counsel are directed to call the reserved conference toll-free number at 1-888-557-8511. Enter the access code: 4744914 followed by the # (pound) key. You will be prompted to enter the security code: 0210 followed by the # (pound) key. Please call in at least 10 minutes before the scheduled hearing. (CAH) (Entered: 01/31/2022) |
| 02/01/2022 | [37](#) | Unopposed MOTION to Continue trial by Gregory Allen Williamson. (Centrone, Gus) (Entered: 02/01/2022) |
| 02/02/2022 | 38 | **ENDORSED ORDER granting [37](#) Unopposed MOTION to Continue trial as to Gregory Allen Williamson (1). Pursuant to 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial; this time is, therefore, deemed EXCLUDABLE until trial. Signed by Judge William F. Jung on 2/2/2022. (CAH)** (Entered: 02/02/2022) |
| 02/02/2022 | | Set/reset hearings as to Gregory Allen Williamson: Jury Trial set for 7/5/2022 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Status Conference set for 6/9/2022 at 11:00 AM in Tampa Courtroom 15 B before Judge William F. Jung (CAH) (Entered: 02/02/2022) |
| 02/02/2022 | 39 | NOTICE canceling Stauts Conference hearing scheduled for 2/10/2022 as to Gregory Allen Williamson (CAH) (Entered: 02/02/2022) |
| 03/09/2022 | [40](#) | MOTION for Miscellaneous Relief, specifically Use of Forensic Computer Consultant by Gregory Allen Williamson. (Centrone, Gus) (Entered: 03/09/2022) |
| 03/21/2022 | 41 | NOTICE OF HEARING ON MOTION in case as to Gregory Allen Williamson: [40](#) MOTION for Miscellaneous Relief, specifically Use of Forensic Computer Consultant . Motion Hearing set for 3/22/2022 at 02:00 PM in Tampa Courtroom 12 B before Magistrate Judge Christopher P. Tuite. (AMS) (Entered: 03/21/2022) |

| 03/22/2022 | 42 | Minute Entry for In Person proceedings held before Magistrate Judge Christopher P. Tuite: MOTION hearing as to Gregory Allen Williamson held on 3/22/2022 re 40 MOTION for Miscellaneous Relief, specifically Use of Forensic Computer Consultant filed by Gregory Allen Williamson. (Digital) (AMS) (Entered: 03/22/2022) |
| 03/24/2022 | 43 | **ORDER granting 40 Motion for Use of a Forensic Computer Consultant as to Gregory Allen Williamson (1). Signed by Magistrate Judge Christopher P. Tuite on 3/24/2022. (ACL)** (Entered: 03/24/2022) |
| 05/05/2022 | 44 | MOTION to Suppress by Gregory Allen Williamson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Centrone, Gus) (Entered: 05/05/2022) |
| 05/17/2022 | 45 | NOTICE OF ATTORNEY APPEARANCE Abigail King appearing for USA. (King, Abigail) (Entered: 05/17/2022) |
| 05/17/2022 | 46 | First MOTION to Extend Time to file response by USA as to Gregory Allen Williamson. (Favorit, Erin) (Entered: 05/17/2022) |
| 05/18/2022 | 47 | **ENDORSED ORDER granting 46 First MOTION to Extend Time to file response by USA as to Gregory Allen Williamson (1). Signed by Judge William F. Jung on 5/18/2022. (CAH)** (Entered: 05/18/2022) |
| 06/02/2022 | 48 | RESPONSE in Opposition by USA as to Gregory Allen Williamson re 44 MOTION to Suppress (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 3-A, # 5 Exhibit 5, # 6 Exhibit 4)(Favorit, Erin) (Entered: 06/02/2022) |
| 06/03/2022 | 49 | NOTICE *of Filing Amended Exhibit 3* by USA as to Gregory Allen Williamson re 48 Response in Opposition. (Attachments: # 1 Exhibit 3)(Favorit, Erin) (Entered: 06/03/2022) |
| 06/07/2022 | 50 | NOTICE re TELEPHONIC STATUS CONFERENCE SCHEDULED FOR 6/9/2022 as to Gregory Allen Williamson: Counsel are directed to call the reserved conference toll-free number at 1-888-557-8511. Enter the access code: 4744914 followed by the # (pound) key. You will be prompted to enter the security code: 0609 followed by the # (pound) key. Please call in at least 10 minutes before the scheduled hearing. (CAH) (Entered: 06/07/2022) |
| 06/09/2022 | 51 | Minute Entry for Telephonic proceedings held before Judge William F. Jung: STATUS Conference as to Gregory Allen Williamson held on 6/9/2022. Court Reporter: Tracey Aurelio (CAH) (Entered: 06/09/2022) |
| 06/09/2022 | 52 | ORAL MOTION to Continue trial by Gregory Allen Williamson. (CAH) (Entered: 06/09/2022) |
| 06/09/2022 | 53 | **ENDORSED ORDER granting 52 ORAL MOTION to Continue as to Gregory Allen Williamson (1). Pursuant to 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial; this time is, therefore, deemed EXCLUDABLE until trial. Jury Trial set for the SEPTEMBER 2022 TRIAL TERM commencing on 9/6/2022 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Status Conference set for 8/18/2022 at 11:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Signed by Judge William F. Jung on 6/9/2022. (CAH)** (Entered: 06/09/2022) |
| 06/13/2022 | 54 | NOTICE OF HEARING re: Defendant Gregory Allen Williamson's 44 Motion to Suppress. Oral argument on this motion is set for June 17, 2022, at 11:00 a.m. in Tampa Courtroom 12B before Magistrate Judge Christopher P. Tuite. (WFM) (Entered: 06/13/2022) |
| 06/13/2022 | 55 | MOTION to Continue Motion to Suppress Hearing by Gregory Allen Williamson. (Centrone, Gus) (Entered: 06/13/2022) |
| 06/13/2022 | 56 | **ENDORSED ORDER granting Defendant Gregory Allen Williamson's 55 Motion to Continue Motion to Suppress Hearing for the reasons stated in the motion. Accordingly, the hearing set for June 17, 2022, is hereby cancelled and will be reset by separate notice. Signed by Magistrate Judge Christopher P. Tuite on 6/13/2022. (AMS)** (Entered: 06/13/2022) |
| 06/13/2022 | 57 | NOTICE OF RESCHEDULING HEARING: The Motion Hearing hearing previously scheduled for 6/17/2022 is rescheduled as to Gregory Allen Williamson. New hearing date and time: Motion Hearing reset for 7/7/2022 at 11:00 AM in Tampa Courtroom 12 B before Magistrate Judge Christopher P. Tuite. (AMS) (Entered: 06/13/2022) |
| 07/07/2022 | 58 | Minute Entry for In Person proceedings held before Magistrate Judge Christopher P. Tuite: MOTION hearing as to Gregory Allen Williamson held on 7/7/2022 re 44 MOTION to Suppress filed by Gregory Allen Williamson. (Digital) (AMS) (Entered: 07/07/2022) |
| 07/08/2022 | 60 | **ENDORSED ORDER re: Defendant Gregory Allen Williamson's 44 Motion to Suppress. For the reasons stated at the July 7, 2022, hearing on the matter, no later than July 29, 2022, the following items shall be filed with the Court: (1) a joint notice from the parties setting forth the material facts they believe govern Defendant's suppression motion and identifying those material facts about which they agree and do not agree; and (2) a supplemental legal memorandum from each party (a) addressing the relevant case authority concerning whether Defendant had a reasonable expectation of privacy in his Yahoo account, and (b) addressing the relevant case authority (including United States v. Steiger, 318 F.3d 1039 (11th Cir. 2003)) concerning when a private person becomes a government actor for Fourth Amendment purposes. Defendant's supplemental memorandum shall also address the government's arguments in its response regarding the so-called good faith exception under United States v. Leon, 468 U.S 897 (1984). Signed by Magistrate Judge Christopher P. Tuite on 7/8/2022. (WFM)** (Entered: 07/08/2022) |
| 07/13/2022 | 61 | NOTICE OF HEARING as to Gregory Allen Williamson. re: 44 MOTION to Suppress . Evidentiary Hearing set for 9/7/2022 at 09:00 AM in Tampa Courtroom 12 B before Magistrate Judge Christopher P. Tuite. (AMS) (Entered: 07/13/2022) |

| 07/29/2022 | 62 | Unopposed MOTION to Extend Time to To File Joint Notice of Stipulated and Disputed Facts by Gregory Allen Williamson. (Centrone, Gus) (Entered: 07/29/2022) |
| 07/29/2022 | 63 | SUPPLEMENT re 60 Order *Memorandum of Law* by USA as to Gregory Allen Williamson (Favorit, Erin) (Entered: 07/29/2022) |
| 07/29/2022 | 64 | SUPPLEMENT re 60 Order *Memorandum of Law Regarding Motion to Suppress* (Centrone, Gus) (Entered: 07/29/2022) |
| 08/02/2022 | 65 | **ENDORSED ORDER granting 62 Unopposed Motion for Extension of Time. No later than August 5, 2022, the parties shall file their joint notice of stipulated and disputed facts required by the Court's prior Order (60). Signed by Magistrate Judge Christopher P. Tuite on 8/2/2022.** (Entered: 08/02/2022) |
| 08/05/2022 | 66 | STIPULATION/NOTICE *of Stipulated and Disputed Facts Pertaining to Motion to Suppress*. (Centrone, Gus) Modified on 8/5/2022 (BES). (Entered: 08/05/2022) |
| 08/15/2022 | 67 | NOTICE re TELEPHONIC STATUS CONFERENCE SCHEDULED FOR 8/18/2022 as to Gregory Allen Williamson: Counsel are directed to call the reserved conference toll-free number at 1-888-557-8511. Enter the access code: 4744914 followed by the # (pound) key. You will be prompted to enter the security code: 0818 followed by the # (pound) key. Please call in at least 10 minutes before the scheduled hearing. (CAH) (Entered: 08/15/2022) |
| 08/16/2022 | 68 | Unopposed MOTION for issuance of Subpoena by Gregory Allen Williamson. (Attachments: # 1 Exhibit Unissued Subpoenas)(Centrone, Gus) Motions referred to Magistrate Judge Christopher P. Tuite. (Entered: 08/16/2022) |
| 08/17/2022 | 69 | NOTICE OF PRE-HEARING CONFERENCE re: Defendant Gregory Allen Williamson's 44 Motion to Suppress. In anticipation of the evidentiary hearing set for September 7, 2022 (61), a pre-hearing conference will be held on September 1, 2022, at 10:00 a.m. in Tampa Courtroom 12B before Magistrate Judge Christopher P. Tuite. The parties shall be prepared to discuss at the conference the issues pertinent to Defendant's suppression motion, including the witnesses to be called and the evidence to be presented. (WFM) (Entered: 08/17/2022) |
| 08/18/2022 | 70 | Minute Entry for Telephonic proceedings held before Judge William F. Jung: STATUS Conference as to Gregory Allen Williamson held on 8/18/2022. Court Reporter: Tracey Aurelio (CAH) (Entered: 08/18/2022) |
| 08/18/2022 | 71 | ORAL MOTION to Continue trial by Gregory Allen Williamson. (CAH) (Entered: 08/18/2022) |
| 08/18/2022 | 72 | **ENDORSED ORDER granting 71 ORAL MOTION to Continue trial by Gregory Allen Williamson (1). Pursuant to 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by such continuance outweigh the best interest of the public and the defendant in a speedy trial; this time is, therefore, deemed EXCLUDABLE until trial. Jury Trial set for the NOVEMBER 2022 TRIAL TERM commencing on 11/7/2022 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Status Conference set for 10/13/2022 at 11:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Signed by Judge William F. Jung on 8/18/2022. (CAH)** (Entered: 08/18/2022) |
| 08/24/2022 | 73 | **ORDER granting 68 Motion for Issuance as to Gregory Allen Williamson. Signed by Magistrate Judge Christopher P. Tuite on 8/24/2022. (WFM)** (Entered: 08/24/2022) |
| 08/29/2022 | 74 | Unopposed MOTION to Continue Pre-Hearing Conference on Motion to Suppress by Gregory Allen Williamson. (Centrone, Gus) (Entered: 08/29/2022) |
| 08/29/2022 | 75 | **ENDORSED ORDER granting Defendant Gregory Williamson's 74 Unopposed Motion to Continue Prehearing Conference on Motion to Suppress. The pre-hearing conference is hereby rescheduled for September 6, 2022, at 11:00 a.m. As before, the parties shall be prepared to discuss at the conference the issues pertinent to Defendant's suppression motion, including the witnesses to be called and the evidence to be presented. Signed by Magistrate Judge Christopher P. Tuite on 8/29/2022. (WFM)** (Entered: 08/29/2022) |
| 08/29/2022 | 76 | NOTICE OF RESCHEDULING HEARING: The Pre-Hearing Conference re: Defendant Gregory Allen Williamson's 44 Motion to Suppress previously scheduled for 9/1/2022 is rescheduled. New hearing date and time: Pre-Hearing Conference set for 9/6/2022 at 11:00 AM in Tampa Courtroom 12B before Magistrate Judge Christopher P. Tuite. (ABC) (Entered: 08/29/2022) |
| 09/06/2022 | 77 | Minute Entry for In Person proceedings held before Magistrate Judge Christopher P. Tuite: MISCELLANEOUS (Pre-Hearing) hearing held on 9/6/2022 as to Gregory Allen Williamson. (Digital) (AMS) (Entered: 09/06/2022) |
| 09/06/2022 | 78 | MOTION to Continue Motion to Suppress by USA as to Gregory Allen Williamson. (Favorit, Erin) (Entered: 09/06/2022) |
| 09/06/2022 | 79 | EXHIBIT LIST by Gregory Allen Williamson (Centrone, Gus) (Entered: 09/06/2022) |
| 09/06/2022 | 80 | WITNESS LIST by Gregory Allen Williamson (Centrone, Gus) (Entered: 09/06/2022) |
| 09/06/2022 | 81 | NOTICE *of Filing Returns of Service of Third-Party Subpoenas* by Gregory Allen Williamson (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Centrone, Gus) (Entered: 09/06/2022) |
| 09/06/2022 | 82 | **ENDORSED ORDER granting in part and denying in part 78 Government's Motion to Continue Motion to Suppress. The Court will conduct a status conference on September 7, 2022, at 9:00 a.m. in lieu of an evidentiary hearing. At the status conference, among other things, the Court will discuss with the parties a new date for the evidentiary hearing and will also follow-up with the parties on the issues raised at the September 6, 2022, proceeding. Signed by Magistrate Judge Christopher P. Tuite on 9/6/2022. (WFM)** (Entered: 09/06/2022) |

| 09/07/2022 | | Set/Reset Deadlines/Hearings as to Gregory Allen Williamson: Status Conference set for 9/7/2022 at 09:00 AM before Judge William F. Jung (SET) (Entered: 09/07/2022) |
|---|---|---|
| 09/07/2022 | | Set/Reset Deadlines/Hearings as to Gregory Allen Williamson: Status Conference set for 9/7/2022 at 09:00 AM before Magistrate Judge Christopher P. Tuite (SET) (Entered: 09/07/2022) |
| 09/07/2022 | 83 | **ENDORSED ORDER re: Defendant Gregory Allen Williamson's (44) Motion to Suppress. For the reasons stated on the record at the September 7, 2022, status conference, the parties are directed to file a joint notice by COB Monday, September 12, 2022, updating the Court on issues relating to the scheduling of the evidentiary hearing, including the status of Defendant's efforts to subpoena the Yahoo! employee who reviewed the images at issue in Defendant's motion. The evidentiary hearing will be rescheduled by separate notice. Signed by Magistrate Judge Christopher P. Tuite on 9/7/2022. (WFM) (Entered: 09/07/2022)** |
| 09/07/2022 | 84 | Minute Entry for In Person proceedings held before Magistrate Judge Christopher P. Tuite: STATUS Conference as to Gregory Allen Williamson held on 9/7/2022. (Digital) (AMS) (Entered: 09/08/2022) |
| 09/12/2022 | 85 | NOTICE *JOINT REGARDING EVIDENTIARY HEARING* by USA as to Gregory Allen Williamson re 83 Order. (Favorit, Erin) (Entered: 09/12/2022) |
| 09/13/2022 | 86 | **ENDORSED ORDER TO CONTINUE - Ends of Justice as to Gregory Allen Williamson. The Court, on its own motion and based upon the express need of the parties further to prepare the case, grants this continuance based upon its findings pursuant to 18 U.S.C. § 3161(h)(7) that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial; this time is, therefore, deemed EXCLUDABLE until trial. Jury Trial set for the DECEMBER 2022 TRIAL TERM commencing on 12/5/2022 at 9:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Status Conference set for 11/10/2022 at 11:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Signed by Judge William F. Jung on 9/13/2022. (CCB)** Modified on 9/13/2022 (CCB). (Entered: 09/13/2022) |
| 09/13/2022 | 87 | **ORDER SETTING EVIDENTIARY HEARING as to Defendant Gregory Allen Williamson's 44 Motion to Suppress. Evidentiary Hearing set for 10/11/2022 at 10:00 AM in Tampa Courtroom 12B before Magistrate Judge Christopher P. Tuite. See Order for details. Signed by Magistrate Judge Christopher P. Tuite on 9/13/2022. (WFM)** (Entered: 09/13/2022) |
| 09/19/2022 | 88 | Unopposed MOTION for issuance of Subpoena by Gregory Allen Williamson. (Attachments: # 1 Exhibit A - Subpoenas for Issuance)(Centrone, Gus) Motions referred to Magistrate Judge Christopher P. Tuite. (Entered: 09/19/2022) |
| 09/21/2022 | 89 | **ORDER granting 88 Motion for Issuance as to Gregory Allen Williamson. Signed by Magistrate Judge Christopher P. Tuite on 9/21/2022. (WFM)** (Entered: 09/21/2022) |
| 10/07/2022 | 90 | NOTICE *of Filing Returns of Service of Third-Party Subpoenas* by Gregory Allen Williamson (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Centrone, Gus) (Entered: 10/07/2022) |
| 10/07/2022 | 91 | WITNESS LIST by USA as to Gregory Allen Williamson (Favorit, Erin) (Entered: 10/07/2022) |
| 10/07/2022 | 92 | EXHIBIT LIST by USA as to Gregory Allen Williamson (Favorit, Erin) (Entered: 10/07/2022) |
| 10/07/2022 | 93 | EXHIBIT LIST by Gregory Allen Williamson (Centrone, Gus) (Entered: 10/07/2022) |
| 10/07/2022 | 94 | WITNESS LIST by Gregory Allen Williamson (Centrone, Gus) (Entered: 10/07/2022) |
| 10/07/2022 | 95 | NOTICE *of Evidence to be Suppressed* by Gregory Allen Williamson (Centrone, Gus) (Entered: 10/07/2022) |
| 10/11/2022 | 96 | Minute Entry for In Person proceedings held before Magistrate Judge Christopher P. Tuite: EVIDENTIARY Hearing as to Gregory Allen Williamson held on 10/11/2022. Court Reporter: Tana Hess (AMS) (Entered: 10/12/2022) |
| 10/12/2022 | 97 | **ORDER as to Defendant Gregory Allen Williamson's 44 Motion to Suppress. See Order for details. Signed by Magistrate Judge Christopher P. Tuite on 10/12/2022. (WFM)** (Entered: 10/12/2022) |
| 10/24/2022 | 98 | NOTICE OF RESCHEDULING HEARING: The Status Conference hearing previously scheduled for 11/10/2022 is rescheduled as to Gregory Allen Williamson. New hearing date and time: Telephonic Status Conference set for 11/9/2022 at 08:30 AM before Judge William F. Jung. Counsel are directed to call the reserved conference toll-free number at 1-888-557-8511. Enter the access code: 4744914 followed by the # (pound) key. You will be prompted to enter the security code: 1109 followed by the # (pound) key. Please call in at least 10 minutes before the scheduled hearing.(CAH) (Entered: 10/24/2022) |
| 11/01/2022 | 99 | TRANSCRIPT of Evidentiary Hearing as to Gregory Allen Williamson held on October 11, 2022, before Judge Christopher P. Tuite. Court Reporter/Transcriber Tana J. Hess, Telephone number 813.301.5207 EMAIL tana_hess@flmd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/22/2022. Redacted Transcript Deadline set for 12/2/2022. Release of Transcript Restriction set for 1/30/2023. (TJH) (Entered: 11/01/2022) |
| 11/01/2022 | 100 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to |

| | | review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal as to Gregory Allen Williamson. Court Reporter: Tana Hess (TJH) (Entered: 11/01/2022) |
|---|---|---|
| 11/09/2022 | 101 | ORAL MOTION to Continue trial by Gregory Allen Williamson (CAH) (Entered: 11/09/2022) |
| 11/09/2022 | 102 | Minute Entry for Telephonic proceedings held before Judge William F. Jung: granting 101 Motion to Continue as to Gregory Allen Williamson (1).( Pursuant to 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by such continuance outweigh the best interest of the public and the defendant in a speedy trial; this time is, therefore, deemed EXCLUDABLE until trial. Jury Trial set for the FEBRUARY 2023 TRIAL TERM commencing on 2/6/2023 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Status Conference set for 1/12/2023 at 11:00 AM in Tampa Courtroom 15 B before Judge William F. Jung.) STATUS Conference as to Gregory Allen Williamson held on 11/9/2022. Court Reporter: Tracey Aurelio (CAH) (Entered: 11/09/2022) |
| 11/09/2022 | 103 | Unopposed MOTION to Extend Time to Deadline to File Written Closing Arguments by Gregory Allen Williamson. (Centrone, Gus) (Entered: 11/09/2022) |
| 11/14/2022 | 104 | **ENDORSED ORDER granting Defendant Gregory Allen Williamson's [103[ Unopposed Motion to Extend Deadline to File Written Closing Arguments. To ensure defense counsel has sufficient time to prepare for the criminal trial scheduled to begin on November 28, 2022, in an unrelated matter, the deadline for each party to submit their legal memorandum is hereby extended to November 25, 2022. All other portions of the Court's October 12, 2022, Order (97) shall remain in full force and effect. Signed by Magistrate Judge Christopher P. Tuite on 11/15/2022. (AMS)** (Entered: 11/14/2022) |
| 11/25/2022 | 105 | NOTICE *UNITED STATES' LEGAL MEMORANDUM* by USA as to Gregory Allen Williamson (Favorit, Erin) (Entered: 11/25/2022) |
| 11/25/2022 | 106 | MEMORANDUM in support re 44 Motion to Suppress by Gregory Allen Williamson. *Proposed Findings of Fact and Conclusions of Law* (Attachments: # 1 Exhibit A - Transcript of 10/11/22 Evidentiary Hearing, # 2 Exhibit B - Property Receipt Lists)(Centrone, Gus) (Entered: 11/25/2022) |
| 01/04/2023 | 107 | NOTICE re TELEPHONIC STATUS CONFERENCE SCHEDULED FOR 1/12/2023 as to Gregory Allen Williamson: Counsel are directed to call the reserved conference toll-free number at 1-888-557-8511. Enter the access code: 4744914 followed by the # (pound) key. You will be prompted to enter the security code: 0112 followed by the # (pound) key. Please call in at least 10 minutes before the scheduled hearing. (CAH) (Entered: 01/04/2023) |
| 01/10/2023 | 108 | NOTICE canceling Status Conference hearing scheduled for 1/12/2023 as to Gregory Allen Williamson. (CAH) (Entered: 01/10/2023) |
| 01/10/2023 | 109 | **ENDORSED ORDER TO CONTINUE - Ends of Justice as to Gregory Allen Williamson. The Court, on its own motion and based upon the express need, granted this continuance based upon its findings that ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. §3161(h)(7)(7A). This time is, therefore, deemed EXCLUDABLE until trial. Signed by Judge William F. Jung on 1/10/2023. (CAH)** (Entered: 01/10/2023) |
| 01/10/2023 | 110 | NOTICE OF HEARING as to Gregory Allen Williamson: Jury Trial set for the MARCH 2023 TRIAL TERM commencing on 3/6/2023 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Status Conference set for 2/9/2023 at 11:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. (CAH) (Entered: 01/10/2023) |
| 02/01/2023 | 111 | NOTICE re TELEPHONIC STATUS CONFERENCE SCHEDULED FOR 2/9/2023 AT 11:00 AM as to Gregory Allen Williamson: Counsel are directed to call the reserved conference toll-free number at 1-888-557-8511. Enter the access code: 4744914 followed by the # (pound) key. You will be prompted to enter the security code: 0209 followed by the # (pound) key. Please call in at least 10 minutes before the scheduled hearing. (CAH) (Entered: 02/01/2023) |
| 02/09/2023 | 112 | Minute Entry for Telephonic proceedings held before Judge William F. Jung: STATUS Conference as to Gregory Allen Williamson held on 2/9/2023. Court Reporter: Bill Jones (CAH) (Entered: 02/09/2023) |
| 02/09/2023 | 113 | Unopposed MOTION for Miscellaneous Relief, specifically for protection from trial *from March 6, 2023, through March 10, 2023* by USA as to Gregory Allen Williamson. (Favorit, Erin) (Entered: 02/09/2023) |
| 02/10/2023 | 114 | **REPORT AND RECOMMENDATIONS as to Defendant Gregory Allen Williamson's 44 Motion to Suppress. Signed by Magistrate Judge Christopher P. Tuite on 2/10/2023. (WFM)** (Entered: 02/10/2023) |
| 02/10/2023 | 115 | **ENDORSED ORDER granting 113 Unopposed MOTION for Miscellaneous Relief, specifically for protection from trial from March 6, 2023, through March 10, 2023 by USA as to Gregory Allen Williamson (1). Signed by Judge William F. Jung on 2/10/2023. (CAH)** (Entered: 02/10/2023) |
| 02/13/2023 | 116 | **TRIAL CALENDAR for trial term March 2023 as to Gregory Allen Williamson Jury Trial set for the MARCH 2023 TRIAL TERM commencing on 3/6/2023 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Guilty pleas should be held before the Magistrate Judge on or before Wednesday, February 22, 2023. Signed by Judge William F. Jung on 2/13/2023. (CAH)** (Entered: 02/13/2023) |
| 02/23/2023 | 117 | Unopposed MOTION to Continue trial *and for Date Certain* by Gregory Allen Williamson. (Centrone, Gus) (Entered: 02/23/2023) |

| 02/24/2023 | 118 | OBJECTION to 114 Report and Recommendations by Gregory Allen Williamson (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Centrone, Gus) (Entered: 02/24/2023) |
|---|---|---|
| 02/27/2023 | 119 | **ENDORSED ORDER denying in part 117 Motion to Continue as to Gregory Allen Williamson (1). The parties should anticipate picking a jury in this case for trial, starting March 27, 2023. ORDER FOR SUPPLEMENTAL BRIEFING: The Government shall file a supplemental brief on the motion to suppress, not to exceed ten pages, discussing whether Mr. Williamson consented to the examination and disclosure by agreeing to Yahoo's terms of service. This is due March 15, 2023. The defense may respond not exceeding ten pages, which is due no later than March 23, 2023. Signed by Judge William F. Jung on 2/27/2023. (Jung, William)** (Entered: 02/27/2023) |
| 02/27/2023 | 120 | PROPOSED Voir Dire by USA as to Gregory Allen Williamson (Favorit, Erin) (Entered: 02/27/2023) |
| 02/27/2023 | 121 | NOTICE of Intent to Use Evidence by USA as to Gregory Allen Williamson (Favorit, Erin) (Entered: 02/27/2023) |
| 02/27/2023 | 122 | Proposed Jury Instructions by USA as to Gregory Allen Williamson (Favorit, Erin) (Entered: 02/27/2023) |
| 02/27/2023 | 123 | PROPOSED verdict form filed by USA as to Gregory Allen Williamson (Favorit, Erin) (Entered: 02/27/2023) |
| 02/28/2023 | 124 | PROPOSED Voir Dire by Gregory Allen Williamson. (Centrone, Gus) (Entered: 02/28/2023) |
| 02/28/2023 | 126 | PROPOSED verdict form filed by Gregory Allen Williamson. (Centrone, Gus) (Entered: 02/28/2023) |
| 02/28/2023 | 127 | BILL of particulars as to Gregory Allen Williamson. (Nebesky, Suzanne) (Entered: 02/28/2023) |
| 02/28/2023 | 128 | TRIAL BRIEF-Memorandum of Law regarding forfeiture by USA as to Gregory Allen Williamson. (Nebesky, Suzanne) Modified text on 3/1/2023 (LNR). (Entered: 02/28/2023) |
| 02/28/2023 | 129 | Proposed Jury Instructions by USA as to Gregory Allen Williamson. (Nebesky, Suzanne) (Entered: 02/28/2023) |
| 02/28/2023 | 130 | PROPOSED verdict form filed by USA as to Gregory Allen Williamson. (Nebesky, Suzanne) (Entered: 02/28/2023) |
| 03/01/2023 | 131 | Emergency MOTION for Miscellaneous Relief, specifically to Seal Proposed Jury Instructions (Doc. 125) re 125 Proposed Jury Instructions *(Unopposed)* by Gregory Allen Williamson. (Centrone, Gus) (Entered: 03/01/2023) |
| 03/01/2023 | 132 | **ENDORSED ORDER granting unopposed 131 Motion to seal proposed jury instructions at docket 125 as to Gregory Allen Williamson (1) and directing Clerk to accomplish same. Signed by Judge William F. Jung on 3/1/2023. (CCB)** (Entered: 03/01/2023) |
| 03/02/2023 | 133 | First MOTION in Limine by Gregory Allen Williamson. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Centrone, Gus) (Entered: 03/02/2023) |
| 03/03/2023 | 134 | Second MOTION to Suppress by Gregory Allen Williamson. (Attachments: # 1 Exhibit A)(Centrone, Gus) (Entered: 03/03/2023) |
| 03/13/2023 | 135 | SUPPLEMENT re 119 Order on Motion to Continue *United States' Supplemental Memorandum in Response to Defendant's First Motion to Suppress* by USA as to Gregory Allen Williamson (Attachments: # 1 Exhibit A)(Favorit, Erin) (Entered: 03/13/2023) |
| 03/15/2023 | 136 | NOTICE *of Intent to Offer Expert Witness Testimony* by USA as to Gregory Allen Williamson (Attachments: # 1 Exhibit) (Favorit, Erin) (Entered: 03/15/2023) |
| 03/17/2023 | 137 | Amended NOTICE *of Intent to Offer Expert Witness Testimony* by USA as to Gregory Allen Williamson re 136 Notice (Other). (Attachments: # 1 Exhibit)(Favorit, Erin) Modified text on 3/20/2023 (SET). (Entered: 03/17/2023) |
| 03/17/2023 | 138 | RESPONSE in Opposition by USA as to Gregory Allen Williamson re 134 Second MOTION to Suppress (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Favorit, Erin) (Entered: 03/17/2023) |
| 03/20/2023 | 139 | NOTICE OF HEARING as to Gregory Allen Williamson: Jury Trial set DATE CERTAIN for 3/27/2023 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. (CAH) (Entered: 03/20/2023) |
| 03/20/2023 | 140 | MOTION in Limine *Regarding Admissibility of Trade Inscription* by USA as to Gregory Allen Williamson. (Favorit, Erin) (Entered: 03/20/2023) |
| 03/20/2023 | 141 | WAIVER of Right to Trial by Jury by Gregory Allen Williamson. (Centrone, Gus) (Entered: 03/20/2023) |
| 03/20/2023 | 142 | RESPONSE 135 Supplement by Gregory Allen Williamson. (Centrone, Gus) (Entered: 03/20/2023) |
| 03/21/2023 | 143 | NOTICE OF HEARING as to Gregory Allen Williamson: Status Conference set for 3/22/2023 at 11:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Defendant's presence is required along with Defense Counsel, Government Counsel, and Division Supervisor. (CAH) (Entered: 03/21/2023) |
| 03/21/2023 | 144 | **AMENDED ORDER adopting 114 Report and Recommendations as to Gregory Allen Williamson (1). The Court has reviewed the entire record, including the supplemental responses requested by the Court, and has conducted, de novo, a full review of all matters relevant thereto. The Court adopts the Magistrate Judge's well-reasoned Report and Recommendation as its own. Signed by Judge William F. Jung on 3/21/2023. (Jung, William)** (Entered: 03/21/2023) |

| 03/21/2023 | 145 | **ENDORSED ORDER adopting Report and Recommendations re 44 Motion to Suppress as to Gregory Allen Williamson (1), and denying Doc. 44. Signed by Judge William F. Jung on 3/21/2023. (Jung, William)** (Entered: 03/21/2023) |
|---|---|---|
| 03/21/2023 | 146 | RESPONSE in Opposition by Gregory Allen Williamson re 140 MOTION in Limine *Regarding Admissibility of Trade Inscription* (Centrone, Gus) (Entered: 03/21/2023) |
| 03/22/2023 | 147 | NOTICE *of Intention to Offer Records of Regularly Conducted Activity into Evidence at Trial Pursuant to F.R.E. 803(6) and 902(11)* by USA as to Gregory Allen Williamson (Attachments: # 1 Exhibit, # 2 Exhibit)(Favorit, Erin) Modified text on 3/22/2023 (SET). (Entered: 03/22/2023) |
| 03/22/2023 | 148 | **ENDORSED ORDER REFERRING MOTION as to Gregory Allen Williamson re: 134 Second MOTION to Suppress . Signed by Judge William F. Jung on 3/22/2023. (CAH) Motions referred to Magistrate Judge Christopher P. Tuite.** (Entered: 03/22/2023) |
| 03/22/2023 | 149 | Minute Entry for In Person proceedings held before Judge William F. Jung: STATUS Conference as to Gregory Allen Williamson held on 3/22/2023. Court Reporter: Tracey Aurelio (CAH) (Entered: 03/22/2023) |
| 03/22/2023 | 150 | **ENDORSED ORDER TO CONTINUE - Ends of Justice as to Gregory Allen Williamson. Pursuant to 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial; this time is, therefore, deemed EXCLUDABLE until trial. Signed by Judge William F. Jung on 3/22/2023. (CAH)** (Entered: 03/22/2023) |
| 03/22/2023 | 151 | NOTICE OF RESCHEDULING HEARING: The Jury Trial hearing previously scheduled for 3/27/2023 is rescheduled as to Gregory Allen Williamson. New hearing date and time: Jury Trial set for the JUNE 2023 TRIAL TERM commencing on 6/5/2023 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. (CAH) (Entered: 03/22/2023) |
| 03/22/2023 | 152 | NOTICE OF HEARING as to Gregory Allen Williamson: Pretrial Conference set for 5/12/2023 at 02:00 PM in Tampa Courtroom 15 B before Judge William F. Jung. Defendant's presence is required.(CAH) (Entered: 03/22/2023) |
| 04/14/2023 | 153 | NOTICE OF HEARING re: 134 Defendant's Second Motion to Suppress. Oral argument on this motion is set for April 21, 2023, at 2:00 P.M. in Tampa Courtroom 12B before Magistrate Judge Christopher P. Tuite. (WFM) (Entered: 04/14/2023) |
| 04/18/2023 | 154 | Joint MOTION to Continue Second Motion to Suppress Hearing by USA as to Gregory Allen Williamson. (Favorit, Erin) (Entered: 04/18/2023) |
| 04/18/2023 | 155 | **ENDORSED ORDER granting the parties' 154 Joint Motion to Continue Second Motion to Suppress Hearing. The hearing set for April 21, 2023, is hereby cancelled. The hearing will be rescheduled by separate notice. Signed by Magistrate Judge Christopher P. Tuite on 4/18/2023. (WFM)** (Entered: 04/18/2023) |
| 04/18/2023 | 156 | NOTICE OF HEARING re: 134 Defendant's Second Motion to Suppress. Oral argument on this motion is reset for May 2, 2023, at 10:00 A.M. in Tampa Courtroom 12B before Magistrate Judge Christopher P. Tuite. (WFM) (Entered: 04/18/2023) |
| 04/26/2023 | 157 | ENDORSED ORDER CONTINUING JURY TRIAL as to Gregory Allen Williamson currently set for the June 2023 trial term. Pursuant to 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial; this time is, therefore, deemed EXCLUDABLE until trial. A continuance of trial will permit time for Defendant's second motion to suppress to be heard and a decision rendered before trial. The Jury Trial is hereby rescheduled for the JULY 2023 TRIAL TERM commencing on 7/03/2023 at 9:00 AM in Tampa Courtroom 15B before Judge William F. Jung. Signed by Judge William F. Jung on 4/26/2023. (SAO) (Entered: 04/26/2023) |
| 04/26/2023 | 158 | NOTICE OF RESCHEDULING HEARING: The Pretrial Conference previously scheduled for 5/12/2023 at 02:00 PM is rescheduled as to Gregory Allen Williamson. New hearing date and time: 6/14/2023 at 02:30 PM in Tampa Courtroom 15B before Judge William F. Jung (SAO) (Entered: 04/26/2023) |
| 04/28/2023 | 159 | Unopposed MOTION to Continue Second Motion to Suppress Hearing by Gregory Allen Williamson. (Centrone, Gus) (Entered: 04/28/2023) |
| 05/01/2023 | 160 | **ENDORSED ORDER granting Defendant's 159 unopposed request to continue the May 2, 2023, hearing on his second motion to suppress. The May 2 hearing is hereby cancelled and will be rescheduled by separate notice. Signed by Magistrate Judge Christopher P. Tuite on 5/1/2023. (WFM)** (Entered: 05/01/2023) |
| 05/01/2023 | 161 | NOTICE OF HEARING re: 134 Defendant's Second Motion to Suppress. Oral argument on this motion is reset for May 11, 2023, at 10:00 A.M. in Tampa Courtroom 12B before Magistrate Judge Christopher P. Tuite. (WFM) (Entered: 05/01/2023) |
| 05/10/2023 | 162 | NOTICE of filing supplemental authority by Gregory Allen Williamson re: 134 Second MOTION to Suppress filed by Gregory Allen Williamson (Attachments: # 1 Exhibit A - United States v. Irving, 347 F. Supp. 3d 615 (D. Kan. 2018)) (Centrone, Gus) (Entered: 05/10/2023) |
| 05/11/2023 | 163 | Minute Entry for In Person proceedings held before Magistrate Judge Christopher P. Tuite: MOTION hearing as to Gregory Allen Williamson held on 5/11/2023 re 134 Second MOTION to Suppress filed by Gregory Allen Williamson. (Digital) (AMS) (Entered: 05/11/2023) |
| 05/11/2023 | 166 | **ENDORSED ORDER re: 134 Defendant's Second Motion to Suppress. For the reasons stated on the record at the May 11, 2023, hearing on the matter, no later than May 25, 2023, the parties shall provide supplemental briefing on the issue of severability as it relates to the Yahoo search warrant. The parties' supplemental briefs shall not exceed** |

| | | |
|---|---|---|
| | | ten (10) pages in length, inclusive of all parts, and shall also not incorporate by reference any other filings or submissions. Signed by Magistrate Judge Christopher P. Tuite on 5/11/2023. (WFM) (Entered: 05/11/2023) |
| 05/19/2023 | 167 | **ENDORSED ORDER CONTINUING TRIAL** as to Gregory Allen Williamson currently set for the July trial term. Pursuant to 18 U.S.C. § 3161(h)(7)(a), the Court finds that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial; this time is, therefore, deemed EXCLUDABLE until trial. A continuance of trial will permit an orderly consideration of Defendant's second pending motion to suppress, including hearings and supplemental briefing. The Jury Trial is hereby rescheduled for the AUGUST 2023 TRIAL TERM commencing on 8/07/2023 at 9:00 AM in Tampa Courtroom 15B before Judge William F. Jung. Signed by Judge William F. Jung on 5/19/2023. (JCG) (Entered: 05/19/2023) |
| 05/24/2023 | 168 | Unopposed MOTION for Miscellaneous Relief, specifically Extend Page Limitation re 166 Order by Gregory Allen Williamson. (Centrone, Gus) (Entered: 05/24/2023) |
| 05/25/2023 | 169 | RESPONSE 166 Order by USA as to Gregory Allen Williamson *United States' Memorandum of Law* (Attachments: # 1 Exhibit 1)(Favorit, Erin) (Entered: 05/25/2023) |
| 05/25/2023 | 170 | **ENDORSED ORDER granting Defendant's 168 Unopposed Motion for Extension of Page Limitation. Defendant's supplemental memorandum may not exceed sixteen (16) pages exclusive of the signature block, certificate of service, and certificate of conference. All other portions of the Court's prior Order (166) shall remain in full force and effect. Signed by Magistrate Judge Christopher P. Tuite on 5/25/2023. (WFM)** (Entered: 05/25/2023) |
| 05/25/2023 | 171 | MEMORANDUM in support re 134 Motion to Suppress by Gregory Allen Williamson. (Centrone, Gus) (Entered: 05/25/2023) |
| 06/06/2023 | 172 | NOTICE OF RESCHEDULING HEARING: The Status Conference previously scheduled for 6/14/2023 is rescheduled as to Gregory Allen Williamson. New hearing date and time: Telephonic Status Conference set for 7/13/2023 at 11:00 AM; Counsel are directed to call the reserved conference toll-free number at 1-888-557-8511. Enter the access code: 4744914 followed by the # (pound) key. You will be prompted to enter the security code: 0713 followed by the # (pound) key. Please call in at least 10 minutes before the scheduled hearing. (JCG) (Entered: 06/06/2023) |
| 07/06/2023 | 173 | **REPORT AND RECOMMENDATIONS as to Gregory Allen Williamson re 134 Second MOTION to Suppress . Signed by Magistrate Judge Christopher P. Tuite on 7/6/2023. (AMS)** (Entered: 07/06/2023) |
| 07/13/2023 | 174 | Minute Entry for Telephonic proceedings held before Judge William F. Jung: STATUS CONFERENCE Regarding Counsel as to Gregory Allen Williamson held on 7/13/2023. Court Reporter: Tracey Aurelio (JCG) (Entered: 07/13/2023) |
| 07/13/2023 | 175 | ORAL MOTION to Continue trial by Gregory Allen Williamson. (JCG) (Entered: 07/13/2023) |
| 07/13/2023 | 176 | **ORAL ORDER granting 175 Motion to Continue as to Gregory Allen Williamson (1). Pursuant to 18 U.S.C. § 3161(h)(7)(a), the Courtfinds that the ends of justice served by a continuance outweigh the best interest of the publicand the defendant in a speedy trial, reasons being to permit both sides to adequately preparefor trial and resolve issues pertinent thereto. This time is, therefore, deemed EXCLUDABLE untiltrial. Jury Trial is set for the September 2023 Trial Term commencing 9/5/2023 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Status Conference set for 8/10/2023 at 11:00 AM before Judge William F. Jung. Counsel are directed to call the reserved conference toll-free number at 1-888-557-8511. Enter the access code: 4744914 followed by the # (pound) key. You will be prompted to enter the security code: 0810 followed by the # (pound) key. Please call in at least 10 minutes before the scheduled hearing. Signed by Judge William F. Jung on 7/13/2023. (JCG)** (Entered: 07/13/2023) |
| 07/20/2023 | 177 | OBJECTION by Gregory Allen Williamson as to Gregory Allen Williamson re 173 REPORT AND RECOMMENDATIONS as to Gregory Allen Williamson re 134 Second MOTION to Suppress . (Attachments: # 1 Exhibit A - Warrant and Application, # 2 Exhibit B - NCMEC Report, # 3 Exhibit C - Keller Report (Redacted))(Centrone, Gus) (Entered: 07/20/2023) |
| 07/25/2023 | 178 | **ENDORSED ORDER directing USA to respond to 177 OBJECTION by Gregory Allen Williamson as to Gregory Allen Williamson re 173 REPORT AND RECOMMENDATIONS as to Gregory Allen Williamson re 134 Second MOTION to Suppress. Responses due by 7/31/2023 Signed by Judge William F. Jung on 7/25/2023. (JCG)** (Entered: 07/25/2023) |
| 07/25/2023 | 179 | NOTICE OF HEARING ON MOTION in case as to Gregory Allen Williamson: 133 First MOTION in Limine , 134 Second MOTION to Suppress , 140 MOTION in Limine *Regarding Admissibility of Trade Inscription*, 173 REPORT AND RECOMMENDATIONS as to Gregory Allen Williamson re 134 Second MOTION to Suppress . Motion Hearing set for 8/4/2023 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. The defendant's presence is required. (JCG) (Entered: 07/25/2023) |
| 07/31/2023 | 180 | Unopposed MOTION to Continue Hearing *as to Gregory Allen Williamson: 133 First MOTION in Limine, 134 Second MOTION to Suppress, 140 MOTION in Limine Regarding Admissibility of Trade Inscription, 173 REPORT AND RECOMMENDATIONS as to Gregory Allen Williamson re 134 Second MOTION to Suppress* by Gregory Allen Williamson. (Centrone, Gus) (Entered: 07/31/2023) |
| 07/31/2023 | 181 | **ENDORSED ORDER granting 180 Motion to Continue as to Gregory Allen Williamson (1). New date to be set by separate notice. Signed by Judge William F. Jung on 7/31/2023. (JCG)** (Entered: 07/31/2023) |
| 07/31/2023 | 182 | NOTICE OF RESCHEDULING HEARING: The Motion hearing previously scheduled for 8/4/2023 is rescheduled as to Gregory Allen Williamson. New hearing date and time: Motion Hearing set for 8/15/2023 at 10:00 AM in Tampa |

| | | Courtroom 15 B before Judge William F. Jung. Status Conference set for 8/15/2023 at 10:00 AM in Tampa Courtroom 15 B before Judge William F. Jung (JCG) (Entered: 07/31/2023) |
|---|---|---|
| 07/31/2023 | 183 | RESPONSE in Opposition by USA as to Gregory Allen Williamson re 173 REPORT AND RECOMMENDATIONS as to Gregory Allen Williamson re 134 Second MOTION to Suppress . (Favorit, Erin) (Entered: 07/31/2023) |
| 08/15/2023 | 184 | Minute Entry for In Person proceedings held before Judge William F. Jung: MOTION hearing as to Gregory Allen Williamson held on 8/15/2023 re 134 Second MOTION to Suppress filed by Gregory Allen Williamson, 133 First MOTION in Limine filed by Gregory Allen Williamson, 140 MOTION in Limine *Regarding Admissibility of Trade Inscription* filed by USA, 173 REPORT AND RECOMMENDATIONS as to Gregory Allen Williamson re 134 Second MOTION to Suppress ., STATUS Conference Regarding Counsel as to Gregory Allen Williamson held on 8/15/2023. Court Reporter: Tracey Aurelio (JCG) (Entered: 08/15/2023) |
| 08/15/2023 | 185 | **TRIAL CALENDAR for trial term SEPTEMBER 2023 as to Gregory Allen Williamson Jury Trial is specially set for 9/18/2023 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Signed by Judge William F. Jung on 8/15/2023. (JCG) (Entered: 08/15/2023)** |
| 08/15/2023 | 186 | **ENDORSED ORDER adopting 173 Report and Recommendations as to Gregory Allen Williamson (1). The Court conducted a hearing this day on the recommendations, objection, and response. After hearing argument and considering the entire record, the Court has undertaken a full de novo review of all matters relevant thereto. The Court adopts as its own the Magistrate Judge's well-reasoned Report and Recommendations re: 134 Motion to Suppress as to Gregory Allen Williamson (1), and denies Doc. 134. Signed by Judge William F. Jung on 8/15/2023. (NME) (Entered: 08/15/2023)** |
| 08/15/2023 | 187 | **ENDORSED ORDER denying without prejudice 133 Motion in Limine as to Gregory Allen Williamson (1). Signed by Judge William F. Jung on 8/15/2023. (NME) (Entered: 08/15/2023)** |
| 08/15/2023 | 188 | **ENDORSED ORDER taking under advisement 140 Motion in Limine as to Gregory Allen Williamson (1). Signed by Judge William F. Jung on 8/15/2023. (NME) (Entered: 08/15/2023)** |
| 08/24/2023 | 189 | NOTICE to Courts of Requests to Counsel by Gregory Allen Williamson (Attachments: # 1 Exhibit, # 2 Mailing Envelope) (KME) (Entered: 08/24/2023) |
| 08/28/2023 | 190 | MOTION to Withdraw as Attorney by Gus Centrone as to Gregory Allen Williamson. (Centrone, Gus) Motions referred to Magistrate Judge Christopher P. Tuite. (Entered: 08/28/2023) |
| 08/29/2023 | 191 | NOTICE OF HEARING ON MOTION in case as to Gregory Allen Williamson: 190 MOTION to Withdraw as Attorney by Gus Centrone. Motion Hearing set for 9/1/2023 at 10:00 AM in Tampa Courtroom 12 B before Magistrate Judge Christopher P. Tuite. (AMS) (Entered: 08/29/2023) |
| 08/30/2023 | 192 | Unopposed MOTION to Continue Hearing on Motion to Withdraw by Gregory Allen Williamson. (Centrone, Gus) (Entered: 08/30/2023) |
| 08/31/2023 | 193 | **ENDORSED ORDER granting Defendant Gregory Allen Williamson's 192 Unopposed Motion to Continue Hearing on Motion to Withdraw. For the reasons stated in Defendant's motion, the hearing scheduled for September 1, 2023, is hereby cancelled and will be reset by separate notice. Signed by Magistrate Judge Christopher P. Tuite on 8/31/2023. (AMS) (Entered: 08/31/2023)** |
| 08/31/2023 | 194 | NOTICE OF RESCHEDULING HEARING: The Motion Hearing previously scheduled for 9/1/2023 is rescheduled as to Gregory Allen Williamson. New hearing date and time: Motion Hearing reset for 9/6/2023 at 09:00 AM in Tampa Courtroom 12 B before Magistrate Judge Christopher P. Tuite. (AMS) (Entered: 08/31/2023) |
| 08/31/2023 | 195 | **ENDORSED ORDER TO CONTINUE as to Gregory Allen Williamson. Pursuant to 18 U.S.C. § 3161(h)(7)(a), the Court finds that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial, reasons being to permit both sides to adequately prepare for trial and resolve issues pertinent thereto. This time is, therefore, deemed EXCLUDABLE until trial. Jury Trial is set for the October 2023 Trial Term commencing 10/2/2023 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Status Conference set for 9/14/2023 at 11:00 AM before Judge William F. Jung. Counsel are directed to call the reserved conference toll-free number at 1-888-557-8511. Enter the access code: 4744914 followed by the # (pound) key. You will be prompted to enter the security code: 0914 followed by the # (pound) key. Signed by Judge William F. Jung on 8/31/2023. (JCG) (Entered: 08/31/2023)** |
| 08/31/2023 | | Reset Hearings as to Gregory Allen Williamson: Jury Trial is set for 10/2/2023 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Telephonic Status Conference is set for 9/14/2023 at 11:00 AM before Judge William F. Jung. (JCG) (Entered: 08/31/2023) |
| 09/06/2023 | 196 | Minute Entry for In Person proceedings held before Magistrate Judge Christopher P. Tuite: MOTION hearing as to Gregory Allen Williamson held on 9/6/2023 re 190 MOTION to Withdraw as Attorney by Gus Centrone. filed by Gregory Allen Williamson. (Digital) (AMS) (Entered: 09/06/2023) |

USCA11 Case: 24-10739   Document: 19-2   Date Filed: 05/14/2025   Page: 17 of 109

| 09/07/2023 | 198 | **ENDORSED ORDER re: Attorney Gus Centrone's [190] Motion to Withdraw as Counsel for Defendant Gregory Allen Williamson. For the reasons stated in Mr. Centrone's motion and at the September 6, 2023, hearing on the matter, Mr. Centrone's motion (Doc. 190) is granted. The Clerk of Court is directed to terminate Mr. Centrone as Mr. Williamson's counsel of record and to appoint substitute CJA counsel. Signed by Magistrate Judge Christopher P. Tuite on 9/7/2023. (AMS)** (Entered: 09/07/2023) |
|---|---|---|
| 09/07/2023 | 199 | **ORDER of Appointment of CJA Counsel as to Gregory Allen Williamson: Appointment of Attorney Bjorn Erik Brunvand for Gregory Allen Williamson. Signed by Magistrate Judge Christopher P. Tuite on 9/7/2023. (AMS)** (Entered: 09/07/2023) |
| 09/14/2023 | 200 | Minute Entry for Telephonic proceedings held before Judge William F. Jung: STATUS Conference Regarding Counsel as to Gregory Allen Williamson held on 9/14/2023. Court Reporter: Rebecca Sabo (JCG) (Entered: 09/14/2023) |
| 09/14/2023 | 201 | NOTICE OF HEARING as to Gregory Allen Williamson: Telephonic Status Conference set for 9/21/2023 at 02:00 PM before Judge William F. Jung. Counsel are directed to call the reserved conference toll-free number at 1-888-557-8511. Enter the access code: 4744914 followed by the # (pound) key. You will be prompted to enter the security code: 0921 followed by the # (pound) key. Please call in at least 10 minutes before the scheduled hearing (JCG) (Entered: 09/14/2023) |
| 09/21/2023 | 202 | Minute Entry for Telephonic proceedings held before Judge William F. Jung: STATUS Conference Regarding Counsel as to Gregory Allen Williamson held on 9/21/2023. Court Reporter: Rebekah Lockwood (JCG) (Entered: 09/21/2023) |
| 09/21/2023 | 203 | ORAL MOTION to Continue trial by Gregory Allen Williamson. (JCG) (Entered: 09/21/2023) |
| 09/21/2023 | 204 | **ORAL ORDER granting 203 Motion to Continue as to Gregory Allen Williamson (1) Pursuant to 18 U.S.C. § 3161(h)(7)(a), the Court finds that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial, reasons being to permit both sides to adequately prepare for trial and resolve issues pertinent thereto. This time is, therefore, deemed EXCLUDABLE until trial. Jury Trial is set for the January 2024 Trial Term commencing 1/2/2024 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Status Conference set for 12/14/2023 at 11:00 AM before Judge William F. Jung. Counsel are directed to call the reserved conference toll-free number at 1-888-557-8511. Enter the access code: 4744914 followed by the # (pound) key. You will be prompted to enter the security code: 1214 followed by the # (pound) key. Signed by Judge William F. Jung on 9/21/2023. (JCG) (Entered: 09/21/2023)** |
| 09/23/2023 | 205 | NOTICE OF ATTORNEY APPEARANCE: Bjorn Erik Brunvand appearing for Gregory Allen Williamson (Brunvand, Bjorn) (Entered: 09/23/2023) |
| 12/04/2023 | 207 | NOTICE to the Court of attempt to obtain state court search warrants, affidavits by Gregory Allen Williamson. (Attachments: # 1 Mailing Envelope)(AG) (Entered: 12/06/2023) |
| 12/05/2023 | 206 | NOTICE OF RESCHEDULING HEARING (AS TO COURTROOM ONLY) as to Gregory Allen Williamson. Status Conference set for 12/14/2023 at 01:30 PM in Tampa Courtroom 15 B before Judge William F. Jung (JCG) (Entered: 12/05/2023) |
| 12/06/2023 | 208 | TRANSCRIPT of motion hearing as to Gregory Allen Williamson held on May 11, 2023 before Judge Christopher P. Tuite. Court Reporter/Transcriber: David Collier. Email address: david_collier@flmd.uscourts.gov. Telephone number: (813) 301-5575.<br><br>NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 12/27/2023. Redacted Transcript Deadline set for 1/8/2024. Release of Transcript Restriction set for 3/5/2024. (DJC) (Entered: 12/06/2023) |
| 12/07/2023 | 209 | TRANSCRIPT of MOTION HEARING AND STATUS CONFERENCE as to Gregory Allen Williamson held on 8/15/23 before Judge WILLIAM F. JUNG. Court Reporter/Transcriber: TRACEY AURELIO. Email address: tracey_aurelio@flmd.uscourts.gov. Telephone number: 813-301-5448.<br><br>NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 12/28/2023. Redacted Transcript Deadline set for 1/8/2024. Release of Transcript Restriction set for 3/6/2024. (TVA) (Entered: 12/07/2023) |
| 12/14/2023 | 210 | Minute Entry for In Person proceedings held before Judge William F. Jung: STATUS Conference as to Gregory Allen Williamson held on 12/14/2023. Court Reporter: Tracey Aurelio (JCG) (Entered: 12/14/2023) |
| 12/14/2023 | 211 | ORAL MOTION to Continue trial by Gregory Allen Williamson. (JCG) (Entered: 12/14/2023) |
| 12/14/2023 | 212 | **ORAL ORDER granting 211 Motion to Continue as to Gregory Allen Williamson (1). Pursuant to 18 U.S.C. § 3161(h)(7)(a), the Court finds that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial, the reasons being to permit both sides to adequately prepare for trial and resolve issues pertinent thereto. This time is, therefore, deemed EXCLUDABLE until trial. Jury Trial is set for** |

|  |  | DATE CERTAIN commencing 3/11/2024 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Signed by Judge William F. Jung on 12/14/2023. (JCG) (Entered: 12/14/2023) |
|---|---|---|
| 12/28/2023 | 213 | NOTICE for the Record by Gregory Allen Williamson (Attachments: # 1 Exhibit, # 2 Mailing Envelope)(ABC) (Entered: 12/29/2023) |
| 02/08/2024 | 214 | TRIAL CALENDAR for trial term MARCH 2024 as to Gregory Allen Williamson Jury Trial is set for DATE CERTAIN commencing 3/11/2024 at 09:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. Signed by Judge William F. Jung on 2/8/2024. (JCG) (Entered: 02/08/2024) |
| 02/26/2024 | 215 | PROPOSED Voir Dire by USA as to Gregory Allen Williamson (Favorit, Erin) (Entered: 02/26/2024) |
| 02/26/2024 | 216 | Amended Proposed Jury Instructions by USA as to Gregory Allen Williamson (Favorit, Erin) Modified text on 2/27/2024 (KME). (Entered: 02/26/2024) |
| 02/26/2024 | 217 | PROPOSED verdict form filed by USA as to Gregory Allen Williamson (Favorit, Erin) (Entered: 02/26/2024) |
| 02/27/2024 | 218 | NOTICE OF ATTORNEY APPEARANCE Lindsey Nicole Schmidt appearing for USA. (Schmidt, Lindsey) (Entered: 02/27/2024) |
| 02/27/2024 | 219 | MOTION to Withdraw as Attorney by Abigail King. by USA as to Gregory Allen Williamson. (King, Abigail) Motions referred to Magistrate Judge Christopher P. Tuite. (Entered: 02/27/2024) |
| 02/28/2024 | 220 | Unopposed MOTION for Miscellaneous Relief, specifically For Use of Courtroom Facility Dog by USA as to Gregory Allen Williamson. (Attachments: # 1 Exhibit Policy Statement, # 2 Exhibit Dog Team ID, # 3 Exhibit Certificate of Graduation)(Favorit, Erin) (Entered: 02/28/2024) |
| 02/28/2024 | 221 | ENDORSED ORDER granting Assistant United States Attorney Abigail King's 219 Motion to Withdraw. Accordingly, the Clerk of Court is directed to terminate Ms. King as the government's counsel of record in this matter. Signed by Magistrate Judge Christopher P. Tuite on 2/28/2024. (AMS) (Entered: 02/28/2024) |
| 02/29/2024 | 222 | NOTICE of Intention to Offer Records of Regularly Conducted Activity into Evidence at Trial by USA as to Gregory Allen Williamson (Attachments: # 1 Exhibit Jennifer Jay, # 2 Exhibit Sharon Hogan, # 3 Exhibit Shanna Blair, # 4 Exhibit John Overby, # 5 Exhibit Pauline Carlon, # 6 Exhibit Monica Vu)(Favorit, Erin) (Entered: 02/29/2024) |
| 03/04/2024 | 223 | ENDORSED ORDER granting 220 Motion For Use of Courtroom Facility Dog as to Gregory Allen Williamson (1). Signed by Judge William F. Jung on 3/4/2024. (JCG) (Entered: 03/04/2024) |
| 03/08/2024 | 224 | TRIAL BRIEF by USA as to Gregory Allen Williamson (Schmidt, Lindsey) (Entered: 03/08/2024) |
| 03/08/2024 | 225 | PROPOSED verdict form filed by USA as to Gregory Allen Williamson (Schmidt, Lindsey) (Entered: 03/08/2024) |
| 03/08/2024 | 226 | WITNESS LIST by USA as to Gregory Allen Williamson (Favorit, Erin) (Entered: 03/08/2024) |
| 03/08/2024 | 227 | EXHIBIT LIST by USA as to Gregory Allen Williamson (Favorit, Erin) (Entered: 03/08/2024) |
| 03/09/2024 | 228 | WITNESS LIST by Gregory Allen Williamson (Brunvand, Bjorn) (Entered: 03/09/2024) |
| 03/11/2024 | 229 | EXHIBIT LIST by USA as to Gregory Allen Williamson (Favorit, Erin) (Entered: 03/11/2024) |
| 03/11/2024 | 230 | Minute Entry for In Person proceedings held before Judge William F. Jung: JURY TRIAL DAY 1 as to Gregory Allen Williamson held on 3/11/2024. Court Reporter: Tracey Aurelio (JS). (Entered: 03/12/2024) |
| 03/12/2024 | 231 | Minute Entry for In Person proceedings held before Judge William F. Jung: JURY TRIAL DAY 2 as to Gregory Allen Williamson held on 3/12/2024. Court Reporter: Tracey Aurelio (JS). (Entered: 03/13/2024) |
| 03/13/2024 | 232 | Defendant's oral MOTION for Judgment of Acquittal by Gregory Allen Williamson. (JS). (Entered: 03/13/2024) |
| 03/13/2024 | 233 | ENTERED IN ERROR. (JS). Modified on 3/13/2024 to indicate entered in error (SAO). (Entered: 03/13/2024) |
| 03/13/2024 | 234 | ORAL ORDER denying 232 Motion for Acquittal as to Gregory Allen Williamson (1), for the reasons stated on the record. Signed by Judge William F. Jung on 3/13/2024. (JS) Modified on 3/13/2024 (SAO). (Entered: 03/13/2024) |
| 03/13/2024 | 235 | Minute Entry for In Person proceedings held before Judge William F. Jung: JURY TRIAL DAY 3 as to Gregory Allen Williamson held on 3/13/2024. Court Reporter: Tracey Aurelio (JS) (Entered: 03/13/2024) |
| 03/14/2024 | 236 | JURY VERDICT as to Gregory Allen Williamson (1) Guilty on Counts 1-8. (Attachments: # 1 Restricted Unredacted Jury Verdict) (JS) (Entered: 03/14/2024) |
| 03/14/2024 | 237 | COURT'S JURY INSTRUCTIONS as to Gregory Allen Williamson (JS) (Entered: 03/14/2024) |
| 03/14/2024 | 238 | GOVERNMENT'S EXHIBIT LIST as to Gregory Allen Williamson. (JS). Modified on 3/14/2024 to replace the image. (JS). (Additional attachment(s) added on 3/14/2024: # 1 Exhibit 1) (JS). (Additional attachment(s) added on 4/3/2024: # 2 Exhibit 1.1A, # 3 Exhibit 1.2A, # 4 Exhibit 1.3A, # 5 Exhibit 1.4A, # 6 Exhibit 1.5, # 7 Exhibit 1.5A, # 8 Exhibit 1.6, # 9 Exhibit 1.6A, # 10 Exhibit 1.7A, # 11 Exhibit 1.8A, # 12 Exhibit 1.9A, # 13 Exhibit 1.10, # 14 Exhibit 1.10A) (JS). (Additional attachment(s) added on 4/3/2024: # 15 Exhibit 1.11, # 16 Exhibit 1.11A, # 17 Exhibit 1.12A, # 18 Exhibit 1.13A, # 19 Exhibit 1.14A, # 20 Exhibit 1.15A, # 21 Exhibit 1.16, # 22 Exhibit 1.16A, # 23 Exhibit 1.17A, # 24 Exhibit 1.18, # 25 Exhibit 1.19, # 26 Exhibit 2, # 27 Exhibit 2A, # 28 Exhibit 3, # 29 Exhibit 3A, # 30 Exhibit 4, # 31 Exhibit 4A, # 32 Exhibit 5, # 33 Exhibit 5.1, # 34 Exhibit 5.2) (JS). (Additional attachment(s) added on 4/3/2024: # 35 Exhibit 5.3, # 36 |

| | | |
|---|---|---|
| | | Exhibit 5.3A, # 37 Exhibit 5.4, # 38 Exhibit 5.5, # 39 Exhibit 5.6, # 40 Exhibit 5.7, # 41 Exhibit 5.8, # 42 Exhibit 5.8A, # 43 Exhibit 5.9, # 44 Exhibit 5.9A, # 45 Exhibit 5.10, # 46 Exhibit 5.10A, # 47 Exhibit 5.11, # 48 Exhibit 5.11A, # 49 Exhibit 5.12, # 50 Exhibit 5.12A, # 51 Exhibit 5.13, # 52 Exhibit 5.14, # 53 Exhibit 5.14A, # 54 Exhibit 5.14B) (JS). (Additional attachment(s) added on 4/4/2024: # 55 Exhibit 5.15, # 56 Exhibit 5.15A, # 57 Exhibit 5.15B, # 58 Exhibit 6, # 59 Exhibit 6.1, # 60 Exhibit 6.3, # 61 Exhibit 6.4, # 62 Exhibit 6.5, # 63 Exhibit 6.6, # 64 Exhibit 6.10, # 65 Exhibit 6.11, # 66 Exhibit 6.11A, # 67 Exhibit 7, # 68 Exhibit 7A) (JS). (Additional attachment(s) added on 4/4/2024: # 69 Exhibit 7.1, # 70 Exhibit 7.1A, # 71 Exhibit 7.2, # 72 Exhibit 8, # 73 Exhibit 8.1, # 74 Exhibit 8.2, # 75 Exhibit 8.3, # 76 Exhibit 8.3A, # 77 Exhibit 9, # 78 Exhibit 9.1, # 79 Exhibit 9.2, # 80 Exhibit 10, # 81 Exhibit 10.1, # 82 Exhibit 10.2, # 84 Exhibit 10.3, # 85 Exhibit 10.4, # 86 Exhibit 10.5, # 87 Exhibit 10.6, # 88 Exhibit 11) (JS). (Additional attachment(s) added on 4/4/2024: # 89 Exhibit 11.1, # 90 Exhibit 11.2, # 91 Exhibit 11.3, # 92 Exhibit 11.4, # 93 Exhibit 11.5, # 94 Exhibit 11.6, # 95 Exhibit 11.7, # 96 Exhibit 11.8, # 97 Exhibit 11.9, # 98 Exhibit 11.10, # 99 Exhibit 12.1, # 100 Exhibit 12.2, # 101 Exhibit 12.3, # 102 Exhibit 12.4, # 103 Exhibit 12.5, # 104 Exhibit 12.6, # 105 Exhibit 12.7, # 106 Exhibit 12.8, # 107 Exhibit 12.9, # 108 Exhibit 12.10) (JS). (Additional attachment(s) added on 4/4/2024: # 109 Exhibit 12.11, # 110 Exhibit 12.12, # 111 Exhibit 12.13, # 112 Exhibit 12.14, # 113 Exhibit 12.15, # 114 Exhibit 12.16, # 115 Exhibit 12.17, # 116 Exhibit 12.18, # 119 Exhibit 12.19, # 120 Exhibit 12.20, # 121 Exhibit 13, # 122 Exhibit 14, # 123 Exhibit 15, # 124 Exhibit 17, # 125 Exhibit 203) (JS). (Additional attachment(s) added on 4/22/2024: # 126 Exhibit 1X, # 127 Exhibit 6.2 Part 1, # 128 Exhibit 6.2 Part 2, # 129 Exhibit 6.2 Part 3, # 130 Exhibit 6.2 Part 4, # 131 Exhibit 6.2 Part 5, # 132 Exhibit 6.2 Part 6, # 133 Exhibit 6.6A, # 134 Exhibit 6.7, # 135 Exhibit 6.8, # 136 Exhibit 6.9, # 137 Exhibit 6.9A, # 138 Exhibit 7.2A) (JS). (Entered: 03/14/2024) |
| 03/14/2024 | 239 | JURY NOTES as to Gregory Allen Williamson. (Attachments: # 1 Restricted Unredacted Jury Notes)(JS) (Entered: 03/14/2024) |
| 04/11/2024 | 240 | MOTION to Compel by Gregory Allen Williamson. (Attachments: # 1 Mailing Envelope)(LSS) (Entered: 04/12/2024) |
| 04/15/2024 | 241 | NOTICE OF HEARING as to Gregory Allen Williamson: Sentencing set for 6/20/2024 at 9:30 AM in Tampa Courtroom 15B before Judge William F. Jung. (JS) (Entered: 04/15/2024) |
| 04/18/2024 | 242 | MOTION for Miscellaneous Relief, specifically to Dismiss Counsel/Feretta Inquiry by Gregory Allen Williamson. (Attachments: # 1 Mailing Envelope)(AMS) (Entered: 04/18/2024) |
| 04/25/2024 | 243 | **ENDORSED ORDER directing USA to respond to 240 MOTION to Compel as to Gregory Allen Williamson. Responses due by 5/24/2024 Signed by Judge William F. Jung on 4/25/2024. (JCG)** (Entered: 04/25/2024) |
| 04/25/2024 | 244 | **ENDORSED ORDER REFERRING MOTION as to Gregory Allen Williamson re: 242 MOTION for Miscellaneous Relief, specifically to Dismiss Counsel/Feretta Inquiry. Signed by Judge William F. Jung on 4/25/2024. (JCG) Motions referred to Magistrate Judge Christopher P. Tuite.** (Entered: 04/25/2024) |
| 04/25/2024 | | Set/Reset Deadlines: re 240 MOTION to Compel. Responses due by 5/24/2024. (BD) (Entered: 04/25/2024) |
| 04/26/2024 | 245 | NOTICE OF HEARING ON MOTION in case as to Gregory Allen Williamson: 242 MOTION for Miscellaneous Relief, specifically to Dismiss Counsel/Feretta Inquiry. Motion Hearing set for 5/3/2024 at 11:00 AM in Tampa Courtroom 12 B before Magistrate Judge Christopher P. Tuite. (AMS) (Entered: 04/26/2024) |
| 04/26/2024 | 246 | MOTION to Challenge Jurisdiction by Gregory Allen Williamson. (Attachments: # 1 Exhibit, # 2 Mailing Envelope)(LSS) (Entered: 04/30/2024) |
| 05/01/2024 | 247 | MOTION to Challenge Subject Matter Jurisdiction by Gregory Allen Williamson. (Attachments: # 1 Mailing Envelope)(LSS) (Entered: 05/02/2024) |
| 05/03/2024 | 248 | NOTICE OF HEARING as to Gregory Allen Williamson: Sentencing is set for 6/6/2024 at 11:00 AM in Tampa Courtroom 15 B before Judge William F. Jung. (JCG) (Entered: 05/03/2024) |
| 05/03/2024 | 249 | NOTICE OF RESCHEDULING HEARING: The Sentencing hearing previously scheduled for 6/6/24 is rescheduled as to Gregory Allen Williamson. New hearing date and time:Sentencing is set for 6/20/2024 at 09:30 AM in Tampa Courtroom 15 B before Judge William F. Jung. (JCG) (Entered: 05/03/2024) |
| 05/03/2024 | 250 | Minute Entry for In Person proceedings held before Magistrate Judge Christopher P. Tuite: MOTION HEARING as to Gregory Allen Williamson held on 5/3/2024 re 242 MOTION for Miscellaneous Relief, specifically to Dismiss Counsel/Feretta Inquiry filed by Gregory Allen Williamson. (Digital) (AMS) (Entered: 05/03/2024) |
| 05/03/2024 | 251 | **ENDORSED ORDER re: Defendant Gregory Allen Williamson's 242 Motion to Dismiss Counsel/F[a]retta Inquiry. For the reasons stated on the record at the May 3, 2024, hearing on the matter, Defendant's motion is granted. As a result, Defendant shall be allowed to proceed pro se. Attorney Bjorn Brunvand will remain assigned to the case as standby counsel. Signed by Magistrate Judge Christopher P. Tuite on 5/3/2024. (AMS)** (Entered: 05/03/2024) |
| 05/08/2024 | 252 | MOTION for Forfeiture of a Preliminary Order by USA as to Gregory Allen Williamson. (Nebesky, Suzanne) (Entered: 05/08/2024) |
| 05/16/2024 | 254 | RULE 32(e)(2) INITIAL PRESENTENCE INVESTIGATION REPORT as to Gregory Allen Williamson. E-copies made available to selected parties.(TH) (Entered: 05/16/2024) |
| 05/23/2024 | 255 | RESPONSE 240 MOTION to Compel by USA as to Gregory Allen Williamson (Attachments: # 1 Exhibit A)(Favorit, Erin) Modified text on 5/24/2024 (GL). (Entered: 05/23/2024) |

| 05/24/2024 | 256 | MOTION to Vacate by Gregory Allen Williamson. (Attachments: # 1 Mailing Envelope)(MCB) (Entered: 05/29/2024) |
|---|---|---|
| 05/30/2024 | 257 | **ORDER as to Gregory Allen Williamson: The Government should respond to the pending motions no later than close of business June 4, 2024. Signed by Judge William F. Jung on 5/30/2024. (Jung, William)** (Entered: 05/30/2024) |
| 05/31/2024 | 260 | MOTION to Dismiss Indictment by Gregory Allen Williamson. (Attachments: # 1 Exhibit Indictment, # 2 Mailing Envelope)(LSS) (Entered: 06/04/2024) |
| 06/03/2024 | | Set/Reset Deadlines re Motion or Report and Recommendation in case as to Gregory Allen Williamson 246 MOTION for Miscellaneous Relief, specifically to Challenge Jurisdiction, 247 MOTION for Miscellaneous Relief, specifically to Challenge Subject Matter Jurisdiction, 240 MOTION to Compel, 256 MOTION to Vacate. Responses due by 6/4/2024 (LAB) (Entered: 06/03/2024) |
| 06/04/2024 | 258 | RESPONSE 246 MOTION for Miscellaneous Relief, specifically to Challenge Jurisdiction, 247 MOTION for Miscellaneous Relief, specifically to Challenge Subject Matter Jurisdiction by USA as to Gregory Allen Williamson (Favorit, Erin) (Entered: 06/04/2024) |
| 06/04/2024 | 259 | RESPONSE in Opposition by USA as to Gregory Allen Williamson re 256 MOTION to Vacate (Favorit, Erin) (Entered: 06/04/2024) |
| 06/10/2024 | 262 | **ENDORSED ORDER denying 260 Motion to Dismiss as to Gregory Allen Williamson (1). The pro se motion is tardy, but further fails on the merits. The indictment adequately alleges the crimes set forth and even if the motion were timely it states no grounds for dismissal. Signed by Judge William F. Jung on 6/10/2024. (Jung, William)** (Entered: 06/10/2024) |
| 06/13/2024 | 263 | RULE 32(g) FINAL PRESENTENCE INVESTIGATION REPORT as to Gregory Allen Williamson. E-copies made available to selected parties.(TH) (Entered: 06/13/2024) |
| 06/14/2024 | 265 | **ENDORSED ORDER denying 256 Motion to Vacate as to Gregory Allen Williamson (1). The motion urges a weighing of the evidence under Fed. R. Crim P. 29. This renewed Rule 29 motion is denied. The Government's case surmounts the burdens of proof and persuasion it was required to achieve. As to the alternate prayer under Fed. R. Crim. P. 33, the motion shows no interest of justice that supports relief. Further, the Rule 33 motion is untimely under Rule 33(b)(2). Signed by Judge William F. Jung on 6/14/2024. (Jung, William)** Modified on 6/14/2024 (Jung, William). (Entered: 06/14/2024) |
| 06/14/2024 | 266 | **ENDORSED ORDER denying 246 Motion to Challenge Jurisdiction as to Gregory Allen Williamson (1). The Court certainly has jurisdiction. There are two types: personal and subject matter. The Court has personal jurisdiction due to the acts being committed in the Middle District of Florida. Title 18 United States Code gives the Court subject matter jurisdiction. Thus both types of jurisdiction survive any challenge to same and the motion is due to be denied for these reasons. Although somewhat unclear, the motion appears to seek relief under the fourth amendment search and seizure clause, and due to "malicious prosecution." The latter term is not defined by the motion nor does the motion properly address the predicates for same. "Malicious prosecution" is a tort, a civil cause of action. In all, the motion is tardy with no grounds for reasonable delay or excusable neglect sufficient to excuse the tardiness; on the merits it is frivolous. Signed by Judge William F. Jung on 6/14/2024. (Jung, William)** Modified on 6/14/2024 (Jung, William). (Entered: 06/14/2024) |
| 06/14/2024 | 267 | **ENDORSED ORDER denying 247 Motion as to Gregory Allen Williamson (1). This motion is styled differently, but it is clearly a Fed. R. Crim. P. 12(3)(B) attack on a defect in the indictment, meaning the indictment misses or mis-states required elements. This motion must, expressly, be set forth before trial as Rule 12(3)(B) states. It is due to be denied for this reason. Signed by Judge William F. Jung on 6/14/2024. (Jung, William)** (Entered: 06/14/2024) |
| 06/17/2024 | 268 | MOTION for Miscellaneous Relief, specifically Use of Courtroom Facility Dog by USA as to Gregory Allen Williamson. (Favorit, Erin) (Entered: 06/17/2024) |
| 06/17/2024 | 275 | REPLY TO RESPONSE to Motion by Gregory Allen Williamson re 246 MOTION for Miscellaneous Relief, specifically to Challenge Jurisdiction, 247 MOTION for Miscellaneous Relief, specifically to Challenge Subject Matter Jurisdiction (Attachments: # 1 Mailing Envelope)(LSS) (Entered: 06/20/2024) |
| 06/18/2024 | 269 | **ENDORSED ORDER granting 268 Motion for Use of Courtroom Facility Dog as to Gregory Allen Williamson (1). Signed by Judge William F. Jung on 6/18/2024. (JCG)** (Entered: 06/18/2024) |
| 06/18/2024 | 270 | SENTENCING MEMORANDUM by USA as to Gregory Allen Williamson (Attachments: # 1 A (Williamson letters)) (Favorit, Erin) (Entered: 06/18/2024) |
| 06/18/2024 | 278 | RESPONSE/REPLY 259 Response in Opposition by Gregory Allen Williamson (Attachments: # 1 Mailing Envelope)(LSS) (Entered: 06/21/2024) |
| 06/20/2024 | 271 | Minute Entry for In Person proceedings held before Judge William F. Jung: SENTENCING held on 6/20/2024 for Gregory Allen Williamson (1), Counts 1, 2-4, 5-8, Imprisonment: LIFE. This term consists of a Life term as to Count One, a 360-month term as to Counts Two, Three, and Four, a 240-month term as to Counts, Five, Six, and Seven and a 120-month term as to Count Eight, all such terms to run concurrently; Supervised Release: LIFE. This term consists of a Life term as to Counts One through Eight, all such terms to run concurrently; Special Assessment: $800.00; Restitution: TBD. Court Reporter: Tracey Aurelio (JCG) (Entered: 06/20/2024) |

| 06/20/2024 | [272](#) | **ORDER granting [252](#) Motion for Forfeiture of Property as to Gregory Allen Williamson (1). Signed by Judge William F. Jung on 6/20/2024. (JCG)** (Entered: 06/20/2024) |
|---|---|---|
| 06/20/2024 | [273](#) | **JUDGMENT as to Gregory Allen Williamson (1), Counts 1, 2-4, 5-8, Imprisonment: LIFE. This term consists of a Life term as to Count One, a 360-month term as to Counts Two, Three, and Four, a 240-month term as to Counts, Five, Six, and Seven and a 120-month term as to Count Eight, all such terms to run concurrently; Supervised Release: LIFE. This term consists of a Life term as to Counts One through Eight, all such terms to run concurrently; Special Assessment: $800.00; Restitution: TBD. Signed by Judge William F. Jung on 6/20/2024. (JCG)** (Entered: 06/20/2024) |
| 06/20/2024 | [274](#) | STATEMENT OF REASONS as to Gregory Allen Williamson. E-copies made available to selected parties. (JCG) (Entered: 06/20/2024) |
| 06/21/2024 | [276](#) | NOTICE OF APPEAL by Gregory Allen Williamson re [273](#) Judgment. Filing fee not paid (Brunvand, Bjorn) (Entered: 06/21/2024) |
| 06/21/2024 | [277](#) | TRANSMITTAL of initial appeal package as to Gregory Allen Williamson to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re [276](#) Notice of Appeal. Eleventh Circuit Transcript information form forwarded to pro se litigants and available to counsel at www.flmd.uscourts.gov under Forms and Publications/General. (LAB) (Entered: 06/21/2024) |
| 06/24/2024 | | USCA Case Number as to Gregory Allen Williamson. USCA Number: 24-12038-D for [276](#) Notice of Appeal filed by Gregory Allen Williamson. (SET) (Entered: 06/24/2024) |
| 07/11/2024 | [279](#) | TRANSCRIPT information form filed by Gregory Allen Williamson for proceedings held on 9/6/2022, 10/11/2022, 5/11/2023, 8/15/2023, 3/11/2024 - 3/14/2024 and 6/20/2024 before Judge Jung and Tuite re [276](#) Notice of Appeal. USCA number: 24-12038. Electronic notification sent to Court Reporter Tracy Aurelio (Brunvand, Bjorn) (Entered: 07/11/2024) |
| 07/11/2024 | [280](#) | COURT REPORTER ACKNOWLEDGMENT by TRACEY AURELIO re [276](#) Notice of Appeal as to Gregory Allen Williamson. Estimated transcript filing date: 8/11/24. USCA number: 24-12038. (TVA) (Entered: 07/11/2024) |
| 07/15/2024 | 281 | **ENDORSED ORDER finding as moot [240](#) Motion to Compel as to Gregory Allen Williamson (1). Signed by Judge William F. Jung on 7/15/2024. (Jung, William)** (Entered: 07/15/2024) |
| 07/22/2024 | [283](#) | PROOF OF PUBLICATION as to Gregory Allen Williamson newspaper: Official Government Internet Site (www.forfeiture.gov) dates of publication: 30 consecutive days from June 22, 2024 through July 21, 2024. (Nebesky, Suzanne) (Entered: 07/22/2024) |
| 07/30/2024 | [284](#) | COURT REPORTER ACKNOWLEDGMENT by Tana J. Hess re [276](#) Notice of Appeal as to Gregory Allen Williamson. Estimated transcript filing date: previously filed. USCA number: 24-12038. (TJH) (Entered: 07/30/2024) |
| 07/31/2024 | [285](#) | NOTIFICATION that transcript has been filed by Tana J. Hess re: [276](#) Notice of Appeal as to Gregory Allen Williamson. USCA number: 24-12038. (TJH) (Entered: 07/31/2024) |
| 08/13/2024 | [287](#) | TRANSCRIPT of miscellaneous pre-hearing for date of September 6, 2022 held before Judge Christopher P. Tuite, re: [276](#) Notice of Appeal as to Gregory Allen Williamson. Court Reporter/Transcriber: David J. Collier. Email address: david_collier@flmd.uscourts.gov. Telephone number: 813-301-5575.<br><br>NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 9/3/2024. Redacted Transcript Deadline set for 9/13/2024. Release of Transcript Restriction set for 11/12/2024. (DJC) (Entered: 08/13/2024) |
| 08/22/2024 | [289](#) | MOTION for Forfeiture of a Final Order by USA as to Gregory Allen Williamson. (Nebesky, Suzanne) (Entered: 08/22/2024) |
| 09/16/2024 | [290](#) | TRANSCRIPT of DAY 1, JURY TRIAL for dates of 3/11/24 held before Judge WILLIAM F. JUNG, re: [276](#) Notice of Appeal as to Gregory Allen Williamson. Court Reporter/Transcriber: TRACEY AURELIO. Email address: tracey_aurelio@flmd.uscourts.gov. Telephone number: 8133015448.<br><br>NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 10/7/2024. Redacted Transcript Deadline set for 10/17/2024. Release of Transcript Restriction set for 12/16/2024. (TVA) (Entered: 09/16/2024) |
| 09/16/2024 | [291](#) | TRANSCRIPT of DAY 2, JURY TRIAL for dates of 3/12/24 held before Judge WILLIAM F. JUNG, re: [276](#) Notice of Appeal as to Gregory Allen Williamson. Court Reporter/Transcriber: TRACEY AURELIO. Email address: tracey_aurelio@flmd.uscourts.gov. Telephone number: 8133015448.<br><br>NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request |

| | | Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 10/7/2024. Redacted Transcript Deadline set for 10/17/2024. Release of Transcript Restriction set for 12/16/2024. (TVA) (Entered: 09/16/2024) |
|---|---|---|
| 09/16/2024 | 292 | TRANSCRIPT of DAY 3, JURY TRIAL for dates of 3/13/24 held before Judge WILLIAM F. JUNG, re: 276 Notice of Appeal as to Gregory Allen Williamson. Court Reporter/Transcriber: TRACEY AURELIO. Email address: tracey_aurelio@flmd.uscourts.gov. Telephone number: 8133015448.<br><br>NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 10/7/2024. Redacted Transcript Deadline set for 10/17/2024. Release of Transcript Restriction set for 12/16/2024. (TVA) (Entered: 09/16/2024) |
| 09/17/2024 | 293 | TRANSCRIPT of SENTENCING HEARING for dates of 6/20/24 held before Judge WILLIAM F. JUNG, re: 276 Notice of Appeal as to Gregory Allen Williamson. Court Reporter/Transcriber: TRACEY AURELIO. Email address: tracey_aurelio@flmd.uscourts.gov. Telephone number: 8133015448.<br><br>NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 10/8/2024. Redacted Transcript Deadline set for 10/18/2024. Release of Transcript Restriction set for 12/16/2024. (TVA) (Entered: 09/17/2024) |
| 09/17/2024 | 294 | NOTIFICATION that transcript has been filed by Tracey Aurelio re: 276 Notice of Appeal as to Gregory Allen Williamson. USCA number: 24-12038. (TVA) (Entered: 09/17/2024) |
| 10/15/2024 | 295 | **ENDORSED ORDER granting 289 Motion for Forfeiture of Property as to Gregory Allen Williamson (1). Signed by Judge William F. Jung on 10/15/2024. (Jung, William)** (Entered: 10/15/2024) |
| 10/16/2024 | 296 | **ORDER as to Gregory Allen Williamson re 289 MOTION for Forfeiture of a Final Order filed by USA Signed by Judge William F. Jung on 10/16/2024. (JCG)** (Entered: 10/16/2024) |
| 10/24/2024 | 297 | NOTICE of inquiry as to Gregory Allen Williamson. Clerk responded with courtesy copy of docket sheet. (Attachments: # 1 Mailing Envelope)(LSS) (Entered: 10/29/2024) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/13/2025 16:46:03 | | | |
| **PACER Login:** | BBrunvandNextGen | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:21-cr-00355-WFJ-CPT |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |
| **Exempt flag:** | Not Exempt | **Exempt reason:** | Not Exempt |

# Doc. 1 –

# Indictment

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

     v.

GREGORY ALLEN WILLIAMSON
a/k/a "VLAD VLAD"

CASE NO. 8:21 cr 355 WFJ -CPT
18 U.S.C. § 2422(b)
18 U.S.C. § 2251(a)
18 U.S.C. § 2252(a)(2)
18 U.S.C. § 2252(a)(4)(B)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

From an unknown date but at least as early as on or about June 10, 2019,

through on or about January 27, 2021, in the Middle District of Florida, and

elsewhere, the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

using the mail, and using a facility and means of interstate commerce, that is,

cellphones and the internet, did knowingly persuade, induce, entice, and coerce, and

attempt to persuade, induce, entice, and coerce, an individual who had not attained

the age of 18 years, D.A., to engage in any sexual activity for which any person

could be charged with a criminal offense, including lewd or lascivious battery, in

violation of Fla. Stat. § 800.04(4)(a) 1 and 2; engaging in an act which constitutes

sexual battery upon a child (12 years or older but younger than 18 years) by a person

with familial or custodial authority, in violation of Fla. Stat. § 794.011(8)(b); and

solicitation of a minor by computer services or devices, in violation of Fla. Stat.
§ 847.0135(3)(a).

In violation of 18 U.S.C. § 2422(b).

### COUNT TWO

On or about May 5, 2020, in the Middle District of Florida, and elsewhere, the
defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

did attempt to employ, use, persuade, induce, entice, and coerce a minor to engage
in any sexually explicit conduct for the purpose of producing a visual depiction of
such conduct, knowing and having reason to know that such visual depiction would
be transported and transmitted using any means and facility of interstate and foreign
commerce, and knowing and having reason to know that such visual depiction
would be transported and transmitted in and affecting interstate and foreign
commerce, and the visual depiction was produced and transmitted using materials
that had been mailed, shipped, and transported in and affecting interstate and foreign
commerce by any means, including by computer, and the visual depiction was
actually transported and transmitted using any means and facility of interstate and
foreign commerce, and the visual depiction was actually transported and transmitted
in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

2

## COUNT THREE

On or about May 26, 2020, in the Middle District of Florida, and elsewhere, the defendant,

### GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

did employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and knowing and having reason to know that such visual depiction would be transported and transmitted in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

3

## COUNT FOUR

On or about May 26, 2020, in the Middle District of Florida, and elsewhere, the defendant,

### GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

did employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and knowing and having reason to know that such visual depiction would be transported and transmitted in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

4

## COUNT FIVE

On or about January 16, 2020, in the Middle District of Florida, and elsewhere, the defendant,

**GREGORY ALLEN WILLIAMSON,**
a/k/a "VLAD VLAD,"

did knowingly distribute a visual depiction using any means and facility of interstate and foreign commerce, and that has been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT SIX

On or about February 5, 2020, in the Middle District of Florida, and elsewhere, the defendant,

**GREGORY ALLEN WILLIAMSON,**
a/k/a "VLAD VLAD,"

did knowingly distribute a visual depiction using any means and facility of interstate and foreign commerce, and that has been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT SEVEN

On or about September 8, 2020, in the Middle District of Florida, and

elsewhere, the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

did knowingly distribute a visual depiction using any means and facility of interstate

and foreign commerce, and that has been shipped and transported in and affecting

interstate and foreign commerce, when the production of the visual depiction

involved the use of a minor engaging in sexually explicit conduct, and the visual

depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT EIGHT

Beginning on an unknown date, but at least as early as 2006 and continuing

up to and including January 27, 2021, in the Middle District of Florida, and

elsewhere, the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

did knowingly possess a matter, which contained a visual depiction that had been

shipped and transported using any means and facility of interstate and foreign

commerce, and that had been shipped and transported in and affecting interstate and

foreign commerce, and that had been produced using materials which had been

shipped and transported using any means and facility of interstate and foreign

commerce, and that had been produced using materials that had been shipped and

transported in and affecting interstate and foreign commerce, by any means, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct, and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## FORFEITURE

1.     The allegations contained in Counts One through Eight are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 2253 and 2428.

2.     Upon conviction of a violation of 18 U.S.C. § 2422(b), the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

a.     any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

b.     any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

3.     Upon conviction of a violation of 18 U.S.C. § 2251(a) and/or 18 U.S.C. § 2252(a), the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

7

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

a.  Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

b.  Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c.  Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

4.    The property to be forfeited includes, but is not limited to, the following:

a.  one Samsung Galaxy Note 8 mobile phone;

b.  one Gateway Personal Computer, model ZX6970;

c.  two USB charging plugs containing hidden cameras;

d.  one Seagate 500 GB hard drive;

e.  one Western Digital 500 GB hard drive; and

f.  one Western Digital 1 TB hard drive.

5.    If any of the property described above, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be

subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 2253(b) and 2461(c).

A TRUE BILL,

_____                    _____

Foreperson

KARIN HOPPMANN
Acting United States Attorney

By: _____

FRANCIS D. MURRAY
Assistant United States Attorney

By: _____

CARLTON C. GAMMONS
Assistant United States Attorney
Chief, Special Victims Section

9

FORM OBD-34
November 21

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

## GREGORY ALLEN WILLIAMSON
### a/k/a "VLAD VLAD"

## INDICTMENT

Violations: 18 U.S.C. § 2422(b), 18 U.S.C. § 2251(a)
18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(a)(4)(B)

A true bill,

_____                _____
Foreperson

Filed in open court this 3rd day

of November, 2021.

_____
Clerk

Bail $_____

GPO 863 525

# Doc. 44 –

# Motion to Suppress

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,

     v.                              CASE NO. 8:21-cr-355-WFJ-CPT

GREGORY ALLEN WILLIAMSON,

     Defendant.

_____/

## MOTION TO SUPPRESS

Defendant Gregory Allen Williamson, pursuant to the Fourth Amendment of the Constitution of the United States, respectfully requests to suppress evidence gathered from the result of a search warrant. For the reasons explained in the Memorandum below, this motion should be granted.

## INTRODUCTION

The results of the search warrants must be suppressed. Yahoo! acted as a state actor without a warrant, in violation of the Fourth Amendment. Even if Yahoo! were not a state actor, law enforcement exceeded the scope of Yahoo!'s private search and therefore the fruits of the search must still be suppressed.

Moreover, the warrant applications for the search of Mr. Williamson's residence and to Yahoo! contained material misrepresentations and omissions, including that NCMEC had previously identified material as child pornography when it had not.

## FACTUAL BACKGROUND

1.      Mr. Williamson was arrested on or about November 17, 2021, pursuant to an Indictment and supporting affidavit alleging violations of 18 U.S.C. § 2422(b), 18 U.S.C. § 2252(a), 18 U.S.C. § 2252(a)(2), and 18 U.S.C. § 2252(a)(4)(B).

2.      This case arises from a report from Oath Holdings d/b/a Yahoo! ("Yahoo!") to the National Center for Missing and Exploited Children ("NCMEC") through its CyberTipline reporting system.

3.      Attached as **Exhibit A** is the CyberTipline report from NCMEC. Section A of that report contains all the information provided by Yahoo! to NCMEC.

4.      The CyberTipline report identifies seven images and provides the date they were uploaded through a Yahoo! e-mail account titled *vladlover50@yahoo.com*, and the internet protocol ("IP") address from which they were uploaded.  Section A of the CyberTipline report states: "Did Reporting ESP view entire contents of uploaded file?:  Yes."  However, it is unclear from the report what this means, and it does not identify who at Yahoo! identified, what was viewed, or a description of the contents.  It may be that Yahoo! only viewed the computer code of the files and did not view the actual images.  Neither Yahoo! nor NCMEC provided any additional information as to what may or may not have

been viewed by Yahoo!  NCMEC did not view the images in the CyberTipline Report.

5.      Section B of the report adds automated information that cross-references the "hash"[1] information of the image to other images that NCMEC has previously categorized.  The seven images were put into categories titled "CP (Unconfirmed)," "Apparent Child Pornography," and "Child Clothed."  Ex. A, p. 8.

6.      Undersigned counsel spoke with the General Counsel for the NCMEC, Yiota Souras, who defined these labels.  "CP (Unconfirmed)" means that the age of the person in the photograph could not be determined.  This is also known as "age difficult."   "Apparent Child Pornography" means that the image meets the federal definition of child pornography.  And "Child Clothed" means that the child is clothed, which could also be defined as "child erotica."

7.      NCMEC reported the information to the Central Florida Internet Crimes Against Children Task Force.  Ex. A, p. 11.

8.      On November 11, 2020, Detective James Keller of the North Port Police Department received the CyberTipline Report.  Based on this information,

---

[1] "A hash value 'is a unique string of letters and numbers that reflects the content of an image or video file" and is created using a common algorithm like MD5. The series of letters and numbers are a file's digital fingerprint.'"  *United States v. Montijo*, 2:21-CR-75-SPC-NPM, 2022 WL 93535, at *2 (M.D. Fla. Jan. 10, 2022).

Detective Keller submitted a subpoena to Comcast for the subscriber information of the IP address identified in the CyberTipline Report. Comcast identified Aliona Williamson, Mr. Williamson's wife, as the subscriber, along with the address of their residence in North Port.

9.      Detective Keller submitted a warrant application to search Mr. Williamson's residence. A copy of that Warrant Application is attached as **Exhibit B**. As part of that warrant application, he stated that he reviewed the images. For three of the seven images stated that "NCMEC had categorized this image previously as Child Pornography," when in fact NCMEC has actually identified those images as "CP (Unconfirmed)" (a/k/a "age difficult"). Ex. B, at p. 4.

10.     Detective Keller identifies two of the other seven images as "age difficult," and states that term "means it is difficult to determine an approximate age of the subject in the image." *Id*.

11.     In the final image ("image.1-1.jpeg"), Det. Keller does not identify whether the subject he describes is nude. Further, this was allegedly uploaded through Yahoo! on September 8, 2020. However, pursuant to a warrant served on Yahoo!, Yahoo! produced a chart showing dates that the relevant e-mail account was logged into, and the last date was September 5, 2020. See Yahoo! Login List, attached as **Exhibit C**.

12.     Despite recognizing that not all images are child pornography, Detective Keller states in the Warrant Application that he "determined that the reported user uploaded seven pictures of child sexual abusive material." *Id*. That discrepancy is not explained in the Warrant Application.

13.     The Warrant Application was approved by Circuit Judge Rochelle Curley on January 27, 2021. The warrant permitted a search of Mr. Williamson's residence and seizure of certain items, including electronic devices. *Id*. at p. 12-13. Judge Curley was not provided the actual images as part of the Warrant Application.

14.     On January 27, 2021, Mr. Williamson's home was searched and he was arrested. He has remained in custody since that time.

## <u>MEMORANDUM OF LAW</u>

**I.     The evidence seized pursuant to the search warrant must be suppressed because the search here was beyond the scope of a private search.**

The evidence seized pursuant to the search warrant in this matter must be suppressed. Yahoo! acted as a state actor in its search of the account allegedly belonging to Mr. Williamson and was therefore subject to the Fourth Amendment. Even if Yahoo! was not a state actor, the search by law enforcement and its agents exceeded the scope of a private search and the warrant results must nonetheless be suppressed.

### A.     The Fourth Amendment

5

The Fourth Amendment protects individuals against unreasonable searches and seizures. *See Hudson v. Michigan*, 547 U.S. 586, 593 (2006) ("Until a valid warrant has issued, citizens are entitled to shield 'their persons, houses, papers, and effects' from the government's scrutiny." (*quoting* U.S. Const. amend. IV)). It provides:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

When a search or seizure is conducted by the government without a warrant, the government must establish that it did not violate the Fourth Amendment. *See United States v. Freire*, 710 F.2d 1515, 1519 (11th Cir. 1983) ("Upon a motion to suppress evidence garnered through a *warrantless* search and seizure, the burden of proof as to the reasonableness of the search rests with the prosecution."). Under the exclusionary rule, evidence resulting from an unconstitutional search or seizure cannot be admitted as proof against the victim of the search, and therefore must be suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 485 (1963).

**B.    Yahoo! is a state actor for Fourth Amendment purposes.**

Yahoo! is an agent of the government for Fourth Amendment purposes because it has special rights and obligations granted by law, and because it maintains a nexus and special relationship with NCMEC, which is also a state actor.

**1.    Yahoo! has special obligations and privileges under the law.**

The Supreme Court has held that "surely [it] cannot be that government, state or federal, is able to evade the most solemn obligations imposed in the Constitution by simply resorting to the corporate form." *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 375 (1995).  In *Lugar v. Edmondson*, the Supreme Court held that an entity is a state actor if the constitutional deprivation is "fairly attributable to the State." 457 U.S. 922, 937 (1982).   The determination of whether a private entity is a state actor must take into consideration all circumstances and facts and no one fact is dispositive. *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295-96 (2001). Further, "only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961).

7

The Supreme Court has recognized that what might convert a private actor to a state actor might vary with the circumstances of the case, and so do the tests used to analyze that question. *Lugar*, 457 U.S. at 939. The Court has articulated a number of such tests, including the "public function" test, the "state compulsion" test, and the "nexus" test. *Id*. As articulated in the Eleventh Circuit, those standards are described as whether: (1) the state has coerced or at least significantly encouraged the action alleged to have violated the Constitution ("the state compulsion" test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (the "public function test"); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (the "nexus" test). *Washington v. Veterans of Foreign Wars of U.S.*, 196 Fed. Appx. 777, 779 (11th Cir. 2006.

Here, Yahoo! is a "state actor" and satisfies all three tests. Federal law compels Yahoo! to report potential child pornography to NCMEC. 18 U.S.C. § 2258A.[2] Moreover, the failure to do so subjects Yahoo! to punishment, including fines of hundreds of thousands of dollars per incident. 18 U.S.C. § 2258A(e). As part of its obligations under § 2258A, Yahoo!, like NCMEC, is also entitled to

---

[2] Yahoo! is a "provider" as that term is defined in 18 U.S.C. § 2258A. *See* 18 U.S.C. § 2258E(6).

possess child pornography.[3]  Absent such a special privilege, it would otherwise commit serious federal crimes on a regular basis by possessing such child pornography.  Instead, it is immune from such prosecution.[4]  Moreover, by putting the onus on internet service providers like Yahoo! to report child pornography, the government has delegated to Yahoo! and NCMEC the "public function" of law enforcement, which would otherwise be solely responsible for investigating such crimes.  Thus, the government has, at the very least, "significantly encouraged" (if not outright compelled) the search by Yahoo! here, and has delegated an essential law enforcement function to Yahoo! and therefore made it a "state actor" for Fourth Amendment purposes.

Moreover, Yahoo! also satisfies the "nexus" test due to its close relationship with NCMEC, which is itself a state actor.  *See e.g. U.S. v. Ackerman*, 831 F.3d 1292 (10th Cir. 2016) (holding NCMEC to be a governmental entity or agency for amendment purposes).  NCMEC is a state actor because it enjoys a "broad delegation of power" that provides it with more law enforcement powers than

_____

[3] *See* 18 U.S.C. § 2285A(b)(4), which permits a provider to have "custody" of "any visual depiction of apparent child pornography" and make and provide it to NCMEC.

[4] Roger Allan Ford, *Data Scams*, 57 Hous. L. Rev. 111, 183 (2019) ("Under federal law, service providers are obligated to report known instances of child pornography to NCMEC, and both they and the NCMEC are immune from liability for doing so.").

private individuals could invoke. *See* 18 U.S.C. § 2258A. For example, NCMEC is statutorily delegated powers which mandate that it is the sole collaborator—with regards to its duties—with state and federal law enforcement. *Ackerman*, 831 F.3d at 1296. Of relevance here is the CyperTipline.  NCMEC alone maintains the Tipline. *Id*. In addition, internet service providers (like Yahoo!) must report any exploitation to NCMEC, not to law enforcement agencies. *Id*.  Then, NCMEC must forward a report to law enforcement. *Id*. In addition, unlike a private entity, NCMEC can receive and forward the child pornography without civil or criminal prosecution. *Id*. at 1297.

Because NCMEC is a state actor, Yahoo!'s close relationship with NCMEC renders Yahoo! a state actor as well.  In the Eleventh Circuit "The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Focus On The Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003) (*quoting Willis v. Un. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993)). "To charge a private party with state action under this standard, the governmental body and private party must be intertwined in a 'symbiotic relationship.'" *Nat'l Broad. Co., Inc. v. Communications Workers of Am., AFL-CIO*, 860 F.2d 1022, 1027 (11th Cir. 1988) (quoting *Jackson v. Metropolitan Edison Company,* 419 U.S. 345, 349 (1974)).

NCMEC and Yahoo! maintain such a "symbiotic relationship." *Id.* As discussed above, federal law requires Yahoo! to report to NCMEC. 18 U.S. Code § 2258A. Yahoo! will suffer a serious penalty if it fails to adhere to the reporting mandates. *Id.* In addition, once Yahoo! sends a tip to NCMEC, it must preserve the file. Although Yahoo! is not required by law to search its email accounts for child pornography, this occurs regularly based on Yahoo! relationship with NCMEC. Indeed, the NCMEC CyberTipline system could not function without the reporting of providers like Yahoo!

Indeed, Yahoo! (through its owner Verizon) touts its partnership with NCMEC. Its corporate policy describes it as having a "close partnership" with NCMEC.[5] Verizon is a "Protector level" sponsor of NCMEC and has donated millions of dollars to NCMEC to "further support NCMEC's mission…[and] to amplify NCMEC's voice." *Id.* Specifically, regarding the CyberTipline, Yahoo! and NCMEC are entwined based on shared legal duties and their actions reflect a joint effort and commitment to work together. To be sure, providers like Yahoo! are crucial (and legally required) to enable NCMEC to provide its government function.

---

[5] *See* Verizon Digital Safety Policy, available at https://www.verizon.com/about/our-company/company-policies/digital-safety.

11

By performing its role, Yahoo! invaded an e-mail address to report the information in the CyberTipline.  E-mail is subject to a legitimate expectation of privacy. Email is an "indispensable part in the Information Age" to the extent that it is "essential or necessary." *United States v. Warshak*, 631 F.3d 266, 286 (6th Cir. 2010). It has become a preferred and critical mode of communication. *Id*. It is almost impossible not to have an email address. *Id*. Additionally, email accounts store more than expressive communication; it is "an account of its owner's life." *Id*.  In summary, the Government should not be able to skirt the constitutional duties of the Fourth Amendment to illegally search for specific content in a person's email account through joint action with private corporations.

For these reasons, Yahoo! is a state actor and its actions constituted a warrantless search.  Absent Yahoo!'s search and reporting to NCMEC (and subsequently to law enforcement), no warrant could have been issued.  Therefore, the results of that search must be suppressed.

### C.    Even if Yahoo! conducted a private search, law enforcement exceeded the scope of that search.

If the Court finds Yahoo! not to be a state actor and instead acted as a private party, then law enforcement's subsequent search exceeded the scope of the private search and must therefore be excluded.   Here, by viewing the images from the email account without knowing whether they had been viewed by Yahoo!, Detective Keller exceeded the scope of any private search.  Keller relied on

12

descriptions of those images in applying for the warrant to search Mr. Williamson's residence.

While the Fourth Amendment does not apply to searches by private individuals ("the private search doctrine"), if a subsequent, warrantless search by law enforcement exceeds the scope of the private search, the evidence must nonetheless be suppressed. *See Walter v. United States*, 447 U.S. 649 (1980); *United States v. Jacobsen,* 466 U.S. 109, 120 (1984).

Here, neither NCMEC nor Detective Keller had any actual information that Yahoo! actually viewed the seven images that were the basis of the Warrant Application. While the NCMEC CyberTipline report states that "Did Reporting ESP view entire contents of uploaded file?: Yes." This phrase is entirely undefined in the CyberTipline Report. At best, this is hearsay-within-hearsay and not sufficient to form the basis for Detective Keller to know what information was subject to the "private search" doctrine, or to know whether he was exceeding the scope of that search in viewing the images himself. Hearsay may be used to support a warrant, but must have a "substantial basis for crediting the hearsay." *United States v. Ventresca*, 380 U.S. 102, 108 (1965) (*quoting United States v. Jones*, 362 U.S. 257 (1960) (*overturned on other grounds by United States v. Salvucci*, 448 U.S. 83 (1980)).

13

Here, there was no such basis for crediting the hearsay. Detective Keller obtained a warrant for Yahoo! records prior to obtaining the warrant to search Mr. Williamson's home. Yahoo! did not provide a report or any other information describing the scope of its search. As a result, it is unknown who at Yahoo! submitted the CyberTipline report. It is therefore also unknown who either the Government or undersigned counsel could call as a witness to testify as to the scope of Yahoo!'s search or what they would say. Detective Keller apparently made no attempt to obtain any additional from Yahoo! about the scope of its search prior to submitting the Warrant Application for Mr. Williamson's residence. Indeed, that Warrant Application makes no reference to whether Yahoo! viewed the images. Ex. B. The CyberTipline Report states that NCMEC did not view the images. Ex. A, p. 8.

It is entirely unclear whether Yahoo! actually reviewed the images that formed the basis of the Warrant Application. By Detective Keller viewing the images himself, law enforcement exceeded the scope of any private search conducted by Yahoo! As a result, the fruits of the search on Mr. Williamson's residence must be suppressed.

### III.    The Warrant Application makes reckless misrepresentations and omissions and therefore the evidence must be suppressed.

The Warrant Application in support of the search warrant for Mr. Williamson's residence makes material misrepresentations and omissions. The fruits of the subsequent search must therefore be suppressed.

In *Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978), the Supreme Court held that a search warrant is void under the Fourth Amendment if the affidavit supporting the warrant contains "deliberate falsity or ... reckless disregard" for the truth." *See Madiwale v. Savaiko*, 117 F.3d 1321, 1326 (11th Cir. 1997). The reasoning in *Franks* also applies to information omitted from warrant affidavits. *United States v. Ward*, 732 Fed. Appx. 861, 862 (11th Cir. 2018). Thus, a warrant affidavit violates the Fourth Amendment when it contains omissions "made intentionally or with a reckless disregard for the accuracy of the affidavit." *Madiwale*, 117 F.3d at 1327. (*quoting United States v. Martin,* 615 F.2d 318, 329 (5th Cir.1980). A party need not show by direct evidence that the affiant makes an omission recklessly. Rather, it "is possible that when the facts omitted from the affidavit are clearly critical to a finding of probable cause the fact of recklessness may be inferred from proof of the omission itself." *Id.*

Here, there were material omissions and misrepresentations made in the warrant that were clearly critical to a finding of probable cause. Thus, the fruits of the search resulting from the warrant must be suppressed.

15

**A.      Detective Keller misrepresented the images that formed the basis for a finding of probable cause.**

The Warrant Application at issue here initially states that Detective Keller "reviewed the cyber tip and determined that the reported user uploaded seven pictures of child sexual abusive material (CSAM)" Ex. B, ¶ 3.   Keller then immediately contradicts himself and states that three of the seven images are, in fact, not CSAM.   EX ¶ 7, 9.   Keller does not point out this discrepancy in the warrant affidavit.

For three of the remaining four images that form the basis of probable cause, Keller misrepresents through omission that they are child pornography.     For those three images, Keller states that "NCMEC had categorized this image previously as Child Pornography."   Ex. B, ¶ 4, 5, 8.   This misrepresents the actual categorization by NCMEC, which was that these images were "CP (Unconfirmed)."

On April 22, 2022, undersigned counsel spoke with NCMEC's General Counsel, Yiota Souras, and Senior Counsel, Ann Park, to inquire as to the definitions of categories used by NCMEC in describing potential CSAM. NCMEC's attorney stated that the definition "CP (Unconfirmed)" means that, while the image otherwise meets the definition of pornography,  the age of the subject could not be determined.   Undersigned counsel inquired whether the definition was synonymous with the phrase "age difficult" that Detective Keller

16

used in the warrant application.  NCMEC's counsel answered in the affirmative.

Detective Keller thus misrepresented to the judge who signed the warrant that

these images were previously categorized by NCMEC as "Child Pornography"

and omitted that the definition included images where the age of the subject could

not be determined.  Thus, six of the seven images were falsely identified to the

judge as CSAM material.

An image that is merely "age difficult" cannot provide probable cause for a

search.  By definition, "age difficult" (and likewise "CP (Unconfirmed)" by

NCMEC) means that Detective Keller could not determine whether or not the

image was child pornography.  Thus, it cannot be "probable" that a crime occurred

based on those images.  Hypothetically, if an officer were to submit a warrant to

search a house for drugs and stated in the warrant application "I cannot tell you

whether any drugs are involved in this case or not," there is no chance the warrant

would be approved, and with good reason.  The privacy of a person's home is

entitled to a great deal of protection under the law.  *Georgia v. Randolph*, 547 U.S.

103. 126 (2006) ("Since we hold to the centuries-old principle of respect for

the privacy of the home, it is beyond dispute that the home is entitled to special

protection as the center of the private lives of our people.").  To allow a search

warrant of a person's home without even having a reason to believe a crime was

committed is inherently unreasonable.

17

With respect to the single remaining image, "image.1-1.jpeg," Ex. B ¶ 6, Detective Keller also made material misrepresentations and omissions in the warrant application. The NCMEC Cybertip Report states that the date this image was uploaded at 4:00 p.m. 9/8/20 via Yahoo! email. Ex. B, ¶ 1. However, at the time of the application for a warrant to search Mr. Williamson's residence, Detective Keller had already submitted a warrant to Yahoo!. As part of its response, Yahoo! provided a list of the date and time of every login to the e-mail account at issue. That list of log-ins shows that the last login to the e-mail account was on 9/5/20 and that there was no login to that account on 9/8/20. If there was no log-in on 9/8/20 (the date this image was uploaded), then it is entirely unclear how it could have been uploaded on that date.

Despite having this information at the time of the warrant application for the residence, Detective Keller made no attempt to explain how an image could have been sent from an e-mail on 9/8/20 when that account had not been accessed for several days prior. This is a material omission that could likely have given pause to the judge who signed the warrant.

The warrant applications for both Mr. Williamson's residence and to Yahoo! contain the same defects and make material misrepresentations and omissions about each of the seven image that formed the basis for Judge Curley to grant the warrant.

18

The misrepresentations and omissions set forth above regarding the nature of the images as containing child pornography when virtually all were "age difficult" or not pornography at all were clearly critical to the approval of the Warrant Application. Detective Keller's failure to include this information was, at minimum, a reckless disregard for the accuracy of the affidavit. The fruits of the searches must be suppressed.

## CONCLUSION

For the above reasons, Mr. Williamson respectfully requests that this Motion be granted, that all evidence obtained as a result of the search warrant on Mr. Williamson's residence be suppressed, and that the Court grant all other relief that the Court deems necessary and proper.

Respectfully submitted:

/s/ Gus M. Centrone
Gus M. Centrone (FB# 30151)
KYNES, MARKMAN & FELMAN, P.A.
P.O. Box 3396
Tampa, FL  33601-3396
Telephone: (813) 229-1118
Facsimile: (813) 221-6750
GCentrone@kmf-law.com

*Counsel for Defendant Gregory Allen Williamson*

19

## <u>CERTIFICATE OF SERVICE</u>

I HERBY CERTIFY that on May 5, 2022, I electronically filed the foregoing with the Clerk of Court through the CM/ECF Filing System which will send a notice of electronic filing to all counsel of record.


<u>/s/ Gus M. Centrone</u>
Gus M. Centrone

# EXHIBIT A



NATIONAL
CENTER FOR
**MISSING &**
**EXPLOITED**
C H I L D R E N®

# CyberTipline Report 79384716

## Priority Level: E
## (Report submitted by a registered Electronic Service Provider)

Received by NCMEC on 09-10-2020 18:02:08 UTC

All dates are displayed as MM-DD-YYYY

Except for times provided in Additional Information sections, all time zones are displayed in UTC

# Executive Summary

**The following is a brief overview of information contained in this CyberTipline report:**

**Incident Type:** Apparent Child Pornography
    Files Not Reviewed by NCMEC, Hash Match

NCMEC Incident Type is based on NCMEC's review of the report **OR** a "Hash Match" of one or more uploaded files. NCMEC may not have viewed all uploaded files submitted by the reporting ESP.

One or more files uploaded in this CyberTipline report have resulted in a "Hash Match" to a file from a previous CyberTipline report. NCMEC staff have not viewed the uploaded files submitted with this CyberTipline report that are designated as "Hash Match." The "Hash Match" designation indicates that the uploaded files match the hash values of uploaded files from a CyberTipline report that were previously viewed and categorized by NCMEC at the time this report was generated.

Please see Section B for additional information related to the Hash Match by NCMEC.

**Total Uploaded Files:** 7

The National Center for Missing & Exploited Children (NCMEC) was incorporated in 1984 by child advocates as a private, non-profit 501(c)(3) organization to serve as a national clearinghouse and resource center for families, victims, private organizations, law enforcement, and the public on missing and sexually exploited child issues. To further our mission to help find missing children, reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC makes information submitted to the CyberTipline and Child Victim Identification Program available to law enforcement and also uses this information to help identify trends and create child safety and prevention messages. As a clearinghouse, NCMEC also works with Electronic Service Providers, law enforcement and the public in a combined effort to reduce online child sexual abuse images. NCMEC performs its programs of work pursuant to its own private mission and independent business operations. NCMEC does not act in the capacity of or under the direction or control of the government or law enforcement agencies. NCMEC does not investigate and cannot verify the accuracy of the information submitted by reporting parties.

MISSING &
EXPLOITED
CHILDREN

CyberTipline Report 79384716 | i

## Contents

**Section A: Reported Information** ................................................................................. 1

Reporting Electronic Service Provider (ESP) ........................................................... 1

Company Information ............................................................................................... 1

Incident Information ................................................................................................. 2

Suspect ................................................................................................................... 3

Additional Information Submitted by the Reporting ESP .......................................... 3

Uploaded File Information ..................................................................................... 3–5

**Section B: Automated Information Added by NCMEC Systems** ................................ 6

Explanation of Automated Information (in alphabetical order) ................................. 6

Uploaded File Information ........................................................................................ 6

**Section C: Additional Information Provided by NCMEC** ........................................... 7

NCMEC Note #1 ...................................................................................................... 7

**Section D: Law Enforcement Contact Information** ................................................. 10

Central Florida ICAC .............................................................................................. 10

*This Report is provided solely for informational purposes pursuant to NCMEC's nonprofit mission.
Please treat all information in this Report as confidential.*

DISC-01125

# Section A: Reported Information

The following information was submitted to the CyberTipline by the Reporting Person or Reporting ESP. The information appearing in Section A is information received in the original submission. The reporting of information in Section A, other than the "Incident Type" and "Incident Time," is voluntary and undertaken at the initiative of the Reporting Person or Reporting ESP.

## Reporting Electronic Service Provider (ESP)

**Submitter:**

Yahoo! Inc

Business Address:
701 First Avenue
Sunnyvale, CA 94089 United States

**Point of Contact for Law Enforcement:**

Email: lawenforcement-inquiries@oath.com

https://lawenforcementrequests.oath.com

## Company Information

Reporting Electronic Service Provider (ESP)

Oath Holdings Inc (for information related to Yahoo accounts)
701 First Avenue
Sunnyvale, CA 94089 US
Point of Contact for Law Enforcement:
https://lawenforcementrequests.oath.com (US law enforcement only, for submitting US legal process) or
lawenforcement-inquiries@verizonmedia.com (US and non-European international law enforcement only, for inquiries) or
ie-legalpoc@verizonmedia.com (European law enforcement)

Oath Inc. (for information related to AOL accounts)
22000 AOL Way
Dulles, VA 20166
Point of Contact for Law Enforcement:
https://lawenforcementrequests.oath.com (US law enforcement only, for submitting US legal process) or
lawenforcement@teamaol.com (US and International law enforcement, for inquiries)

Oath Holdings Inc. and Oath Inc. and herein collectively referred to as ("Oath").

Company Information
To submit an emergency disclosure requests (EDR):

 U.S. law enforcement should submit an EDR through https://lawenforcementrequests.verizonmedia.com for both Yahoo and AOL accounts.

European law enforcement should submit an EDR to ie-emergencies-ilist@verizonmedia.com

All other international law enforcement should submit an EDR request to page-legalpoc@verizonmedia.com.
*****************************************************************************************

This report was submitted from the Electronic Service Provider (ESP), Oath pursuant to 18 USC § 2258A. Oath has provided NCMEC with the following explanations pertaining to the reports submitted to the CyberTipline:

This Report is provided solely for informational purposes pursuant to NCMEC's nonprofit mission.
Please treat all information in this Report as confidential.

CyberTipline Report 79384716 | **2**

When law enforcement serves legal process upon Oath Holdings Inc., law enforcement should reference:
The CyberTipline Report number
The user identifier (i.e. Yahoo or AOL email address); and/or Oath's Globally Unique
Identifier (GUID) (e.g. TYGJVP473PMKTB7CFPHVMBATKI)

The following information was submitted to the CyberTipline by the Reporting Person or Reporting ESP. The information appearing in Section A is information received in the original submission. The reporting of information in Section A, other than the "Incident Type" and "Incident Time," is voluntary and undertaken at the initiative of the Reporting Person or Reporting ESP.

Company Information

CyberTipline Report

This Report is provided solely for informational purposes pursuant to NCMEC's nonprofit mission.

Please treat all information in this Report as confidential.

For CyberTips related to images transmitted over Yahoo or AOL email, the Offense Date is the approximate date and approximate time when a message containing some of the image(s) and/or video(s) was transmitted over Yahoo or AOL email servers. To determine which reported files were part of this message, please refer to the Message ID reported under the Offense Date, and locate the the image(s)/video(s) with the same Message ID, which will be in the "Additional Information" field for each reported image and/or video. All times in Oath reports are in UTC, unless otherwise noted.

In most instances involving CyberTips related to Oath platforms other than Yahoo or AOL mail, the IP address and associated timestamp provided in the "Uploaded File Information" section of the CyberTip will be denoted with "(Upload)", which indicates that the IP address reported was the source of the reported image or video. In some cases, Oath may provide additional IP address information in this section, as described below: Other = The last known upload IP Address not associated with any of the reported content Registration = The IP Address of the user at the time the Yahoo Account was created Last Login = The IP Address of the most recent login of the reported user.

Reported image(s)/video(s) included in this CyberTip were previously posted on an Oath property/platform. The poster's account has since been disabled and these image(s)/video(s) are no longer accessible. The submitted content will be kept for at least 90 days from receipt of this report pursuant to 18 USC § 2258A(h)(2).

If your CyberTip includes a Supplemental Report authored by the Oath E-Crime Investigations Team (ECIT), the ECIT has identified the reported account as a priority, based on a number of potential factors, including but not limited to: the user(s) holding a position of authority and/or trust, the user(s) having access to children, and the user(s) being identified as repeat offenders. The Supplemental Report provides additional information about the user, and may include last login IP address, alternate communication channels (email address/phone numbers) the user added and/or verified on the account(s), and any information obtained from open-source searches.

For Oath Supplemental Reports:
Section A - Reported Information

Point of Contact for Law Enforcement:
e-crime-investigations@verizonmedia.com

Submitter:
Oath Holdings Inc
701 First Avenue
Sunnyvale, CA 94089 US

## Incident Information

*This Report is provided solely for informational purposes pursuant to NCMEC's nonprofit mission.*
*Please treat all information in this Report as confidential.*

CyberTipline Report 79384716 | **4**

## Uploaded File Information

| | |
|---|---|
| **Filename:** | image.1-1.jpeg |
| **MD5:** | 4f49b5d5ddb3da509e6a2ccba96b7152 |
| **Original Filename Associated with File:** | download.jpg |
| **Did Reporting ESP view entire contents of uploaded file?** | Yes |
| **Did Reporting ESP view the EXIF of uploaded file?** | (Information Not Provided by Company) |
| **Were entire contents of uploaded file publicly available?** | (Information Not Provided by Company) |
| **Additional Information:** | messageID for this upload: AOnVyMcZUDl-X1eqiAXYGHE_POg |
| **Additional Information:** | Upload Date/Time: 2020-09-08 16:00:08 |

## Uploaded File Information

| | |
|---|---|
| **Filename:** | image.120-1.jpeg |
| **MD5:** | bff21c35176766cbc454bc46057352b1 |
| **Original Filename Associated with File:** | 7.jpg |
| **Did Reporting ESP view entire contents of uploaded file?** | Yes |
| **Did Reporting ESP view the EXIF of uploaded file?** | (Information Not Provided by Company) |
| **Were entire contents of uploaded file publicly available?** | (Information Not Provided by Company) |
| **Additional Information:** | messageID for this upload: AlwCj4IsEdbzXeqPFAPoADRvP64 |
| **Additional Information:** | Upload Date/Time: 2019-12-06 17:25:39 |

## Uploaded File Information

| | |
|---|---|
| **Filename:** | image.97-1.jpeg |
| **MD5:** | 5574e059b84e096bb86a843a7ebc6590 |
| **Original Filename Associated with File:** | 671_1000.jpg |
| **Did Reporting ESP view entire contents of uploaded file?** | Yes |
| **Did Reporting ESP view the EXIF of uploaded file?** | (Information Not Provided by Company) |
| **Were entire contents of uploaded file publicly available?** | (Information Not Provided by Company) |
| **Additional Information:** | messageID for this upload: AEw2H3oNrZsAXiA_eQJhYFNT6gY |
| **Additional Information:** | Upload Date/Time: 2020-01-16 10:48:24 |

## Uploaded File Information

| | |
|---|---|
| **Filename:** | image.5-1.jpeg |
| **MD5:** | 72472b75dea64b1c29224d21475810af |
| **Original Filename Associated with File:** | 0_128.jpg |
| **Did Reporting ESP view entire contents of uploaded file?** | Yes |
| **Did Reporting ESP view the EXIF of uploaded file?** | (Information Not Provided by Company) |
| **Were entire contents of uploaded file publicly available?** | (Information Not Provided by Company) |
| **Additional Information:** | messageID for this upload: AKrmNOQYHsQpX04kHw1tgNIXT9E |

This Report is provided solely for informational purposes pursuant to NCMEC's nonprofit mission.
Please treat all information in this Report as confidential.

CyberTipline Report 79384716 | 5

**Additional Information:**                              Upload Date/Time: 2020-09-01 10:36:15

## Uploaded File Information

**Filename:**                                            image.118-1.jpeg
**MD5:**                                                  83ab909b2ff4944af7631fbac9acca99
**Original Filename Associated with File:**              1.jpg
**Did Reporting ESP view entire contents of uploaded file?**   Yes
**Did Reporting ESP view the EXIF of uploaded file?**   (Information Not Provided by Company)
**Were entire contents of uploaded file publicly available?**   (Information Not Provided by Company)
**Additional Information:**                              messageID for this upload: AlwCj4IsEdbzXeqPFAPoADRvP64
**Additional Information:**                              Upload Date/Time: 2019-12-06 17:25:39


This concludes Section A. All of the information in this section was submitted electronically to the CyberTipline by the Reporting Person, NCMEC Call Center or Reporting ESP. The information appearing in Section A is information received in the original submission. The reporting of information in Section A, other than the "Incident Type" and "Incident Time," is voluntary and undertaken at the initiative of the Reporting Person or Reporting ESP.

This Report is provided solely for informational purposes pursuant to NCMEC's nonprofit mission.
Please treat all information in this Report as confidential.

CyberTipline Report 79384716 | **6**

# Section B: Automated Information Added by NCMEC Systems

Upon receipt of a CyberTipline report, NCMEC Systems may conduct automated processes on the information submitted in Section A.
The information found in Section B of this CyberTipline Report has been automatically generated by NCMEC Systems. If the
CyberTipline Report was submitted by a member of the public, Section B will be blank.

### Explanation of Automated Information (in alphabetical order)

**Geo-Lookup:** When a Reporting ESP voluntarily reports an IP address for the "Suspect," NCMEC Systems will geographically resolve
the IP address via a publicly-available online query. The results of this lookup are displayed.

Geolocation data is approximate and may not display a user's exact location. Please be aware that the geolocation information provided
is not exact but is providing a reliable estimate of location based on IP address(es) voluntarily provided by the reporting ESP.

### Uploaded File Information

**File Tag(s):** NCMEC staff have not opened or viewed the uploaded files in this CyberTipline report that are listed below and designated
as "Hash Match." The "Hash Match" designation indicates that the uploaded file matches the hash value of an uploaded file from a
CyberTipline report that was previously viewed and categorized by NCMEC at the time this report was generated.

Was listed file(s) viewed by NCMEC staff? No

Does listed file(s) match file previously viewed and categorized from a CyberTipline report? Yes

#### Files and Categorization

| Filename | MD5 | Categorization |
|---|---|---|
| image.4-1.gif | d88f463af69870375efb1ea3242e1757 | CP (Unconfirmed) |
| image.125-1.jpeg | f361bb042c6bdd5fe8f1616b5a666737 | CP (Unconfirmed) |
| image.1-1.jpeg | 4f49b5d5ddb3da509e6a2ccba96b7152 | Apparent Child Pornography |
| image.120-1.jpeg | bff21c35176766cbc454bc46057352b1 | Child Clothed |
| image.97-1.jpeg | 5574e059b84e096bb86a843a7ebc6590 | CP (Unconfirmed) |
| image.5-1.jpeg | 72472b75dea64b1c29224d21475810af | CP (Unconfirmed) |
| image.118-1.jpeg | 83ab909b2ff4944af7631fbac9acca99 | Apparent Child Pornography |

**This concludes Section B**

This Report is provided solely for informational purposes pursuant to NCMEC's nonprofit mission.
Please treat all information in this Report as confidential.

DISC-01131

# Section C: Additional Information Provided by NCMEC

Section C contains information collected by NCMEC staff based on the information electronically submitted by the Reporting Person, NCMEC Call Center or Reporting ESP. Section C may contain a variety of additional information, including data gathered from queries on publicly-available, open-source websites. Any queries conducted by NCMEC staff will be documented and any query results will be saved to the electronic filing system when possible. The CyberTipline cannot confirm the accuracy of information found in public records or whether the results are affiliated with any parties relating to this report.

| | |
|---|---|
| **NCMEC Priority Level:** | E (Report submitted by a registered Electronic Service Provider) |
| **NCMEC Classification*:** | Apparent Child Pornography |
| | Files Not Reviewed by NCMEC, Hash Match |
| **NCMEC Date Processed:** | 10-22-2020 18:26:12 UTC |
| **Made Available to Law Enforcement by NCMEC:** | Yes |

NCMEC Classification is based on NCMEC's review of the report **OR** a "Hash Match" of one or more uploaded files. NCMEC may not have viewed all uploaded files submitted by the reporting ESP.

## NCMEC Note #1

*ECD-HMF 10-22-2020 18:26:12 UTC*

CT/TA query for the reported identifiers returned negative or irrelevant results.

===

WHOIS lookup for 2601:701:c200:ef50:f00e:48dc:fd43:543c :

IP and Network lookup information:

Address lookup

lookup failed
2601:701:c200:ef50:f00e:48dc:fd43:543c

Could not find a domain name corresponding to this IP address.

Network Whois record

Queried whois.arin.net with " n ! NET6-2601-700-1 "...
NetRange:     2601:700:: - 2601:73F:FFFF:FFFF:FFFF:FFFF:FFFF:FFFF
CIDR:         2601:700::/26
NetName:      WEST-FLORIDA-RPD-V6-2
NetHandle:    NET6-2601-700-1
Parent:       COMCAST6NET (NET6-2601-1)
NetType:      Reassigned
OriginAS:
Organization: Comcast Cable Communications, LLC (CCCS)
RegDate:      2015-03-24
Updated:      2017-11-28
Ref:          https://rdap.arin.net/registry/ip/2601:700::
OrgName:      Comcast Cable Communications, LLC

*This Report is provided solely for informational purposes pursuant to NCMEC's nonprofit mission.
Please treat all information in this Report as confidential.*

OrgId:        CCCS
Address:      1800 Bishops Gate Blvd
City:         Mt Laurel
StateProv:    NJ
PostalCode:   08054
Country:      US
RegDate:      2001-09-18
Updated:      2017-01-28
Ref:          https://rdap.arin.net/registry/entity/CCCS
OrgAbuseHandle: NAPO-ARIN
OrgAbuseName:  Network Abuse and Policy Observance
OrgAbusePhone: +1-888-565-4329
OrgAbuseEmail: abuse@comcast.net
OrgAbuseRef:   https://rdap.arin.net/registry/entity/NAPO-ARIN
OrgTechHandle: IC161-ARIN
OrgTechName:  Comcast Cable Communications Inc
OrgTechPhone: +1-856-317-7200
OrgTechEmail: CNIPEO-Ip-registration@cable.comcast.com
OrgTechRef:   https://rdap.arin.net/registry/entity/IC161-ARIN

DNS records
DNS query for  c.3.4.5.3.4.d.f.c.d.8.4.e.0.0.f.0.5.f.e.0.0.2.c.1.0.7.0.1.0.6.2.ip6.arpa  returned an error from the server:  NameError
No records to display
Traceroute

Tracing route to  2601:701:c200:ef50:f00e:48dc:fd43:543c [2601:701:c200:ef50:f00e:48dc:fd43:543c] ...    hop   rtt   rtt   rtt
ip address      fully qualified domain name
1   3   1   1      2607:f0d0:2701:6c:ffff:ffff:ffff:ff7e    outbound.hexillion.com
2   1   1   1      2607:f0d0:2700:1::22
3   0   0   0      2607:f0d0:2700:1::e
4   *   *   3      2607:f0d0:2:2::332    2330.0000.0000.0000.2000.2000.0d0f.7062.ip6.static.sl-reverse.com
5   2   1   2      2607:f0d0:2:2::241    1420.0000.0000.0000.2000.2000.0d0f.7062.ip6.static.sl-reverse.com
6   1   1   1      2001:559::2fd    be-112-pe03.1950stemmons.tx.ibone.comcast.net
7   *   *   *
8   *   7   *      2001:558:3:12b::1    be-302-cr11.houston.tx.ibone.comcast.net
9   *   *   *
10  *   *   *
11  *   *   *
12  *   *   *
Trace aborted

Maxmind Geographic Results:

Country: US
Region: FL
City: North Port
Postal Code: 34288
Latitude: 27.0498
Longitude: -82.1288
Metropolitan Code: Tampa-St. Petersburg (Sarasota)
ISP: Comcast Cable
Organization: Comcast Cable
Types: residential

This Report is provided solely for informational purposes pursuant to NCMEC's nonprofit mission.
Please treat all information in this Report as confidential.

CyberTipline Report 79384716 | 9

Google Geographic Results:

Country: US
Postal Code: 34288
Latitude: 27.0583726
Longitude: -82.116955
Area: 46.179 sq. km. (17.8298 sq. miles)
===
Central FL ICAC based on IP

**This concludes Section C**

If you need further information regarding the contents of this Report, please contact the CyberTipline at ecuassistance@ncmec.org
or 1-877-446-2632, ext. 6702.

For more information regarding images containing identified child victims, please contact the Child Victim Identification Program
(CVIP) at cvip@ncmec.org.

This Report is provided solely for informational purposes pursuant to NCMEC's nonprofit mission.
Please treat all information in this Report as confidential.

MISSING &
EXPLOITED
C H I L D R E N

CyberTipline Report 79384716 | **10**

# Section D: Law Enforcement Contact Information

| The report was made available to the Law Enforcement Agency listed below. |
| --- |

| Central Florida ICAC |
| --- |

Investigator:

| | |
| --- | --- |
| **Assigned Officer:** | Access VPN |
| **Title:** | Sergeant Justin Shah |
| **City/State:** | Kissimmee, FL |
| **Country:** | United States |
| **Phone Number:** | 407-344-5223 |
| **Email Address:** | jsha2@osceola.org,Tricia.teems@osceola.org,Loriana.fiorino@osceola.org |

**Time/Date was made available: 10-22-2020 18:26:12 UTC**

This concludes Section D

This concludes CyberTipline Report 79384716

This Report is provided solely for informational purposes pursuant to NCMEC's nonprofit mission.
Please treat all information in this Report as confidential.

# EXHIBIT B

## IN THE CIRCUIT COURT OF THE 12ᵀᴴ JUDICIAL CIRCUIT IN AND FOR SARASOTA COUNTY, FLORIDA

### SEARCH WARRANT
### AFFIDAVIT & APPLICATION
#### (CHILD PORNOGRAPHY - PREMISES & COMPUTER)

BEFORE ME, a Judge of the Circuit Court, personally or by sworn attestment appeared Affiant, Detective/Officer James Keller #304, duly sworn law enforcement officers of the North Port Police Department, State of Florida, who after being first properly sworn, deposes and says that they have probable cause to believe and do believe that the laws of the State of Florida have been violated, to-wit:

The laws prohibiting the possession of child pornography under the: "Computer Pornography and Child Exploitation Prevention Act", and 827.071, Florida Statutes, prohibiting the sexual performance of a child and the creation, possession or promotion of an image of such conduct, controlled by Florida State Statute 847.0135(2), 847.0135(3)(a), 847.0135(5)(a)(3), and the unlawful use of a two-way communication device controlled by Florida State Statute 934.215, have been violated by a resident or person using the internet service at the house described below,

That the officer has reason to believe and does believe that a computer or other digital device capable of accessing the internet by means of service provided at or through the residence described below was knowingly used as an instrumentality of a crime described above.

That the officer has reason to believe and does believe that evidence connected with the crime is currently located at: 2575 Rolling Rd. North Port, FL 34288.

The description and location of the premises to be searched is as follows: The target location, 2575 Rolling Rd. North Port, FL 34288, is a single-family, single story, residential dwelling. The residence was built in 2006 and has three bedrooms and two bathrooms. The residence is a block and stucco home with a shingle roof. The parcel description is "LOT 26 BLK 1672 33RD ADD TO PORT CHARLOTTE". The residence is on a corner lot with a brown shingle roof, a tan exterior color with white trim around the doors and windows. The left side of the residence has two bedroom windows. To the right is a small covered entry with a dark front door (black). To the right of the front door is a third window. To the right is a two car garage the protrudes away from the residence towards the street. Above the garage door are the numbers "2575". From the garage door is a concrete driveway that connects to the street. On the right side of the residence there is a door that leads into the garage.

To arrive at the target location from the intersection of East Price Blvd./Toledo Blade Blvd. travel east on East Price Blvd. for 0.7 miles. Turn right onto Jeannin Dr. and travel south for 0.9 miles. Turn right onto E. Hallmark Blvd. and travel west for 300 feet. Yurn

right onto Kabbaby St. and travel for 300 feet. Turn left onto Rolling Rd. and travel west for 900 feet and the residence, 2575 Rolling Rd., will be on the left-hand side.

The aforesaid location is within the jurisdictional boundaries of Sarasota County.

## GROUNDS FOR ISSUANCE:

The following grounds for issuance of a Search Warrant, as required by Florida Statutes exist, to-wit: the evidence sought is relevant to proving the aforesaid offense of violating the "Computer Pornography and Child Exploitation Prevention Act", 827.071, Florida Statutes, prohibiting the sexual performance of a child and the creation, and possession or promotion of an image of such conduct, controlled by Florida State Statute 847.0135(2) has been committed. See Florida Statute 933.02.

## PROBABLE CAUSE FOR ISSUANCE:

Your Affiant, Detective James Keller #304, has probable cause to believe that the above-named crime has been committed and that evidence may be discovered for the following reasons:

Your Affiant is a Detective/Officer with the North Port Police Department and is currently assigned to the Criminal Investigative Division. Your Affiant has been a police officer for approximately seven years and eleven months and has been assigned to the Detective Division for four years and eight months. Your Affiant is charged with the responsibility of investigating crimes such as Computer Pornography and Child Exploitation.

Your Affiant, Detective James Keller #304, is trained currently assigned to the Central Florida Internet Crimes Against Children Task Force (ICAC) since May 2019. Your affiant is also currently assigned to the FBI Child Exploitation and Human Trafficking Task Force since December 2019 as a Task Force Officer. Your Affiant has been a duly sworn Police Officer for the City of North Port Police Department since December 2012. From January 2013 to March 2016, your Affiant was assigned to the North Port Police Departments Patrol Division. In March 2016, your Affiant was assigned to the Property Crimes Unit of the Criminal Investigative Division at the North Port Police Department. In March 2017, your Affiant was assigned to the Major Crimes Unit of the Criminal Investigations Division at the North Port Police Department. In May 2019, your Affiant was tasked with investigating sex crimes in the aforementioned capacity. Your Affiant is currently the North Port Police Department's agency affiliate for the Internet Crimes Against Children (ICAC) Task Force. In his career, your Affiant has conducted criminal investigations to include: crimes involving sexual abuse of children, sexual abuse of adults, aggravated battery, robbery, home invasion, kidnapping, child pornography, and homicide. Your Affiant has obtained a Bachelor of Science of Interdisciplinary Studies from Liberty University. Your Affiant has attended a 2 hour course of instruction on an Introduction to Human Trafficking. Your Affiant has attended a 40 hour course of instruction on Sex Crimes Investigations hosted by South West Florida Public Safety

Academy. Your Affiant has attended a 40 hour course of instruction on Case Preparation and Courtroom Presentations Investigations hosted by South West Florida Public Safety Academy. Your Affiant has attended an 8 hour course of instruction on Pedophiles and Child Abductions hosted by South West Florida Public Safety Academy. Your Affiant has attended multiple 1 hour course(s) of instruction to include, Part 1 ICAC App-Based Chat Sites, Part II ICAC App-Based Chat Sites, Legal Issues for Undercover Chat Investigations, and Evolution of Online Ad Site Investigations hosted by National Criminal Justice Training Center of Fox Valley Technical College. Your Affiant has attended a 40 hour course of instruction on Undercover Online Chat Operations hosted by National Criminal Justice Training Center of Fox Valley Technical College. Your Affiant has attended a 40 hour course of instruction on ICAC Investigative Techniques hosted by National Criminal Justice Training Center of Fox Valley Technical College. Your Affiant has attended a 24 hour peer-to-peer BitTorrent Investigations and a 24 hour peer-to-peer Child Protection System (CPS) Basic P2P Investigations. Your Affiant has attended a 4 hour Identify and Investigate Human Trafficking class. Your Affiant has attended a 40 hour course of instruction on Child Exploitation Investigations hosted by South West Florida Public Safety Academy. Your Affiant has attended a 2-day training on Cellebrite Mobile Forensic Fundamentals (CMFF) and completed the training in January 2021. Your Affiant has attended a 2-day training on Cellebrite Certified Operator, a 3-day training on Cellebrite Certified Physical Analyst, and completed both trainings in January 2021. Your Affiant has viewed numerous images of Child Sexual Abuse Material (CSAM) and been involved in such cases since May 2019 and in doing so has gain experience in determining approximate ages of children involved in CSAM.

Based on all the above described training and experience, the investigative facts and activity set forth herein, your Affiant has developed probable cause to believe and does believe that the crimes described herein have been and are being committed at or within the City of North Port, Sarasota County, Florida.

## THE FOLLOWING FACTS SUPPORT YOUR AFFIANT'S PROBABLE CAUSE:

1. On September 10, 2020, Oath Holdings Inc. (Yahoo!), who is an Electronic Service Provider (ESP), submitted a child exploitation cyber tip (79384716) to the National Center for Missing and Endangered Children (NCMEC). Oath Holdings Inc. (Yahoo!) reported that the Yahoo! user identified as "vladlover50@yahoo.com" uploaded apparent child pornography on 9/8/20 at 1600 hours UTC from IP 2601:701:c200:ef50:f00e:48dc:fd43:543c to the Yahoo! Server (image three below "image.1-1.jpeg"). The reported user also uploaded other apparent child pornography on the following dates: 9/2/20, 11/8/19, 9/8/20, 12/6/19, 1/16/20, 9/1/20, and 12/6/19. Oath Holdings Inc. (Yahoo!) reported that the user account was disabled and the account was preserved.

2. On October 22, 2020, the National Center for Missing and Endangered Children (NCMEC) researched the reported IPv6 address of "2601:701:c200:ef50:f00e:48dc:fd43:543c" through a public available website called Maxmind. Maxmind provided an approximate GPS location of North Port,

Florida. The case was forwarded to the Internet Crimes Against Children Task Force (ICAC) in Central Florida who assigned it to North Port Police Department for further investigation.

3. On November 11, 2020, the North Port Police Department (NPPD) received the cyber tip (79384716). I reviewed the cyber tip and determined that the reported user uploaded seven pictures of child sexual abusive material (CSAM).

4. The first image, "image.4-1.gif", is child sexual abusive material (CSAM). This image is a gif file and is of a prepubescent minor white female torso area laying on a bed. An adult white male is captured with an erect penis ejaculating on the minor's pubic bone area above her genitals. The minor appears to be approximately 12-15 years old. The image is intended to cause sexual stimulation from the viewer. NCMEC had categorized this image previously as Child Pornography.

5. The second image, "image.125-1.jpeg", is child sexual abusive material (CSAM). The image is of a white female minor standing and wearing a white and red dress. The bottom of the dress is pulled up revealing the minor's genitals and is the focal point of the image. The minor appears to be approximately 11-12 years old. The image is intended to cause sexual stimulation from the viewer. NCMEC had categorized this image previously as Child Pornography.

6. The third image, "image.1-1.jpeg", is child sexual abusive material (CSAM). The image is of a prepubescent minor white female torso area laying on a bed. An adult white male is in the image with an erect penis and semen on the minor's pubic bone area above her genitals. The minor appears to be approximately 7-8 years old. The image is intended to cause sexual stimulation from the viewer. NCMEC had categorized this image previously as Apparent Child Pornography.

7. The fourth image, "image.120-1.jpeg", is of a white female clothed. The image is child erotica and not child sexual abusive material (CSAM).

8. The fifth image, "image.97-1.jpeg", is child sexual abusive material (CSAM). The image is of a prepubescent minor white female laying on a bed naked with her legs spread open and semen on her stomach above her genitals. The minor appears to be approximately 12-13 years old. The image is intended to cause sexual stimulation from the viewer. NCMEC had categorized this image previously as Child Pornography.

9. The sixth image, "image.5-1.jpeg", and the seventh image, "image.118-1.jpeg" are of a white female. The pictures are age difficult. Age difficult means that it is difficult to determine an approximate age of the subject in the image.

10. I searched the IPv6 address (2601:701:c200:ef50:f00e:48dc:fd43:543c) the image was uploaded with through the American Registry for Internet Numbers (ARIN) and it came back registered to Comcast. An investigative subpoena was executed

to Comcast for the IP address. Comcast provided a response with a subscriber of Aliona Williamson with a subscriber address of 2575 Rolling Rd. North Port, FL 34288.

11. According to the Florida Driver and Vehicle Information Database (DAVID), Aliona Williamson (FL DL W452000827170) and Gregory Allen Williamson (FL DL W452281632250), have the residence 2575 Rolling Rd. North Port, FL 34288 listed as an updated address. Their previous address was 14160 Newcastle Ave. Spring Hill, FL 34609 (Hernando County).

12. On 12/1/20, I executed a search warrant to Oath Holdings Inc. (Yahoo!) and Yahoo provided a response. On 1/25/21, I was able to successfully examine the results. All of the reported images were recovered as email attachments. The emails were sent to " 1782@gmail.com". The defendant sent the CSAM images to the email and showed an ongoing series of communications over multiple months. The defendant advised that he wished to impregnate the recipient and conduct sexual acts.

13. I reviewed the log-in IP addresses that were included with the search warrant. According to Maxmind, all of the log in IP between 12/14/2019 - 05/21/2020 occurred in Spring Hill, Florida (Spectrum). Between 07/01/2020 till the last log in on 09/05/2020 all occurred in North Port, Florida (Comcast). Therefore, on 09/05/2020 was the last time the suspect logged into his Yahoo email before the reported incident occurred on 09/08/2020.

14. On 1/26/21, I contacted the Hernando County Sheriff's Office to obtain information on Gregory Allen Williamson (FL DL W452281632250), Aliona Williamson (FL DL W452000827170), and their previous address of 14160 Newcastle Ave. Spring Hill, FL 34609. I was provided information that Gregory Williamson was arrested for fraud and had the same phone number that was listed on the reported Yahoo account (941-445-1469). He also had his vehicle listed as a white Nissan van bearing FL tag JXDE21. Aliona Williamson was listed as his "spouse" and  was listed as his "step-child". Therefore, I have reason to believe that Gregory Williamson was communicating via email with his stepchild,   (6/7/07) (" 1782@gmail.com").

15. On 1/26/21, I verified with the Sarasota School Board Police that  is currently a 7th grader in North Port, FL. Next, at 1313 hours, I checked the residence and observed both listed vehicles at the residence (white Nissan truck with FL tag JXDE21 and black Nissan minivan with FL tag KYTP30).

16. Based upon the above facts and circumstances, I believe that probable cause exists to search and seize evidence from the residence, 2575 Rolling Rd. North Port, FL 34288, for the purposes of locating evidence as it relates to F.S.S. 827.071(5) - Possession of Image/Video of Sexual Performance by a Child, F.S.S. 847.0135(2),

F.S.S. 847.0135(3)(a), F.S.S. 847.0135(5)(a)(3), and the unlawful use of a two-way
communication device controlled by F.S.S. 934.215.


Your Affiant knows from training and experience that searches and seizures of
evidence from computers may require agents to seize most or all computer items
(hardware, software, passwords and instructions) to be processed later by a qualified person
in a laboratory or other controlled environment. This is true because of the following:

(1) The volume of evidence. Computer digital media storage devices (like but not
limited to floppy disks, hard disk drives, tapes, Digital Video Discs, Compact Discs, or
other magnetic, optical or mechanical storage devices which can be accessed by computers
to store or retrieve data) can store the equivalent of millions of pages of information.
Searching this vast amount of information is a very time consuming task. This sorting
process can take weeks or months, depending on the volume of data stored, and it would
be impractical and invasive to attempt this kind of data search on-site.

(2) Technical Requirements. Searching computer systems for criminal evidence is
a highly technical process requiring expert skill and a properly controlled environment.
The vast array of computer hardware and software available requires even computer
experts to specialize in some systems and applications, so it is difficult to know before a
search which expert is qualified to analyze the system and its data. In any event, however,
data search protocols are exacting scientific procedures designed to protect the integrity of
the evidence and to recover even "hidden," erased, compressed, password-protected, or
encrypted files. Because computer evidence is vulnerable to inadvertent or intentional
modification or destruction, both from external sources or from destructive code imbedded
in the system as a "booby trap", a controlled environment may be necessary to complete
an accurate analysis. Further, such searches often require the seizure of most or all of a
computer system's input/output peripheral devices, related software, documentation, and
data security devices (including passwords) so that a qualified computer expert can
accurately retrieve the system's data in a laboratory or other controlled environment. It is
also necessary to seize all peripherals so that the analyst can show that the computer was
in a functional operating state and was capable of being used in the manner described in
this affidavit.

(3) Necessity to Search Files of Varying Formats. Searching for a particular piece
of evidence can be a painstaking and complicated process. Computer evidence may be
stored in random order with deceptive file names. File extensions can be intentionally
altered to make graphic files appear to be text files and text files appear to be graphic files.
Such difficulties can also arise even when the user is not intentionally trying to conceal the
nature of his or her files. For example, documents are frequently stored on computers after
having been scanned and converted into digital format. When stored in this manner, such
documentary evidence is converted to a graphical image format much like a photograph.
Therefore, it is necessary for the forensic examiner to inspect files stored in graphical
format to see if the relevant documents have been so stored. Graphical images or pictures
can be stored on a computer with either the standard graphical extensions such as .jpg,

.bmp, gif, etc... or they can be embedded in other file types, such as word processing documents, spreadsheets and database and PowerPoint programs. For instance, a slide show consisting of hundreds of images can be imbedded in a Power Point presentation program and it would not be apparent to the examiner until opening and viewing that program. The forensic examiner, therefore, will need to view such other programs to see if the relevant graphical images are stored in such a manner. It is thus essential to search files of all types in order to ensure that the requested "PROPERTY" is discovered. This may require searching authorities to examine all the stored data to determine which particular files is evidence or instrumentalities of crime.

(4) Necessity to Search Software Applications. Your affiant also requests to search the various software applications in the subject computer. Graphical imaging programs may contain data that shows the relevant images were actually viewed by someone after being downloaded to the computer. Since it is important to determine whether any of the relevant images were actually viewed while on the subject computer, a forensic analyst will need to examine the file properties of any images found and determine whether any of these images were manipulated or viewed by any of the software resident on the computer.

(5) Necessity to Establish a Time Line. A forensic examiner may need to compile a time line of computer files that were in existence at or near the time of the offense. An analysis of such files may provide evidence that of the appropriate time frames. Your Affiant knows from training and experience that due to the nature of digital evidence, even if efforts are made by the user to delete digital information, a computer forensic analyst would likely be able locate the deleted or erased information in the computer. When a user "deletes" a digital file, the file is merely removed from the menu of available files that can be seen by the user; however, the digital file remains on the user's computer until the space that it occupies is overwritten by new data. This overwriting process, depending on the use of the computer, can take years to occur. Therefore, the mere passage of time, with regards to digital evidence, does not mean the evidence will not be found. To the contrary, digital evidence is generally maintained and will be found on the computer though significant time may have passed.

(6) Your Affiant knows from training and experience that in order to fully retrieve data from a computer system, the analyst may need all magnetic storage devices as well as the computer. In cases like this, one where the evidence consists partly of graphics files, the input and output devices including but not limited to: keyboards, mice, scanners, printers, monitors, network communication devices, modems and external or connected devices used for accessing computer storage media, and the associated storage media, may be required by an analyst to show the nature and quality of the graphic images which the system could produce. In addition, the analyst may need all the system software (operating systems or interfaces, and hardware drivers) and any application software which may have been used to create the data (whether stored on hard drives or on external media) as well as documentation of the data, items containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate items, software or information seized or to activate specific equipment or software.

(7) Your Affiant knows from training and experience that computers used to access the Internet usually contain files, logs or file remnants which would tend to show ownership and use of the computer as well as ownership and use of Internet service accounts used for the internet access. In addition, your Affiant knows that there is relevant data on the computer which can be used to corroborate the user at any given time, such as time-stamped unrelated activity made contemporaneously with criminal acts described herein. Your Affiant is aware that search warrants of residences involved in computer related criminal activity usually yield items that would tend to establish ownership or use of computers and ownership or use of any Internet service accounts to include credit card bills, telephone bills, correspondence and other identification documents.

In light of these concerns, your affiant hereby requests the Court's permission to search the computer hardware (and associated peripherals) that are believed to contain some or all of the evidence described in the warrant, and to conduct an off-site search of the hardware for the evidence described.

Often, because of the nature of this investigation, it may become a dual investigation with the Federal Bureau of Investigation (FBI). Due to the need of forensic capabilities in the execution of this warrant, the FBI is also authorized to assist in the execution of this warrant, to include the forensic review of any content received from the response to this warrant.

On the basis of the foregoing facts, in addition to searching the residence described above your Affiant seeks to conduct a forensic search of any of the data stored in the aforementioned computer that may be in electronic or digital format.

**WHEREFORE**, your Affiant respectfully requests that a Search Warrant be issued commanding all and singular the Sheriffs and their Deputies, the Director of the Florida Highway Patrol and his Troopers, the Director of the Florida Fish and Wildlife Conservation Commission and his Officers, the Commissioner of the Florida Department of Law Enforcement and his designees, Constables, Municipal Police Officers and State Attorney's Investigators, all acting within their jurisdiction, either in the day time or night time, as the exigencies of the occasion may demand or require, or on Sunday, or holidays with proper and necessary assistance to search the above described premises, the curtilage thereof including any vehicles and structures located thereon and all persons found therein or thereon reasonably believed to be involved in the criminal activity and seize as evidence any of the following mentioned items:

EVIDENCE SOUGHT:
1.  Computer hardware or other Internet capable device (including cellular phones) to include any and all computer equipment used to collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulses or data. Hardware includes (but is not limited to) any data-processing devices (such as central processing units, personal computers to

include "laptop" or "notebook" or "pocket" computers); internal
and peripheral storage devices (such as fixed disks, external hard
disks, floppy disk drives and diskettes, tape drives and tapes,
optical storage devices, and other electronic media devices).

2.  Computer input and output devices to include but not limited to
    keyboards, mice, scanners, printers, monitors, network
    communication devices, modems and external or connected
    devices used for accessing computer storage media.

3.  Computer storage media and the digital content to include but not
    limited to floppy disks, hard drives, tapes, DVD disks, CD-ROM
    disks or other magnetic, optical or mechanical storage which can
    be accessed by computers to store or retrieve data or images.

4.  Computer software and application software installation and operation
    media.

5.  Computer software, hardware or digital contents related to the
    sharing of Internet access over wired or wireless networks
    allowing multiple persons to appear on the Internet from the same
    IP address.

6.   Manuals and other documents (whether digital or written) which
    describe operation of items or software seized.

7.  Items containing or displaying passwords, access codes, usernames
    or other identifiers necessary to examine or operate items, software
    or information seized.

8.  Correspondence or other documents (whether digital or written)
    pertaining to the possession, receipt, origin or distribution of
    images or files involving the sexual exploitation of children.

9.  Any and all tapes, cassettes, cartridges, streaming tape, commercial software
    and hardware, computer disks, disk drives, modems, tape drives, disk
    application programs, data disks, system disk operating systems, magnetic
    media floppy disks, electronic mail, tape systems and hard drive and other
    computer-related operation equipment, in addition to computer photographs,
    graphic interchange formats and/or photographs, or other visual depictions.

10. Any documents, notes, or equipment relating to passwords, encryption codes
    and data security devices which may restrict access to the hardware, software
    or data.

11. All data and files associated with the computer listed above, including password protected files, both text and image types that may include, but are not limited to: ".doc, .txt, .gif, .bmp, .tiff, .pcs, .pic, .png, .dcs, .art or .jpeg.", that can be stored or saved by these suffixes or they can be renamed and saved under different titles.

12. Computer files showing ownership, possession or control of computers, and electronic storage devices to include but not limited to email associated files.

or any other evidence, implements or devices relating to the subject matter of this warrant that could be used in further violation or have been used in violation of the laws of the State of Florida, in order that evidence may be procured to be used in the prosecution of the Criminal Laws of the State of Florida.

**FURTHERMORE,** your Affiant respectfully requests that the Search Warrant direct that a forensic search of any of the above mentioned computer or computer related equipment including using forensic computer analyst experts off-site search the above described Computer, and seize as evidence any of the above mentioned items:

Det. James Keller #304

Affiant / Signature
Electronic Signature

**STATE OF FLORIDA** )
**COUNTY OF SARASOTA** )

The foregoing instrument was acknowledged before me this 27th day of January, 2021, by the individuals whose name and signatures appear above, and who are personally known to me and who did take an oath.

Det. Lee Wallace #304

Signature/Electronic Signature
Law Enforcement Officer
Notary Public, State of Florida

STATE OF FLORIDA                )
12TH JUDICIAL CIRCUIT    )          SEARCH WARRANT (PREMISES & COMPUTER)
COUNTY OF SARASOTA    )

IN THE NAME OF THE STATE OF FLORIDA, to all and singular the Sheriffs and their Deputies, the Director of the Florida Highway Patrol and his Troopers, the Commissioner of the Florida Department of Law Enforcement and his Special Agents, the Director of the Florida Fish and Wildlife Conservation Commission and his Officers, and Constables, Municipal Police Officers and State Attorney's Investigators all acting within their jurisdiction;

WHEREAS, I have received affidavit for search warrant, on this date made before me by the Affiant, James Keller #304, who have prepared same in his capacity as a law enforcement officers; and

WHEREAS, Det. James Keller #304 having been placed under oath and having sworn to the facts as stated therein, and having examined the said facts set forth in support of said application for search warrant, and the facts contained therein which are now incorporated herein by reference and made a part of this Warrant, and;

WHEREAS, said facts so made known to me by such affidavit as set forth, have caused me to certify and find that there is probable cause to believe that the laws of the State of Florida relative to: 847.0135(2), 847.0135(2), 847.0135(3)(a), 847.0135(5)(a)(3), and 934.215 Florida Statutes, prohibiting possession of child pornography under the: "Computer Pornography and Child Exploitation Prevention Act", and 827.071, Florida Statutes, prohibiting the sexual performance of a child and the creation, possession or promotion of an image of such conduct. have been violated by a resident or person using the internet service at the house described below and that evidence of the crime is currently located within the computer, internet capable or digital storage device described to wit;

THE DESCRIPTION AND LOCATION TO BE SEARCHED is as follows: The target location, 2575 Rolling Rd. North Port, FL 34288, is a single-family, single story, residential dwelling. The residence was built in 2006 and has three bedrooms and two bathrooms. The residence is a block and stucco home with a shingle roof. The parcel description is "LOT 26 BLK 1672 33RD ADD TO PORT CHARLOTTE". The residence is on a corner lot with a brown shingle roof, a tan exterior color with white trim around the doors and windows. The left side of the residence has two bedroom windows. To the right is a small covered entry with a dark front door (black). To the right of the front door is a third window. To the right is a two car garage the protrudes away from the residence towards the street. Above the garage door are the numbers "2575". From the garage door is a concrete driveway that connects to the street. On the right side of the residence there is a door that leads into the garage.

To arrive at the target location from the intersection of East Price Blvd./Toledo Blade Blvd. travel east on East Price Blvd. for 0.7 miles. Turn right onto Jeannin Dr. and travel south for 0.9 miles. Turn right onto E. Hallmark Blvd. and travel west for 300 feet. Yurn right onto Kabbaby St. and travel for 300 feet. Turn left onto Rolling Rd. and travel west for 900 feet and the residence, 2575 Rolling Rd., will be on the left-hand side.

The aforesaid location is within the jurisdictional boundaries of Sarasota County.

**THEREFORE**, these presents are to command you, with the proper and necessary assistance, either in the day time or in the night time, as the exigencies of the situation may demand or require or on Sundays, or holidays, to enter the said location described above, and diligently search said location, the curtilage thereof, any structures and vehicles found thereon as well as any persons found therein or thereon reasonably believed to be connected with the suspected illegal activity and seize as evidence any of the following:

## EVIDENCE SOUGHT:

1. Computer hardware or other Internet capable device (including cellular phones) to include any and all computer equipment used to collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulses or data. Hardware includes (but is not limited to) any data-processing devices (such as central processing units, personal computers to include "laptop" or "notebook" or "pocket" computers); internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices, and other electronic media devices).

2. Computer input and output devices to include but not limited to keyboards, mice, scanners, printers, monitors, network communication devices, modems and external or connected devices used for accessing computer storage media.

3. Computer storage media and the digital content to include but not limited to floppy disks, hard drives, tapes, DVD disks, CD-ROM disks or other magnetic, optical or mechanical storage which can be accessed by computers to store or retrieve data or images.

4. Computer software and application software installation and operation media.

5. Computer software, hardware or digital contents related to the sharing of Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same IP address.

6.     Manuals and other documents (whether digital or written) which describe operation of items or software seized.

7.     Items containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate items, software or information seized.

8.     Correspondence or other documents (whether digital or written) pertaining to the possession, receipt, origin or distribution of images or files involving the sexual exploitation of children.

9.     Any and all tapes, cassettes, cartridges, streaming tape, commercial software and hardware, computer disks, disk drives, modems, tape drives, disk application programs, data disks, system disk operating systems, magnetic media floppy disks, electronic mail, tape systems and hard drive and other computer-related operation equipment, in addition to computer photographs, graphic interchange formats and/or photographs, or other visual depictions.

10.    Any documents, notes, or equipment relating to passwords, encryption codes and data security devices which may restrict access to the hardware, software or data.

11.    All data and files associated with the computer listed above, including password protected files, both text and image types that may include, but are not limited to: ".doc, .txt, .gif, .bmp, .tiff, .pcs, .pic, .png, .dcs, .art or .jpeg.", that can be stored or saved by these suffixes or they can be renamed and saved under different titles.

12.    Computer files showing ownership, possession or control of computers, and electronic storage devices to include but not limited to email associated files.


FURTHERMORE, these presents are to command you, with the proper and necessary assistance, including off-site forensic computer analyst experts with the assistance of any agency the North Port Police Department requests to include the FBI, either in the day time or in the night time, as the exigencies of the situation may demand or require or on Sundays, or holidays, to search the said computer equipment described above, and seize as evidence any of the aforementioned evidence and any other implements or devices or evidence that could be used or have been used in violation of the laws of the State of Florida relating the subject matter of this warrant in order that evidence may be procured to be used in the prosecution of the Criminal Laws of the State of Florida, and make return of your doings under this warrant to me or to my designated clerk, within ten (10) days of the date hereof, and give proper receipts for any property taken hereunder, and deliver a copy of this warrant to the person at whom directed.

YOU ARE FURTHER DIRECTED to bring the evidence so seized if it be of a contraband nature and also the body of the person or persons in possession of it, before a court having jurisdiction to be disposed of and dealt with according to law.

GIVEN UNDER MY HAND AND SEAL THIS DAY

1/27/2021
_____
DATE

_____  1/27/2021 12:39:23 PM  _____
SIGN                                TURE
Rochelle Curley
Circuit Judge

# EXHIBIT C

Search for      vladlover50
Date Range      1980-01-01 00:00:00 / 2020-11-24 23:59:59
Time Zone       (UTC) Universal Time Coordinated
Total Results   122

| Type | User ID | IP Address | Port | Timestamp |
|---|---|---|---|---|
| Login | vladlover50 | 2601:701:c200:ef50:5dd5:92c2:149a:637b | 50654 | September 05 2020 09:29:59 |
| Login | vladlover50 | 2601:701:c200:ef50:bd4e:d990:bfbc:8e3d | 59037 | September 04 2020 16:04:40 |
| Login | vladlover50 | 2601:701:c200:ef50:8993:acc9:7d4b:e737 | 55637 | September 03 2020 19:29:03 |
| Login | vladlover50 | 2601:701:c200:ef50:5dee:1e30:68a3:7ed1 | 50815 | September 02 2020 14:30:48 |
| Login | vladlover50 | 2601:701:c200:ef50:d2:4e7b:5a46:9ecf | 56668 | September 01 2020 20:06:14 |
| Login | vladlover50 | 2601:701:c200:ef50:9849:eac3:cae7:519d | 59527 | August 31 2020 17:54:56 |
| Login | vladlover50 | 2601:701:c200:ef50:e81c:9d7b:a102:27ab | 51942 | August 27 2020 15:22:48 |
| Login | vladlover50 | 2601:701:c200:ef50:dd81:7491:48af:49f5 | 57994 | August 25 2020 13:49:29 |
| Login | vladlover50 | 2601:701:c200:ef50:354d:b165:920f:1e9 | 60350 | August 24 2020 17:07:46 |
| Login | vladlover50 | 2601:701:c200:ef50:6991:e7f1:56ad:3eb9 | 49355 | August 21 2020 17:34:08 |
| Login | vladlover50 | 2601:701:c200:ef50:8c94:1f68:ed45:8d5c | 52130 | August 19 2020 09:49:27 |
| Login | vladlover50 | 2601:701:c200:ef50:d84b:3e53:23a6:3f46 | 49852 | August 18 2020 21:17:28 |
| Login | vladlover50 | 2601:701:c200:ef50:51f:8eca:9054:f6cd | 53966 | August 18 2020 10:06:57 |
| Login | vladlover50 | 2601:701:c200:ef50:1d3a:ed9b:7e80:5e94 | 57989 | August 17 2020 18:47:45 |
| Login | vladlover50 | 2601:701:c200:ef50:fca0:9409:eab7:f577 | 60927 | August 17 2020 10:05:44 |
| Login | vladlover50 | 2601:701:c200:ef50:905d:a2d7:46d:fb73 | 61619 | August 13 2020 18:01:22 |
| Login | vladlover50 | 2601:701:c200:ef50:4815:5419:3605:f4c4 | 52226 | August 05 2020 15:11:39 |
| Login | vladlover50 | 71.203.59.252 | 50703 | August 05 2020 06:17:21 |
| Login | vladlover50 | 71.203.59.252 | 54158 | August 03 2020 16:28:02 |
| Login | vladlover50 | 2601:701:c200:ef50:74a1:d6d7:b96d:e69f | 59437 | July 30 2020 08:18:35 |
| Login | vladlover50 | 2601:701:c200:ef50:b9ab:184c:bc04:5b29 | 64763 | July 28 2020 12:41:34 |
| Login | vladlover50 | 2601:701:c200:ef50:8989:292d:4918:d2df | 61311 | July 01 2020 18:58:19 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f | 52308 | May 21 2020 13:25:55 |

| | | | | |
|---|---|---|---|---|
| Login  vladlover50 20:42:38 | 2603:9000:cc0a:82f0:ad23:227c:61f3:e90b | 60182 | May 20 2020 | |
| Login  vladlover50 15:29:51 | 2603:9000:cc0a:82f0:78b2:c434:7b2b:d1e3 | | 60887 | May 16 2020 |
| Login  vladlover50 15:05:00 | 2603:9000:cc0a:82f0:78b2:c434:7b2b:d1e3 | | 50356 | May 15 2020 |
| Login  vladlover50 17:56:39 | 2603:9000:cc0a:82f0:e828:7af9:b58f:97dd | 60626 | May 14 2020 | |
| Login  vladlover50 16:45:56 | 2603:9000:cc0a:82f0:603e:2595:6bb0:a1b5 | | 54194 | May 11 2020 |
| Login  vladlover50 08:41:17 | 2603:9000:cc0a:82f0:603e:2595:6bb0:a1b5 | | 60031 | May 09 2020 |
| Login  vladlover50 14:18:45 | 2603:9000:cc0a:82f0:60e5:ccb9:65e4:26de | | 49449 | May 07 2020 |
| Login  vladlover50 11:30:53 | 2603:9000:cc0a:82f0:5ce4:35dc:34b4:c2dc | 50907 | May 05 2020 | |
| Login  vladlover50 08:30:52 | 2603:9000:cc0a:82f0:5ce4:35dc:34b4:c2dc | 51891 | May 04 2020 | |
| Login  vladlover50 11:04:35 | 2603:9000:cc0a:82f0:ad14:b4da:bd45:b5f0 | 57376 | May 03 2020 | |
| Login  vladlover50 10:30:59 | 2603:9000:cc0a:82f0:502a:5f40:627a:7b75 | 61293 | May 02 2020 | |
| Login  vladlover50 15:52:12 | 2603:9000:cc0a:82f0:c893:dfcd:513c:b024 | 52109 | April 30 2020 | |
| Login  vladlover50 12:44:41 | 2603:9000:cc0a:82f0:9010:c72c:86d7:164a | | 56989 | April 29 2020 |
| Login  vladlover50 19:27:17 | 2603:9000:cc0a:82f0:9010:c72c:86d7:164a | | 57091 | April 28 2020 |
| Login  vladlover50 11:21:51 | 2603:9000:cc0a:82f0:b0e6:b1bf:4244:787f | 62486 | April 27 2020 | |
| Login  vladlover50 11:00:41 | 2603:9000:cc0a:82f0:bcd5:64b:9365:9201 | 53062 | April 25 2020 | |
| Login  vladlover50 14:19:50 | 2603:9000:cc0a:82f0:1841:b341:1f5:a7a7 | 53847 | April 23 2020 | |
| Login  vladlover50 12:39:11 | 2603:9000:cc0a:82f0:bcfe:d9cb:57b4:2243 | 61965 | April 21 2020 | |
| Login  vladlover50 18:35:41 | 2603:9000:cc0a:82f0:184a:a389:d585:6376 | | 59516 | April 19 2020 |
| Login  vladlover50 09:58:02 | 2603:9000:cc0a:82f0:4dbd:2938:d40c:7c27 | | 50972 | April 18 2020 |
| Login  vladlover50 14:16:57 | 2603:9000:cc0a:82f0:84fe:f649:5da2:3d3 | 62877 | April 16 2020 | |
| Login  vladlover50 16:08:48 | 2603:9000:cc0a:82f0:d0a0:4992:1b8b:ca8d | | 60437 | April 15 2020 |
| Login  vladlover50 09:19:09 | 2603:9000:cc0a:82f0:c030:f011:4434:79db | 55991 | April 12 2020 | |
| Login  vladlover50 15:55:17 | 2603:9000:cc0a:82f0:7473:aa04:eb48:9ec2 | | 61882 | April 06 2020 |
| Login  vladlover50 | 2603:9000:cc0a:82f0:596:5679:a9f9:f1cf | 62490 | April 04 2020 | |

20:12:47

| Login | vladlover50 | 2603:9000:cc0a:82f0:fdf4:e89:7ddd:fdcf | 56163 | March 30 2020 |
| 14:09:37 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:9996:93e4:c10f:c727 | 51007 | March 26 2020 |
| 15:57:17 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:9996:93e4:c10f:c727 | 65519 | March 25 2020 |
| 19:47:12 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:f4cf:dbaf:cf04:f85c | 57635 | March 24 2020 |
| 16:31:26 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:71c5:38cb:2e82:c301 | 52985 | March 24 |
| 2020 10:18:02 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:e157:f1f2:a5a6:d74d | 57773 | March 23 2020 |
| 19:27:26 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:9c7e:d789:63ec:1220 | 61146 | March 23 |
| 2020 13:17:03 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:9c7e:d789:63ec:1220 | 56778 | March 23 |
| 2020 09:11:47 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:483:21e0:af07:108f | 51799 | March 22 2020 |
| 19:25:53 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:45e2:38e6:e987:a4ae | 57381 | March 22 |
| 2020 06:48:32 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:6977:e7b1:5b3a:9c5f | 53482 | March 21 2020 |
| 09:11:52 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:d43d:7de9:5f99:437d | 64984 | March 20 2020 |
| 09:22:36 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:443:b05f:1f2e:6128 | 56544 | March 18 2020 |
| 17:38:13 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:443:b05f:1f2e:6128 | 57696 | March 17 2020 |
| 18:11:00 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:443:b05f:1f2e:6128 | 52216 | March 16 2020 |
| 10:22:35 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:8080:c3a6:2809:d448 | 53897 | March 15 |
| 2020 09:20:29 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:8080:c3a6:2809:d448 | 63169 | March 14 |
| 2020 16:38:19 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:8080:c3a6:2809:d448 | 55749 | March 13 |
| 2020 18:05:05 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:8080:c3a6:2809:d448 | 53323 | March 12 |
| 2020 18:27:02 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:c931:705c:b8d9:4bab | 49730 | March 12 |
| 2020 14:42:28 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:c931:705c:b8d9:4bab | 54466 | March 11 |
| 2020 10:26:24 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:c931:705c:b8d9:4bab | 52669 | March 09 |
| 2020 19:08:04 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:ecea:e420:35e7:900 | 50848 | March 08 2020 |
| 10:24:56 | | | | |
| Login | vladlover50 | 2603:9000:cc0a:82f0:ecea:e420:35e7:900 | 54772 | March 06 2020 |
| 19:45:26 | | | | |

Login  vladlover50    2603:9000:cc0a:82f0:4094:591f:99ed:1081 63056 March 05 2020
20:06:00
Login  vladlover50    2603:9000:cc0a:82f0:2453:aaa7:86b6:a5bc        55215 March 04
2020 20:07:03
Login  vladlover50    2603:9000:cc0a:82f0:a877:684d:355e:1f2b 64780 March 04 2020
01:45:01
Login  vladlover50    2603:9000:cc0a:82f0:2453:aaa7:86b6:a5bc        58360 March 03
2020 18:54:40
Login  vladlover50    173.171.32.211        56808 March 03 2020 18:02:47
Login  vladlover50    2603:9000:cc0a:82f0:2453:aaa7:86b6:a5bc        51872 March 02
2020 20:51:17
Login  vladlover50    2603:9000:cc0a:82f0:6d60:7cce:4171:39d6        55795 March 02
2020 18:37:06
Login  vladlover50    2603:9000:cc0a:82f0:3855:8b7c:6ea1:b225        57182 March 02
2020 18:10:39
Login  vladlover50    2603:9000:cc0a:82f0:6d60:7cce:4171:39d6        50375 March 01
2020 10:35:08
Login  vladlover50    2603:9000:cc0a:82f0:8132:2a56:d602:a8bb        55038 February 26
2020 15:05:28
Login  vladlover50    2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f 61675 February 25 2020
10:43:35
Login  vladlover50    2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f 64293 February 20 2020
10:00:32
Login  vladlover50    2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f 62654 February 20 2020
09:30:13
Login  vladlover50    2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f 52935 February 17 2020
15:00:58
Login  vladlover50    2603:9000:cc0a:82f0:11b3:6e66:b729:4e9a        62437 February 13
2020 15:42:41
Login  vladlover50    2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f 62885 February 12 2020
10:33:41
Login  vladlover50    2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f 57767 February 11 2020
18:29:58
Login  vladlover50    2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f 54463 February 05 2020
20:04:57
Login  vladlover50    2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f 65344 February 05 2020
11:15:23
Login  vladlover50    2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f 57734 February 04 2020
10:18:19
Login  vladlover50    2603:9000:cc0a:82f0:95:6680:e04c:4bc2    57878 January 30 2020
17:43:55
Login  vladlover50    2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f 52324 January 30 2020
09:47:21
Login  vladlover50    2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f 60305 January 24 2020
17:03:19
Login  vladlover50    2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f 55808 January 24 2020
10:31:10
Login  vladlover50    2603:9000:cc0a:82f0:ec3e:c2b3:b162:741 56852 January 21 2020
17:38:15

DISC-01186

| Login | vladlover50 | 2603:9000:cc0a:82f0:2032:5:69df:f043 | 65101 | January 20 2020 18:02:29 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:b8c9:2258:b1f8:9a61 | 61361 | January 18 2020 10:54:09 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f | 64596 | January 16 2020 10:47:25 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:7c7e:e981:33f3:81f0 | 53722 | January 14 2020 14:08:50 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:7c7e:e981:33f3:81f0 | 51309 | January 14 2020 10:50:36 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f | 64230 | January 13 2020 19:59:14 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f | 56331 | January 12 2020 10:36:40 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:603d:669:681d:245 | 59101 | January 11 2020 12:09:51 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:a8db:51e:85bb:93c1 | 55062 | January 09 2020 20:31:16 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:ad6d:7c51:24fc:78fb | 57915 | January 09 2020 11:17:16 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:785f:6846:b7d7:c977 | 61407 | January 08 2020 18:18:03 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:d38:507d:fe7c:2bac | 61318 | January 07 2020 18:25:32 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:259a:d4aa:fd4d:b854 | 64547 | January 06 2020 15:39:34 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:3d89:7100:ff63:927c | 62625 | January 03 2020 14:28:11 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f | 57255 | January 02 2020 22:03:05 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:3def:7552:d5aa:6685 | 49795 | December 31 2019 17:45:01 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:b4a9:807d:570:a844 | 54206 | December 30 2019 19:09:39 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:59c1:a9a4:97cc:86f0 | 57542 | December 27 2019 15:17:36 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f | 53446 | December 27 2019 13:58:28 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:d0ff:42e7:e1a9:fccc | 63486 | December 26 2019 14:27:11 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:5816:2ff7:3836:9029 | 59636 | December 26 2019 01:16:49 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:74a1:d6d7:b96d:e69f | 59074 | December 18 2019 20:37:02 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:99e7:adb8:3835:dd65 | 52495 | December 17 2019 18:33:12 |
| Login | vladlover50 | 2603:9000:cc0a:82f0:48e2:36c0:7f6e:9269 | 52088 | December 16 2019 15:12:32 |
| Login | vladlover50 | 173.171.32.211 | 53830 | December 14 2019 08:55:57 |

# Doc. 48 –

# Response to Motion to

# Suppress

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO. 8:21-cr-00355-WFT-CPT

GREGORY WILLIAMSON

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS

The United States hereby responds in opposition to Williamson's *Motion to Suppress* ("Motion"). Doc. 44. In his motion, Williamson alleges law enforcement, Yahoo and NCMEC violated his Fourth Amendment constitutional protections when his account was searched, and that law enforcement submitted a warrant application for the search of defendant's home that "contained material misrepresentations and omissions." In support of his motion, Williamson cites to various portions of the search warrant affidavit and makes conclusory assertions about IP addresses without providing proof. Yahoo and the National Center for Missing and Exploited Children ("NCMEC") are not government agencies. Williamson has misconstrued these private companies' roles in the investigation. Further, Williamson has not met his burden of showing that any omission by the search warrant affiant was reckless or intentional. For the reasons set forth below, Williamson's motion should be denied.

## I.    PROCEDURAL BACKGROUND

1.      On November 3, 2021, a federal grand jury charged Williamson in an eight-count indictment charging him with enticement of a minor, in violation of 18 U.S.C. § 2422(b), attempted production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), three counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Doc. 1.

2.      Williamson appeared for his initial appearance on November 19, 2021 and was ordered detained pending trial. Doc. 15.

3.      On or about May 5, 2022, Williamson filed the instant Motion. Doc. 44.

## II.    RELEVANT FACTUAL BACKGROUND

*Initial Investigation*

1.      On or about November 5, 2020, North Port Police Department ("NPPD") received a CyberTipline Report #79384716 from NCMEC. *See* Exhibit 1.

2.      The CyberTipline Report[1] was generated in September 2020, after NCMEC received information from Oath Holdings/Yahoo about apparent child pornography. *See* Exhibit 1. The information provided that Yahoo user, "vladlover50@yahoo.com" had

---

[1] The CyberTipline Report is a complaint generated from the centralized reporting system for the online exploitation of children. The public and electronic service provides can make reports of suspected online child exploitation.

transmitted seven images of suspected child pornography, also known as child sexual abuse

material ("CSAM").

3.      On or about November 11, 2020, the NPPD Detective assigned to the case

reviewed the CyberTipline Report. After confirming that the electronic service provider

(ESP)[2], Yahoo, reviewed the suspected CSAM, the Detective opened the image files for

review. After observing each of the image files, he confirmed they contained six CSAM

and one child erotica file. After reviewing and confirming the CSAM, the Detective then

drafted the residential search warrant, describing each of the image files in detail. *See*

Exhibit 2.

4.      The CyberTipline Report details information about the purported CSAM

material identified by the ESP. In this particular CyberTip, NCMEC confirms that the

reporting ESP did review the entire contents of the uploaded files associated with the

CyberTip. *See* Exhibit 1.

5.      NPPD traced the IPv6 address[3] associated with the Yahoo User identified in

the CyberTip, leading them to a North Port, Florida address and Williamson.

6.      On or about January 27, 2021, NPPD obtained a state of Florida residential

search warrant for Williamson's address.

7.      The warrant was predicated upon violations of Florida law, to wit:

prohibiting the possession of child pornography, in violation of Florida Statutes § 827.071,

---

[2] An electronic service provider is a telecommunications carrier, a provider of electronic service, a provider of remote computing, or any other provider that has access to wire or electronic communications.
[3] IPv6 address is an internet protocol version 6 which is the most recent version of the IP, which is a numeric label that is used to identify and locate a network interface of a computer or a network node participating in a computer network using IPv6.

possession or promotion of image/video of sexual performance by a child in violation of Florida Statutes § 847.0135 and unlawful use of a two-way communication device in violation of Florida Statutes § 934.215. *See* Exhibit 2.

### III.   MEMORANDUM OF LAW

#### A.   Yahoo is not a government agent

*No Expectation of Privacy*

Yahoo is a private company and does not serve as a government agent. *See* Exhibit 3 (Yahoo declaration). Williamson implies that Yahoo is a government agency but fails to set forth any facts which support such conclusory statements. Yahoo was not acting on behalf of the government when they reported the apparent child pornography to NCMEC and therefore did not violate the Fourth Amendment.

When a user creates an account with Yahoo, they must agree to a Terms of Service which governs a user's use of Yahoo. There is no realistic of expectation of privacy from Yahoo once this agreement is made. Under the Yahoo Terms of Service in effect at the time Williamson's CyberTipline Report, Yahoo requires users to "not use Yahoo Services to: upload, post, email, transmit, or otherwise make available any Content that is unlawful, harmful, threatening, abusive, harassing, tortious, defamatory, vulgar, obscene, libelous, invasive of another's privacy, hateful, or racially, ethnically, or otherwise objectionable; [or] harm minors in any way[.]" *See* Exhibit 3-A. Even if Williamson himself believed that his communications within Yahoo were private, a reasonable person would not believe this based on the very nature of using an online service—knowing the abilities of private

internet companies to obtain and retain user information, and the agreement of the Terms of Services.

<em>Reporting Child Pornography</em>

Federal law requires internet service providers to report apparent instances of child pornography offenses. Specifically, 18 U.S.C. § 2258A(a) imposes a duty on providers to submit a CyberTip report containing the facts or circumstances from which there is an apparent violation of certain child pornography offenses. 18 U.S.C. § 2258A(a). Reports on apparent child pornography violations are requested to be submitted "as soon as reasonably possible after obtaining actual knowledge of any facts or circumstances" of the violation. 18 U.S.C. § 2258A(b).

While providers, such as Yahoo, are required to report to NCMEC when they find apparent child pornography, there is importantly, no affirmative duty to search for child pornography. 18 U.S.C. § 2258A(e). Section 2258A(f) specifically says that providers are not required by law to search their platforms for child pornography. Rather, they are only required to report when they become aware of it. Yahoo chooses as a company to initiate searches for illegal activity, as it is in their best interested to keep their platform safe. *See* Exhibit 3.

Here, the CyberTipline Report in question states, "Did Reporting ESP view entire contents of uploaded file?" The response is, "Yes." This indicates the reported image or file had been subjected to review, as defined by that company. *See* Exhibit 1. Upon inquiry, Yahoo specifically addresses whether actual humans review the suspected image or file, rather than a computer program. Yahoo confirms that they employ individuals specifically

5

to review this type of content and do not utilize computer software to fulfill that role. *See* Exhibit 3.

Numerous courts have held that providers do not act as government agents when they monitor their users' activities on their servers, or when they implement their own internal security measures against users engaging in illegal activity through their services. *United States v. Cameron*, 699 F.3d 621, 637-38 (1ˢᵗ Cir. 2012) (holding Yahoo!, Inc. did not act as agent in searching emails and sending reports to NCMEC).

This case is no different. Williamson agreed to Yahoo's Terms of Service when he signed up for their email services. He violated that agreement when he transmitted apparent child pornography across their platform. Williamson had no expectation of privacy when Yahoo conducted a private party search of his account. Williamson asserts that even though Yahoo reported in the Cybertip that the company reviewed the apparent child pornography, we do not know if that was a human or a computer who conducted the review. Yahoo, however, provided that humans do review of those files, not computers. *See* Exhibit 3. Regardless of the clarification provided by Yahoo, it would not change whether there was probable cause to search the residence. Therefore, the Fourth Amendment is not implicated, and no warrant is required for a provider to monitor, search and safeguard its platform.

## B.   NCMEC is not a government actor

There is no Fourth Amendment violation regarding NCMEC's actions. NCMEC opened purported child pornography that was previously opened by Yahoo and then provided relevant information to law enforcement. *See* Exhibit 1, 5 (NCMEC Correction).

Despite Williamson's conclusory allegations, NCMEC is not a government actor.

NCMEC takes on the role of a clearinghouse as a private, nonprofit organization. *See*

Exhibit 4 (NCMEC declaration). As part of this role, NCMEC makes CyberTips available

to federal, state, local, and/or foreign law enforcement agencies involved in the

investigation of child sexual exploitation, kidnapping or enticement crimes. 18 U.S.C. §

2258A(c). Exhibit 4 makes it clear that law enforcement authorities have no role in

NCMEC's operation of the CyberTipline.

     NCMEC's mission is to help reunite families with missing children, reduce child

sexual exploitation, and prevent child victimization. NCMEC accomplishes its mission

through the operation of the CyberTipline, which receives leads and tips regarding

suspected crimes of sexual exploitation committed against children. Pursuant to 18 U.S.C.

§ 2258A(a), when internet service providers discover apparent child pornography on their

servers or systems, they must submit a report of the suspected child pornography to

NCMEC's CyberTipline. Upon receiving a CyberTipline Report that contains image files

of apparent child pornography, a NCMEC analyst may open and view the files. NCMEC

makes all CyberTipline reports available to the appropriate law enforcement agency for

independent review and potential investigation. NCMEC receives funding from federal

and private foundation grants, corporate financial and in-kind donations to perform its

programs of work. NCMEC's employees, including the CyberTipline staff, are not hired,

managed or supervised by any government entity.

     First, it is imperative to note that NCMEC made a scrivener's error on the

CyberTipline Report. *See* Exhibit 5 (NCMEC Correction). The original CyberTipline stated

that NCMEC did not review the apparent child pornography submitted by Yahoo. That, however, was discovered to be a mistake upon further review. In this case, there was an actual human being from NCMEC who reviewed the images from the CyberTip provided by Yahoo. This error does not change the evaluation of this case. Regardless of whether NCMEC employees personally reviewed the images, the analysis is the same. Yahoo reviewed the images independently as a private party search, NCMEC reviewed the images, not exceeding the scope of Yahoo's search nor did law enforcement during their review of the image files.

Where an initially private search is followed by a search by a government acor, the test is to what degree the government search exceeded the scope of the private search. *United States v. Jacobsen*, 466 U.S. 109, 115 (1984), *and United States v. Miller*, 152 F.3d 813, 815 (8th Cir. 1998). Here, the Detective who reviewed the Cybertip images did not exceed the scope of Yahoo or NCMEC, both of which are private actors, and both of which had already reviewed the image files. Therefore, no further analysis is necessary to determine what degree the government search exceeded the scope.

The declaration makes clear that NCMEC is a private, non-profit organization which receives substantial support from private funding and in-kind donations. *See* Exhibit 4. Furthermore, NCMEC initially created and currently operates the CyberTipline without government direction. *Id.* But even if this Court were to conclude that NCMEC is a government agent, which the Government contests, because a private search of the suspect files was performed prior to any government search, and no subsequent government search

exceeded the scope of the private search without a lawful warrant, the evidence was not obtained in violation of the Fourth Amendment.

**C. The Fourth Amendment-Private Search Doctrine**

The search of Williamson's Yahoo account did not violate the Fourth Amendment. The Fourth Amendment protects individuals from government actors, not private ones. A private party may conduct a search that would be unconstitutional if the government did it. *Coolidge v. New Hampshire*, 403 U.S. 443, 489 (1971). The government usually needs a warrant before it may search a person or his effects. *Katz v. United States*, 389 U.S. 347, 357 (1967). A warrantless search is invalid unless an exception applies to the warrant requirement. *Id.* The warrant exception that applied in Williamson's case is the private search doctrine. The private search doctrine extinguishes an individual's reasonable expectation of privacy in the object searched. The Fourth Amendment allows police to replicate a prior private search provided it stays within the same parameters. *United States v. Sparks*, 806 F.3d 1323, 1334 (11th Cir. 2015).

Here, Yahoo conducted a warrantless search on their internet service platform. As stated by Yahoo, their company has a strong business interest in enforcing their terms of service and ensuring that their products are free of illegal content, especially CSAM. Based on these private, non-governmental interests, at the time of the Cybertip, Yahoo voluntarily employed a combination of automated scanning and human review to detect and report CSAM transmitted via Yahoo's email services. Yahoo's Trust & Safety content moderators view and visually confirm that images and videos flagged as CSAM are

apparent child pornography. *See* Exhibit 3. Yahoo users must agree to the terms of services to use their service.

When law enforcement opened the image files from the CyberTipline Report, the action of opening the image files was covered by the private search doctrine, as law enforcement did not exceed the scope of the private party search.

**D.    Law enforcement did not exceed the scope**

Law enforcement did not exceed the scope of the search when they opened and viewed the apparent child pornography from the Cybertip. Nothing law enforcement learned was new or critical information needed to obtain a warrant. Both Yahoo and NCMEC had already reviewed the image files and the Detective did not exceed that scope. Instead of learning new information, the images reviewed by law enforcement were what was expected: apparent child pornography. The affiant of the residential search warrant went further into detail in his descriptions of the images, but that only furthered the probable cause. The affiant was merely more thorough in describing the apparent child pornography, which is not a violation of the Fourth Amendment. *United States v. Simpson*, 904 F.2d 607 (11th Cir. 1990).

**E.    The Legal Standard-Franks Hearing**

Affidavits supporting search warrants are presumptively valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). The Supreme Court instructs, however, that (1) "where the defendant makes a *substantial* preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "if the allegedly false statement is *necessary* to the finding of

10

probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Id*. at 155-56 (emphasis added). If, after a hearing, the defendant establishes the allegation of perjury or reckless disregard by a preponderance of the evidence, and "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id*. at 156.

The Supreme Court further observed that this rule "has a limited scope, both in regard to when exclusion of the seized evidence is mandated, and when a hearing on allegations of misstatements must be accorded." *Id*. at 167. A defendant is not entitled to a hearing "when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id*. at 171-172.

"Insignificant and immaterial misrepresentations or omissions will not invalidate a warrant." *United States v. Sims*, 845 F.2d 1564, 1571 (11th Cir. 1988) (quotation omitted). A court may deny a suppression motion under *Franks* based on the pleadings if it determines that the alleged omissions would not have defeated probable cause. *United States v. Kapordelis*, 569 F.3d 1291, 1309 (11th Cir. 2009). "What amounts to probable cause is purely a question of law." *United States v. Horne*, 198 Fed. Appx. 865, 869-871 (11th Cir. 2006) (upholding the district court's denial of motions to suppress without hearings). If, and only if, the defendant carries his burden as to each prerequisite, the defendant is entitled to a hearing with the opportunity to prove his *Franks* allegations by preponderance

11

of the evidence. If the defendant fails to carry his burden at as to either prerequisite, he is not entitled to a *Franks* hearing, as a matter of law. *United States v. Barsoum*, 763 F.3d 1321, 1328 (11th Cir. 2014). Here, Williamson is not entitled to a *Franks* hearing because he has failed to offer proof beyond conclusory assertions, and he has failed to show that the alleged false statements or omissions were *necessary* to the finding of probable cause.

*First Prerequisite: Specific Allegations and an Offer of Proof*

First, the defendant must "make specific allegations of knowing or reckless falsehood and an offer of proof to support the allegations." *United States v. Campbell*, 193 Fed. App'x. 921, 924 (11th Cir. 2006). Conclusory allegations are insufficient. *Franks*, 438 U.S. at 171. The defendant must offer proof supporting his grounds or give some satisfactory explanation for failing to do so. *Id.* This offer of proof is usually in the form of affidavits or reliable witness statements. *United States v. Haimowitz*, 706 F.2d 1549, 1556 (11th Cir. 1983). It is not enough for a defendant to argue that a *Franks* hearing would allow him to show that the information in question was false and deliberately or recklessly included or omitted. *See United States v. Barsoum*, 763 F.3d 1321, 1329 (11th Cir. 2014) (explaining that a defendant who argues that a hearing would allow him to show that information was deliberately misstated or omitted "misunderstands the Franks standard").

At the outset, the Court should deny the *Franks* argument because Williamson has offered no proof. He has not provided any witness statements or affidavits. The simple assertions in the motion are not the type of proof that *Franks* requires. *See Franks*, 438 U.S. at 171 ("Affidavits or sworn or otherwise reliable statements of witnesses should be

12

furnished, or n their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.").

*Second Prerequisite: Demonstrating Effect on Probable Cause*

Because Williamson fails to meet the first prerequisite to warrant a *Franks* hearing, the Court may deny his hearing request without looking further. However, should the Court continue its analysis, it will conclude that Williamson also fails to meet the second prerequisite.

If a defendant satisfies the first prerequisite for a *Franks* hearing—which Williamson here has not—then "the defendant bears the burden of demonstrating" that, had the affiant included the alleged omissions, it "would have prevented a finding of probable cause." *United States v. Lebowitz*, 676 F.3d 1000, 1010 (11th Cir. 2012). In other words, if, after the revision, the facts in the affidavit would still have contained probable cause, the defendant is not entitled to the hearing. Probable cause is not a finely tuned standard. *Florida v. Harris*, 568 U.S. 237, 244 (2013). It does not mean preponderance of the evidence; it is merely a "fair probability." *Id.*

### F. *Franks v. Delaware* Analysis

*The Affiant Did Not Make Statements in Reckless Disregard for the Truth*

Williamson alleges that the affiant, Detective Keller, made two statements in reckless disregard for the truth:

(1)  That Detective Keller misrepresented the categorization of the images as child sexual abusive material (CSAM).

13

(2) That Detective Keller misrepresented NCMEC's previous categorization of the images as child pornography.

"Allegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171; *see also Maduwake v. Savaiko*, 117 F.3d 1321, 1326 (11ᵗʰ Cir. 1997) (neither negligence nor mistake violates the Fourth Amendment). It is not enough to show that statements in an affidavit were wrong; to be entitled to a *Franks* hearing, a defendant must establish that the affiant *knowingly* or *recklessly* included such falsities and/or material omissions. *Sims*, 845 F.2d at 1571 (citing *Franks*, 438 U.S. at 171-72). "Reckless disregard for the truth" includes instances in which an affiant "should have recognized the error, or at least harbored serious doubts" about his representations. *United States v. Kirk*, 781 F.2d 1498, 1502–03 (11th Cir. 1986); *Franks*, 438 U.S. at 171 (standard requires proof of "deliberate falsehoods or reckless disregard for the truth").

### 1.   *Misrepresentation of Images as CSAM*

First, Williamson alleges that Detective Keller misrepresented that there were seven photos of CSAM and then immediately contradicted himself by stating that three of the images were not CSAM, without any further explanation. Doc 44 at 16. The Court should deny Williamson's request for a *Franks* hearing because it is established that "[a]llegations of negligence or innocent mistake are insufficient" to support the need for a hearing. *Id*. Detective Keller made an innocent mistake in paragraph three of his warrant application when he indicated that the seven uploaded photos were each categorized as CSAM. In paragraphs four through nine, Detective Keller accurately describes the images that were uploaded with great specificity, thus negating any potential confusion or error caused by

the mistaken numerical classification that all the images were CSAM. Detective Keller made no room for confusion as to what the images contained due to his detailed descriptions of the images.

### 2. *Misrepresentation of Previous NCMEC Categorization*

Secondly, Williamson alleges that Detective Keller's assertions with reference to NCMEC's previous categorization of the images in this case were misrepresentations. Doc. 44 at 16. Similar to his first allegation, Williamson has not provided any proof that Detective Keller's statements in paragraphs four, five, and eight were made in reckless disregard for the truth. When reviewing the affidavit as a whole and reading the above-listed paragraphs in context, Detective Keller's statements are not false, but factual and consistent with the evidence presented to support the Court's finding of probable cause to issue the warrant.

In the affidavit, Detective Keller provides detailed explanations of the images he viewed along with approximate ages of the victims in each image. The images listed in paragraphs four, five and eight were determined to be "CP (unconfirmed)" by NCMEC; however, Detective Keller purports the images to have been classified previously by NCMEC as Child Pornography. This classification difference was not made in reckless disregard for the truth and to infer otherwise is an attempt to invalidate a warrant based on semantics and not the facts upon which the probable cause was found. Through Detective Keller's training and experience, he was able to provide approximate ages of each victim in his search warrant, thus eradicating any "unconfirmed" notion of the ages provided by NCMEC. Additionally, the detailed explanations of each photo would have likely been the

15

more persuasive portion of the warrant towards probable cause rather than the NCMEC

designation of each photo. Detective Keller's training and experience to identify the ages in

these photos, as an actual human being reviewing the photos, is essential to the Court's

determination of probable cause in a child pornography case. Ultimately, Detective Keller

not including "(unconfirmed)"in his explanation of previous categorizations of the photos

by NCMEC was not in reckless disregard of the truth and would not have affected the

Court's determination of probable cause to issue the warrant.

*The Affidavit Does Not Contain Material Omissions*

Williamson alleges one other deficiency within the affidavit, which he claims is a

material omission made by Detective Keller:

> (1) That Detective Keller omitted information with reference to Williamson's
>     Yahoo account login.

This omission is not material because Williamson cannot show that the omission

would change the Court's conclusion that probable cause existed for the search of

Williamson's residence. *See United States v. Novaton*, 271 F.3d 968, 986 (11th Cir. 2001).

Williamson specifically alleges that Detective Keller failed to explain how an image could

have been sent from Williamson's Yahoo email account on September 8, 2020, when the

most recent login to the account was on September 5, 2020. This is not an omission of fact

nor would it have affected the Court's probable cause determination in the search warrant.

Detective Keller did not include in his search warrant application a very well-established

feature of internet accounts. According to Yahoo, their records reflect a timestamp for the

last active session for the account associated with Williamson. See Exhibit 3. By logging in

or by extending a login session, the user would remain logged into the Yahoo account of

the same device for a period of two weeks. *Id.* Thus, Detective Keller's lack of explanation

on how an image could have been sent from Williamson's account on September 8, 2020,

despite the last login to that account being on September 5, 2020, is not an omission of

material fact nor was it made in reckless disregard for the truth.

## IV.   <u>Good Faith Exception Applies</u>

Generally, evidence seized in violation of the Fourth Amendment is subject to

suppression under the exclusionary rule, the purpose of which is "to deter future unlawful

police conduct." *United States v. Calandra*, 414 U.S. 338, 347 (1974). The Supreme Court

has stated that "[i]f exclusion of evidence obtained pursuant to a subsequently invalidated

warrant is to have any deterrent effect . . . it must alter the behavior of individual law

enforcement officers or the policies of their departments." *United States v. Leon*, 468 U.S.

897, 918 (1984). "[W]here the officer's conduct is objectively reasonable, excluding the

evidence will not further the ends of the exclusionary rule in any appreciable way. . . ." *Id.*

at 919–20 (internal citation omitted). Thus, the Supreme Court has held that where an

officer relied upon a warrant in an objectively reasonable manner, the evidence obtained,

even though the warrant is found deficient, will not be excluded. *Id.*

An officer's reliance on a warrant would not qualify as "objectively reasonable" in

four circumstances: where (1) probable cause is based on statements in an affidavit that are

knowingly or recklessly false; (2) the magistrate fails to perform a neutral and detached

function and instead merely "rubber stamps" the warrant; (3) the affidavit is so lacking in

indicia of probable cause as to render official belief in its existence entirely unreasonable; or

(4) the warrant was so facially deficient that the executing officer could not reasonably have assumed it was valid. *Leon*, 468 U.S. at 914–15. Only the first circumstance is potentially applicable here. The question is, then, whether the alleged omissions recklessly false statements made by the affiant in the warrant would cause that the officer's belief in the warrant's validity is objectively unreasonable. Simply put, it does not.

There is no evidence beyond mere conclusory allegations and interpretations that demonstrate the affiant recklessly disregarded the truth when presenting the affidavit. Furthermore, based on his experience handling child sexual abuse material cases and working with forensic examiners, the affiant was aware that persons who share child pornography rarely delete it. Based on the information from Yahoo, NCMEC, the surveillance relating to the Residence, the affiant's knowledge of persons involved with child sexual abuse material, and the affiant's knowledge of forensic capabilities, the agents' beliefs that the warrant was valid was not objectively unreasonable, and therefore, the evidence obtained therefrom should not be excluded. The affiant reasonably relied on Yahoo and NCMEC's statutory duty to report apparent child pornography and voluntarily provide the incriminating evidence to view the photos.

## V.    CONCLUSION

Even assuming that the Court agrees with Williamson on any one of these allegations, it does not change the fact that probable cause existed to issue a search warrant for Williamson's residence. The affidavit established probable cause that a Yahoo user identified as vladlover50@yahoo.com associated with Williamson's residence was being used to transmit apparent child pornography on several occasions. The presence of child

18

pornography was confirmed by NCMEC, through hash matching, and Detective Keller, through viewing the images. Detective Keller confirmed the identify of Williamson through a search warrant to Yahoo and the subsequent IP address information. Additionally, Detective Keller further confirmed the identify of Williamson through the Florida Driver and Vehicle Information Database (DAVID) and local police reports. Ultimately, Williamson has not made a substantial preliminary showing to entitle him to a *Franks* hearing because (1) he has not provided the necessary proof; and (2) even when the alleged false statements and omissions are set aside, there remains sufficient content in the affidavit to support a finding of probable cause.

WHEREFORE the United States respectfully requests this Court enter an order denying Williamson's *Motion to Suppress*.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: *s/ Erin Claire Favorit*
Erin Claire Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
E-mail: erinf.favorit@usdoj.gov

*/s/ Abigail K. King*
Abigail K. King
Assistant United States Attorney
Florida Bar No. 294963
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
E-mail: Abigail.King@usdoj.gov

19

**U.S. v. Gregory Williamson**                    **CASE NO. 8:21-cr-00355-WFJ-CPT**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 2, 2022, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, which will send a

notice of electronic filing to the following:

Gus Centrone, Esq.

By: <u>*s/ Erin Claire Favorit*</u>
    Erin Claire Favorit
    Assistant United States Attorney
    Florida Bar No. 104887
    400 N. Tampa Street, Suite 3200
    Tampa, Florida 33602-4798
    Telephone:   (813) 274-6000
    Facsimile:   (813) 274-6103
    E-mail: erin.favorit@usdoj.gov

20