# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

_____

**Appeal No. 24-12038-HH**
_____

**UNITED STATES,**

Appellee

v.

**GREGORY ALLEN WILLIAMSON,**

Appellant
_____

**A DIRECT APPEAL OF A CRIMINAL CASE
FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
DISTRICT COURT CASE NO. 8:21-cr-00355-WFJ-CPT**
_____

**REPLY BRIEF OF APPELLANT**
_____

BJORN E. BRUNVAND, ESQ.
Brunvand & Wise Law Group
615 Turner Street
Clearwater, Florida 33756
Florida Bar # 0831077
Telephone: 727-446-7505
Facsimile: 727-446-8147
E-Mail: bjorn@acquitter.com
CJA Counsel for Appellant

No. 24-12038-HH

*United States v. Gregory Allen Williamson*

CERTIFICATE OF INTERESTED PERSONS

In compliance with Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.11, the undersigned hereby certifies that the following listed persons and entities have an interest in the outcome of this particular case:

1. Brunvand, Bjorn E. counsel for defendant-appellant;
2. Centrone, Gus M., prior counsel for defendant;
3. Chang, Emily, Assistant United States Attorney;
4. Favorit, Erin Claire, Assistant United States Attorney;
5. Galeotti, Matthew R., Acting Assistant Attorney General;
6. Hall, A. Fitzgerald, Federal Public Defender;
7. Handberg, Roger B., former United States Attorney;
8. Hoppmann, Karin, former Acting United States Attorney;
9. Jenkins, Hon. Elizabeth A., United States Magistrate Judge;
10. Jung, Hon. William F., United States District Judge;
11. Kehoe, Gregory W., United States Attorney;
12. King, Abigail, Assistant United States Attorney;
13. King, Percy, Federal Public Defender's Office;

C1 of 2

14. Laing, Andrew W., Attorney, Appellate Section.

15. Minor victims whose identities are protected;

16. Murray, Francis D., Assistant United States Attorney;

17. Nebesky, Suzanne C., Assistant United States Attorney;

18. Rhodes, David P., Assistant United States Attorney, Chief, Appellate Division;

19. Schmidt, Lindsey Nicole, Assistant United States Attorney;

20. Tuite, Hon. Christopher P., United States Magistrate Judge;

21. Vitier, Raudel, Federal Public Defender's Office;

22. Williamson, Gregory, defendant-appellant.

No publicly traded company or corporation has an interest in the outcome of this appeal.

# **TABLE OF CONTENTS**

**Page**

Certificate of Interested Persons ................................................................... C1

Table of Contents ........................................................................................... i

Table of Citations ........................................................................................ iii

Arguments in Response and Rebuttal ........................................................... 1

I.    THE DISTRICT COURT ERRED AS A MATTER OF LAW IN DENYING THE MOTION TO SUPPRESS EVIDENCE OBTAINED FROM THE RESIDENTIAL AND YAHOO SEARCH WARRANTS ........................................................................................ 1

    A. The District Court Erred in Concluding that Yahoo and the NCMEC were not Acting as Government Entities ................................. 1

    B. Even if Yahoo Conducted its Search as a Private Entity, Law Enforcement Exceeded the Scope of that Search ..................................... 3

    C. Mr. Williamson Carried his Burden of Proving that the Case Agent Recklessly Omitted Material Facts and Made Material Misrepresentations in the Search Warrant Application ............................ 5

    D. The Good Faith Exception did not Apply Because the Affidavit Misled the Magistrate Judge and Omitted Critical Facts that Would Have Negated the Existence of Probable Cause ............................ 5

II.   THE DISTRICT COURT ERRED AS A MATTER OF LAW IN DENYING THE MOTION TO SUPPRESS THE FRUITS OF THE YAHOO SEARCH WARRANT BASED THE FACIAL OVERBREADTH OF THE WARRANT ..................................................... 7

    A. The Yahoo Search Warrant Violated the Fourth Amendment's Particularity Requirement ......................................................................... 7

    B. The Good-Faith Exception did not Apply to Save the Fruits of the Unconstitutional Search Warrant .............................................................8

Conclusion ........................................................................................................9

Certificate of Compliance with Rule 32(a).............................................................10

Certificate of Service ...............................................................................................11

# TABLE OF CITATIONS

**Cases**                                                                                                  **Page**

*Franks v. Delaware*,
   438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) .................................... 5-6

*United States v. Blake*, 868 F.3d 960 (11th Cir. 2017) ........................................ 7-8

*United States v. Henry*,
   447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980) ........................................3

*United States v. Leon*,
   468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) ........................................6

*United States v. Martin*, 297 F.3d 1308 (11th Cir. 2002) ........................................6

**Statutes and Rules**

18 U.S.C. § 2258A .................................................................................................1

11th Cir. R. 26-1 ...................................................................................................C1

11th Cir. R. 28-1 ...................................................................................................10

FED. R. APP. P. 26.1 ...............................................................................................C1

FED. R. APP. P. 32 ..................................................................................................10

## ARGUMENTS IN RESPONSE AND REBUTTAL

### I.

**THE DISTRICT COURT ERRED AS A MATTER OF LAW IN DENYING THE MOTION TO SUPPRESS EVIDENCE OBTAINED FROM THE RESIDENTIAL AND YAHOO SEARCH WARRANTS.**

As set out in the initial brief, the district court erred in numerous respects when it denied Mr. Williamson's motion to suppress evidence obtained as a result of the search warrants for the home and the Yahoo account. The Government's brief fails to sufficiently rebut Mr. Williamson's arguments. The district court's various errors are discussed separately below.

### A. The District Court Erred in Concluding that Yahoo and the NCMEC were not Acting as Government Entities

The Government's brief attempts to refute Mr. Williamson's contention that Yahoo and the NCMEC were not acting as governmental agents when they conducted the searches of the accounts linked to Mr. Williamson. The facts do not support the Government's contention.

As set forth in greater detail in the initial brief, federal law, most notably the Protect our Children Act of 2008, required Yahoo to report any findings of suspected child pornography to the NCMEC. A failure to comply results in substantial monetary penalties: up to $150,000 for a first, single violation and up $300,000 for each subsequent violation. 18 U.S.C. § 2258A(e).

1

While the statutory framework does not expressly require Yahoo and other ESPs to proactively search customer's accounts, the statutes effectively compel ESPs to do so. Yahoo and other ESPs may be *free* to choose not to search users' accounts but only at the risk of incurring substantial monetary penalties should they knowingly and willfully fail to report suspected CSAM material. Given that the ESPs administer the individual accounts, the question of the ESPs' knowledge of the material being transmitted through those accounts is open for interpretation. Consequently, any reasonably prudent ESP would feel compelled to implement procedures to proactively identify any such potential CSAM material moving through its accounts. ESPs are therefore free to choose not to search users' accounts only in the sense that any entity is *free* not to comply with any government regulations. The ESPs may be free not to comply but they must be willing to accept the consequences of their noncompliance. With respect to the failure to report potential CSAM material, the consequences of failing to report are financially staggering.

Moreover, notwithstanding the foregoing, the Government's brief largely fails to address the fact that a private entity can still be an agent of the government even if it is not compelled to act on behalf of the government. As set forth in the initial brief, such a scenario transpires when an individual volunteers to assist law enforcement with a police function with law enforcement's knowledge. *See United*

2

*States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980). The Government's brief attempts to distinguish *Henry* on the basis that *Henry* involved the actions of a confidential informant who was in custody with other inmates. *Id.* at 266. That distinction is immaterial. Yahoo and the NCMEC were indeed informants for the Government; they simply weren't confidential or paid informants. Like the informant in *Henry*, Yahoo and the NCMEC were acting at the direction of the Government and serving a law enforcement role. Just like the informant in *Henry*, Yahoo was asked to be alert for certain information and to report any such information it learned of. NCMEC was then the agency that Yahoo made those reports to. Both were government agents.

### B. Even if Yahoo Conducted its Search as a Private Entity, Law Enforcement Exceeded the Scope of that Search

Even if one assumes for purposes of argument that Yahoo carried out searches of the email accounts as a private entity, law enforcement's subsequent search exceeded whatever the scope of the private search was.[1]

---

[1] The Government's brief mistakenly asserts in footnote 8 that Mr. Williamson purportedly might have lacked a reasonable expectation of privacy in the email accounts because Yahoo effectively locked him out of the accounts by the time of the search. The district court did not rely on any such argument. Aside from that fact, however, Mr. Williamson did nothing to renounce his expectation of privacy in the accounts. On the contrary, Yahoo unilaterally stripped Mr. Williamson of that privacy.

3

It bears repeating that the Government bore the burden of proving that the scope of law enforcement's search did not exceed the scope of the search conducted by the alleged private actor. The Government could not carry that burden because, as a preliminary matter, it could not establish the scope of the search that Yahoo, the alleged private entity, conducted. The closest that the Government could come to carrying that burden was to prove that Yahoo purportedly had a policy requiring an individual employee to review and attest to having reviewed the files of suspected CSAM material. The Government did not, however, present any documentary evidence of that alleged policy. More critically, the Government did not present testimony from any individual who purportedly reviewed the files at issue. Therefore, even if Yahoo had a policy requiring human review of suspected CSAM files, the Government presented no competent evidence that any such policy was followed in the instant case. Therefore, because the Government did not and could not present testimony from any witness from Yahoo who actually viewed the images at issue, it could not carry its preliminary burden of proving the scope of the alleged private entity's search. In turn, and for the same reason, it also could not carry its burden of proving that law enforcement did not exceed the scope of any private entity search.

### C. Mr. Williamson Carried his Burden of Proving that the Case Agent Recklessly Omitted Material Facts and Made Material Misrepresentations in the Search Warrant Application

Mr. Williamson established in his initial brief that the case agent recklessly, if not intentionally, omitted from the search warrant affidavit the fact that the NCMEC categorized three of the seven reported images of potential child pornography as "CP (Unconfirmed)." That classification meant that the age of the individual in the images could not be determined. The agent admitted at the motion to suppress hearing that a finding of "age difficult" images does not provide probable cause for a search warrant. Doc. 99:183. The argument that the Government's brief relies on in justifying the agent's omission is unavailing. Even if the detective did not view the NCMEC's labels or did not understand those labels, the failure to learn of and include those pertinent facts was, as the very least, reckless. The failure to include that information provided more than a sufficient basis to trigger a *Franks* hearing.

### D. The Good Faith Exception did not Apply Because the Affidavit Misled the Magistrate Judge and Omitted Critical Facts that Would Have Negated the Existence of Probable Cause

Mr. Williamson further set out in his initial brief that the good faith exception to the exclusionary rule was inapplicable because (1) "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"

5

and (2) "the affidavit supporting the warrant was 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *United States v. Martin*, 297 F.3d 1308, 1313 (11th Cir. 2002) *quoting United States v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Both of those exceptions to the *Leon* exception obviously stem from the same facts that gave rise to the request for the *Franks* hearing. Compounding on the arguments set forth in the preceding sub-issues, both in this brief and in the initial brief, no reasonable law enforcement officer could rely in good faith on a warrant issued pursuant to the underlying affidavit. Therefore, contrary to the Government's position, Mr. Williamson fully developed the arguments as to both applicable exceptions to the *Leon* exception, albeit succinctly.

6

## II.

**THE DISTRICT COURT ERRED AS A MATTER OF LAW IN DENYING THE MOTION TO SUPPRESS THE FRUITS OF THE YAHOO SEARCH WARRANT BASED THE FACIAL OVERBREADTH OF THE WARRANT**

### A. The Yahoo Search Warrant Violated the Fourth Amendment's Particularity Requirement

Compounding on the arguments in the initial brief, the Yahoo search warrant was facially overbroad and not tailored in any way whatsoever to the suspected activity that was under investigation. The warrant was as broad as it could possibly be when it directed Yahoo to provide law enforcement with all "account activity from creation to 11/24/20." Pursuant to *United States v. Blake*, 868 F.3d 960, 973 (11th Cir. 2017), the Yahoo warrant was the equivalent of the "general warrant" that the Fourth Amendment is intended to protect against.

The Government's brief attempts to distinguish *Blake* based on the irrelevant fact that the identity of the account holder was already known in the *Blake* case. The level of knowledge that law enforcement possesses does not render a facially overbroad warrant any less overbroad, particularly when the warrant requests all account activity since "creation." To be sure, if the object of the warrant was to determine the identity of the account holder and/or the identity of the person using the account at the time CSAM was sent, an appropriately drafted application and warrant would have sought information provided by the account hold at the time of

7

the account's creation and/or specific information such as account sign in locations, browser information, and IP addresses used at the time the suspected CSAM moved through the account. The application and warrant, however, did not even begin to attempt to tailor the request in any such manners. Instead, the warrant compelled *all* information connected to the account – every single email, attachment, search history, webpage visited, etc. – for an open ended time period that potentially could have encompassed decades. Indeed, it would be nearly impossible to draft a broader request than the request made in that warrant. The warrant thereby violated the Fourth Amendment's particularity requirement.

### B. The Good-Faith Exception did not Apply to Save the Fruits of the Unconstitutional Search Warrant

The Government's reliance on the good faith exception fails in light of *Blake*. While the Court found the good-faith exception to apply in *Blake*, the *Blake* opinion obviously did not exist at the time the warrant at issue in *Blake* was executed. Because *Blake* is materially indistinguishable from the facts underlying the instant issue and because *Blake* was binding precedent at the time the Yahoo warrant was issued, no reasonable law enforcement officer could have relied on the clearly overbroad Yahoo search warrant. Again, contrary to the lower court's finding, the question of the particularity of the warrant was not even close. The warrant was as broad as it possibly could have been. For that reason, the good faith exception is inapplicable.

## **CONCLUSION**

Based on the foregoing, Appellant Gregory Allen Williamson respectfully requests that this Honorable Court reverse the judgment and sentence and remand this case to the district court with instructions to enter an order of dismissal.

Respectfully Submitted,

s/ *Bjorn E. Brunvand*
BJORN E. BRUNVAND, ESQ.
Brunvand & Wise Law Group
615 Turner Street
Clearwater, FL 33756
Florida Bar # 0831077
Telephone:  727-446-7505
Facsimile:  727-446-8147
E-Mail: bjorn@acquitter.com
CJA Counsel for Appellant

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

The undersigned certifies, pursuant to 11th Cir. R. 28-1, that this Brief complies with the type-volume limitation of Federal Rule of Appellate Procedure because it contains 1,829 words, excluding the parts exempted by subsection 32(a)(7)(B)(iii). Microsoft Word software was used to count the words in the foregoing Brief. This Brief, likewise, complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point, Times New Roman font.

s/ *Bjorn E. Brunvand*
BJORN E. BRUNVAND, ESQ.
Brunvand & Wise Law Group
615 Turner Street
Clearwater, FL 33756
Florida Bar # 0831077
Telephone:  727-446-7505
Facsimile:  727-446-8147
E-Mail: bjorn@acquitter.com
CJA Counsel for Appellant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, on September 25, 2025.

s/ *Bjorn E. Brunvand*
BJORN E. BRUNVAND, ESQ.
Brunvand & Wise Law Group
615 Turner Street
Clearwater, FL 33756
Florida Bar # 0831077
Telephone: 727-446-7505
Facsimile: 727-446-8147
E-Mail: bjorn@acquitter.com
CJA Counsel for Appellant

11